UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| Americore Holdings, LLC, *et al.*,[1] | ) Case No. 19-61608-grs <br> ) |
| Debtors. | ) (Joint Administration Requested) <br> ) <br> ) Honorable Gregory R. Schaaf <br> ) |

**EMERGENCY MOTION OF THE DEBTORS AND DEBTORS
IN POSSESSION FOR ENTRY OF AN ORDER AUTHORIZING
THE LIMITED USE OF CASH COLLATERAL BY ST. ALEXIUS
HOSPITAL CORPORATION #1 FOR CRITICAL PATIENT CARE ITEMS**

Americore Holdings, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through counsel, hereby submit this motion (the "Motion"), by and through counsel, for entry of an order pursuant to sections 105, 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule B-4001-2 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Kentucky (the "Local Rules"), (i) authorizing the Debtor St. Alexius Hospital Corporation #1 ("St. Alexius") to use up to $75,000 of cash collateral on a limited, emergency basis, solely for the purpose of purchasing medical supplies, medication, and other critical patient care items necessary for the continued operation of its healthcare facility, (ii) granting adequate protection to the Debtors' prepetition

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

secured creditors, and (iii) authorizing St. Alexius to use its operating bank account to make payments for patient care items, and authorizing its bank to honor such payment requests. In further support of the Motion, the Debtors respectfully represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

### Background

2. On December 31, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court"). The Debtors continue to manage and operate their business as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in these chapter 11 bankruptcy cases (the "Chapter 11 Cases"). No trustee or examiner has been appointed in the Chapter 11 Cases.

3. The Debtors operate a number of healthcare facilities throughout the United States. As set forth in the First Day Declaration, the Debtors' pre-Petition Date efforts to restructure have been unsuccessful. Despite the Debtors' best efforts to avoid the necessity of filing the Chapter 11 Cases, the Debtors faced an immediate liquidity crisis due to litigation and collections efforts that necessitated the commencement of the Chapter 11 Cases. The Debtors intend to use the remedies available to them under the Bankruptcy Code to sell certain assets

and/or reorganize around their better-performing businesses with the support of the Debtors' key creditor constituencies.

4. Additional information about the Debtors' businesses, their capital structure and the circumstances leading to the Chapter 11 Cases is contained in the *Declaration of Grant White In Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which is incorporated herein by reference.

5. St. Alexius Hospital Corporation #1 ("St. Alexius") operates the St. Alexius Hospital facility in Saint Louis, Missouri. Due to liquidity constraints and the emergency nature of the Chapter 11 Cases, the Debtors' ability to plan for supply and operational purposes in advance of the Chapter 11 Cases was limited. St. Alexius has an urgent need to acquire medical supplies, medication, and other critical patient care items necessary for the continued operation of its healthcare facility. The Debtors understand that a hearing on their "first day" motions for relief necessary to continue operations (the "First Day Hearing") will be held on Wednesday, January 8, 2020, at 8:30 a.m. (E.T.). However, St. Alexius requires authority to use cash collateral to purchase, on a pre-pay or cash-on-delivery basis, necessary patient care items in advance of the First Day Hearing. Indeed, St. Alexius' supplies of certain critical patient care items are running low and its facility is at risk of running out of certain patient care items prior to the First Day Hearing.

6. Based upon a review of the Debtors' records, the Debtors believe that the following entities may have a prepetition secured interest in the cash and accounts, or any cash proceeds from the disposition of prepetition collateral, of St. Alexius (the "St. Alexius Cash Collateral"):

3

    a. The Third Friday Total Return Fund, L.P., asserting security interests in all assets, including inventory, A/R and equipment, and bank accounts with US Bank – Notably the Debtors contest this security interest and believe there is no basis for it or the underlying claim against St. Alexius, but it is listed here in full disclosure;

    b. HMFCH Inc., asserting a security interest in inventory, A/R/, and equipment;

    c. Smart Business, asserting a security interest in assets, including A/R, inventory, equipment, and intangibles;

    d. Corporation Services Company, as representative of unknown entity, asserting a security interest in all assets;

    e. CT Corporation Systems, as representative of unknown entity, asserting a security interest in all assets;

7. St. Alexius maintains an operating bank account at U.S. Bank NA ("U.S. Bank"), with account number ending in 6860 (the "Operating Account").

## Relief Requested

8. By this Motion, the Debtors seek entry of an order authorizing St. Alexius to use up to $75,000 of the St. Alexius Cash Collateral, solely for the purpose of purchasing medical supplies, medication, and other critical patient care items necessary for the continued operation of its healthcare facility. St. Alexius requests authority to use the St. Alexius Cash Collateral to purchase such critical patient care items on a pre-pay or cash-on-demand basis. These expenditures will be incorporated into the 13-week cash budget attached to the *Motion of the Debtors and Debtors in Possession for Entry of an Order (I) Authorizing the Debtors' Use of Cash Collateral on an Interim Basis, (II) Granting Adequate Protection to the Debtors'*

*Prepetition Secured Lenders, and (III) Authorizing the Debtor to Obtain Postpetition Financing, (IV) Granting Liens to the Postpetition Lender, and (V) Scheduling a Final Hearing to Consider the Debtors' Use of Cash Collateral and Postpetition Financing* (the "DIP Financing Motion") to be filed by the Debtors and heard at the First Day Hearing.

9. Additionally, the Debtors request authority for St. Alexius to provide adequate protection to any of the above-referenced secured creditors with an interest in the St. Alexius Cash Collateral (the "Secured Creditors"). As adequate protection for this emergency, limited use of the St. Alexius Cash Collateral, St. Alexius shall provide any Secured Creditor with an interest in the St. Alexius Cash Collateral with a replacement lien (the "Replacement Liens") on and in all property, owned, acquired, or generated postpetition by the St. Alexius and its continued operations to the same extent and priority and of the same kind and nature such Secured Creditor had prior to the commencement of the Chapter 11 Cases; provided, however, that (i) the Replacement Liens shall only be granted to such Secured Creditors to the extent of the diminution in the value of their interests in the St. Alexius Cash Collateral, and (ii) the Replacement Liens shall be subject to any carve-out or subordination provisions applicable to adequate protection granted in any interim or final order granting the DIP Financing Motion or any other motion for use of cash collateral.

10. Finally, the Debtors request authority for St. Alexius to use its Operating Accounts,[2] in the ordinary course of business and pursuant to section 363(c)(1) of the Bankruptcy Code, to make payments by cash, check, ACH transfer, or wire for the purposes of obtaining critical patient care items. The Debtors further request that the Bankruptcy Court

---

[2] The Debtors have also filed the *Motion of the Debtors and Debtors in Possession for Entry of an Order (I) Approving the Continued Use of the Debtors' Cash Management System and (II) Granting Related Relief* (the "Cash Management Motion") by which the Debtors request such relief on a broader basis. The Cash Management Motion shall be heard at the First Day Hearing.

5

authorize the U.S. Bank to honor and pay any and all checks, drafts, ACH transfers, wires, and other payment instructions issued by St. Alexius for the purposes of making such payments.

11. The Debtors have requested an expedited hearing on this Motion and have been advised that the Court may conduct such hearing on Monday, January 6, 2020, at 8:45 a.m. (ET) in the 2nd Floor Courtroom, United States Bankruptcy Court at 100 East Vine Street, Lexington, Kentucky.

### Basis for Relief Requested

**A.     St. Alexius' Emergency, Limited Use of Cash Collateral Should be Authorized.**

12. Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless "(a) each entity that has an interest in such cash collateral consents or (b) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

13. Here, St. Alexius has an urgent need to use the St. Alexius Cash Collateral, which is arguably the subject of the liens certain of the Secured Creditors listed above, on a limited basis in order to obtain medical supplies, medication, and other critical patient care items necessary to continue to operate its healthcare facility and meet patient care needs.  Use of the St. Alexius Cash Collateral is immediately necessary to prevent immediate and irreparable harm to the Debtors and their respective bankruptcy estates that will otherwise result from operational disruptions if St. Alexius is prevented from obtaining use of the St. Alexius Cash Collateral for the foregoing purposes.  The Debtors will seek interim authority for the broader use of all cash collateral at the First Day Hearing, but the narrow emergency relief requested herein is necessary prior to such time.

14. Accordingly, based upon the foregoing, the Debtors respectfully request that the Court authorize St. Alexius to use the St. Alexius Cash Collateral in accordance with the terms set forth in the proposed order submitted herewith.

**B.   Secured Creditors with an Interest in the St. Alexius Cash Collateral Should be Provided Adequate Protection.**

15. Section 361 of the Bankruptcy Code delineates the forms of adequate protection, which may include additional or replacement liens, periodic cash payments, and other forms of relief. *See* 11 U.S.C. § 361(1). What constitutes adequate protection must be decided on a case-by-case basis. *See, e.g. MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *Martin v. U.S. (In re Martin)*, 761 F.2d 472, 474 (8th Cir. 1985).

16. The focus of the adequate protection requirement is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. *See, e.g., In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) ("[t]he whole purpose of adequate protection for a creditor is to insure that the creditor receives the value of which he bargained pre-bankruptcy") (internal citations omitted). Allowing the use of cash collateral is essential to preserve or enhance a debtor's ability to remain a going-concern. *See In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984). The grant of a replacement lien provides ample adequate protection of a secure creditor's interest in cash collateral. *O'Connor*, 808 F.2d at 1397.

17. The Secured Creditors may be entitled to adequate protection of their interests in the St. Alexius Cash Collateral, for any diminution in value of such interests from the use of the St. Alexius Cash Collateral. As adequate protection for the Secured Creditors, St. Alexius shall grant any Secured Creditor with an interest in the St. Alexius Cash Collateral with a Replacement Lien on and in all property, owned, acquired, or generated postpetition by St.

Alexius and its continued operations to the same extent and priority and of the same kind and nature such Secured Creditor had prior to the commencement of the Chapter 11 Cases; provided, however, that (i) the Replacement Liens shall only be granted to such Secured Creditors to the extent of the diminution in the value of their interests in the St. Alexius Cash Collateral, and (ii) the Replacement Liens shall be subject to any carve-out or subordination provisions applicable to adequate protection granted in any interim or final order granting the DIP Financing Motion or any other motion for use of cash collateral.

18. As set forth in the DIP Financing Motion, the Debtors shall provide adequate protection to certain secured creditors in connection with the DIP Financing Motion and the Debtors request for authority for the broader use of cash collateral in the Chapter 11 Cases. Certain of the Secured Creditors identified herein may be entitled to additional adequate protection in connection with the DIP Financing Motion, including, as applicable, postpetition interest payments at regular, non-default rates on their secured claims. Certain of the Secured Creditors identified herein may also be adequately protected by an equity cushion.

19. The Debtors believe that the foregoing proposed adequate protection is fair and reasonable, and necessary under the circumstances. 11 U.S.C. § 361. The Debtors submit that the Replacement Liens granted herein, in combination with any additional adequate protection to be provided by the DIP Financing Motion or an equity cushion, will ensure that the Secured Creditors are protected from diminution in the value of their interests in the St. Alexius Cash Collateral by the Debtors' limited, emergency use of the St. Alexius Cash Collateral, which is immediately necessary to continue operations at the St. Alexius healthcare facility. Accordingly, the Debtors respectfully request that the Court authorize St. Alexius to provide the Replacement

Liens as adequate protection in accordance with the terms set forth in the proposed order submitted herewith.

**C.    St. Alexius Should be Authorized to Use the Operating Account on a Limited Basis and U.S. Bank Should be Authorized to Honor Payment Requests for Such Purposes**.

20.    Finally, the Debtors request authority for St. Alexius to use the Operating Account, in the ordinary course of business and pursuant to section 363(c)(1) of the Bankruptcy Code, to make payments by cash, check, ACH transfer, or wire, solely for the purposes of obtaining critical patient care items.  The Debtors further request that the Bankruptcy Court authorize U.S. Bank to honor and pay any and all checks, drafts, ACH transfers, wires, and other payment instructions issued St. Alexius for the purposes of making such payments. Limited use of the Operating Accounts and honor of payment requests are immediately necessary for St. Alexius to acquire the critical patient care items necessary for the continued operation of its healthcare facility.

### Reservation of Rights

21.    Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors or lien on assets of the estates, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended and should not be construed as an admission of the validity of any claim or a waiver of the Debtors' or any other party's rights to dispute such claim subsequently.

### Notice

22.    Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Eastern District of Kentucky; (ii) St. Alexius' secured creditors; and (iii) all

parties who have filed an appearance in the Chapter 11 Cases. Because of the exigencies of the circumstances and the irreparable harm to the Debtors that will ensue if the relief requested is not granted, the Debtors submit that no other notice need be given. The Debtors seek to have this Motion heard on an expedited basis as a "First Day Matter" pursuant to Rule 2081-3 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Kentucky (the "Local Rules"). **Please take notice that the Debtors have requested an expedited hearing on this Motion and have been advised that the Court may conduct such hearing on Monday, January 6, 2020, at 8:45 a.m. (ET) in the 2nd Floor Courtroom, United States Bankruptcy Court at 100 East Vine Street, Lexington, Kentucky**.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the Motion, (ii) authorizing St. Alexius to use the St. Alexius Cash Collateral on a limited basis as set forth herein, and (iii) granting such further relief as the Court deems just and proper.

Dated: January 3, 2020                    Respectfully submitted,

*/s/ James R. Irving*
James R. Irving
April A. Wimberg
Christopher B. Madden
BINGHAM GREENEBAUM DOLL LLP
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3606
Facsimile: (502) 587-3695
Email: jirving@bgdlegal.com
       awimberg@bgdlegal.com
       cmadden@bgdlegal.com

*Proposed Counsel to the Debtors*

## **CERTIFICATE OF SERVICE**

        I certify that on January 3, 2020, the Motion was served electronically through the Court's ECF system to all persons receiving electronic notifications in the Chapter 11 Cases. Also on January 3, 2020, a copy of the Motion was sent via electronic mail to the Office of the United States Trustee and St. Alexius' secured creditors each at the addresses set forth below:

| | |
|---|---|
| Office of the United States Trustee<br>E-mail:  Bradley.Nerderman@usdoj.gov | The Third Friday Total Fund, L.P.<br>E-mail:  mlewitt@thirdfriday.com |
| HMFCG Inc. & CT Lien Solutions, as representative<br>E-mail:  Stuti.Kheterpal@wolterskluwer.com | Corporation Service Company, as Representative<br>E-mail: UCCSPREP@cscinfo.com & SPRFiling@cscglobal.com |
| Smart Business<br>E-mail: SPRFiling@cscglobal.com | |

                                              */s/ James R. Irving*
                                              James R. Irving