# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Americore Holdings, LLC, *et al.*,[1] | ) Case No. 19-61608-grs |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) Honorable Gregory R. Schaaf |

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER TO TRANSFER VENUE TO THE LEXINGTON DIVISION OF THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF KENTUCKY**

Americore Holdings, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through counsel, hereby submit this motion (the "Motion") for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and 28 U.S.C. § 1412 to transfer venue of their chapter 11 cases (the "Chapter 11 Cases") from the London Division to the Lexington Division of the United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court"). In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Grant R. White In Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"). In further support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

20760744.3

**Jurisdiction and Venue**

1. The Bankruptcy Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On December 31, 2019 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in the Chapter 11 Cases.

3. Bradley M. Nerderman entered an appearance in the Chapter 11 Cases on behalf of Paul A. Randolph, Acting U.S. Trustee. [Docket No. 2].

4. The Debtors operate a number of healthcare facilities throughout the United States. Collectively, the Debtors maintain principal offices and/or assets in the states of Missouri, Kentucky, Pennsylvania, and Arkansas. Specifically, Americore Holdings, LLC; Americore Health, LLC; Americore Health Enterprises, LLC; Success Healthcare 2, LLC; St. Alexius Properties, LLC; and St. Alexius Corporation #1 maintain their principal place of business, and principal assets, in St. Louis City County, Missouri. Pineville Medical Center, LLC maintains its principal place of business in St. Louis City County, Missouri as well, but it holds its principal assets in Bell County, Kentucky. Ellwood Medical Center, LLC; Ellwood Medical Center Real Estate, LLC; and Ellwood Medical Center Operations, LLC maintain their principal place of business and their principal assets in Lawrence County, Pennsylvania. Finally,

Izard County Medical Center, LLC maintains its principal place of business and principal assets in Izard County, Arkansas.

5. Additional information about the Debtors' businesses, their capital structure and the circumstances leading to the Chapter 11 Cases is contained in the First Day Declaration, which is incorporated herein by reference.

6. As set forth in the First Day Declaration, the Debtors' pre-Petition Date efforts to restructure have been unsuccessful. Despite the Debtors' best efforts to avoid the necessity of filing the Chapter 11 Cases, the Debtors faced an immediate liquidity crisis due to litigation and collections efforts that necessitated the commencement of the Chapter 11 Cases. The Debtors intend to use the remedies available to them under the Bankruptcy Code to sell certain assets and/or reorganize around their better-performing businesses with the support of the Debtors' key creditor constituencies.

7. No single state or county contains all of the Debtors' principal operations or assets. The principal assets of Pineville Medical Center, LLC maintained in Bell County provide the Bankruptcy Court's London Division with jurisdiction over the Chapter 11 Case of Pineville Medical Center, LLC. 28 U.S.C. § 1408(2) provides the Bankruptcy Court's London Division with jurisdiction over the Chapter 11 Cases of the other Debtors as well, as those other Debtors are direct or indirect affiliates of Pineville Medical Center, LLC. The Debtors submit that transfer of the Chapter 11 Cases to the Lexington Division is in the best interest of all the Debtors, their bankruptcy estates, and other parties in interest.

## Relief Requested

8. By this Motion, the Debtors respectfully request entry of an order, pursuant to section 105(a) of the Bankruptcy Code and 28 U.S.C. § 1412, transferring the venue of the

Chapter 11 Cases from the Bankruptcy Court's London Division to the Bankruptcy Court's Lexington Division.

### Basis for Relief Requested

9. The Eastern District of Kentucky lacks any local rules governing divisional venue. Accordingly, in considering whether to transfer venue between its divisions, the Bankruptcy Court looks to 28 U.S.C. § 1412. *In re Batt*, No. 10-30310, 2012 WL 4760799, at *2 (Bankr. W.D. Ky. Oct. 5, 2012) (evaluating whether transfer of venue was appropriate under 28 U.S.C. § 1412). That statute provides that a court may transfer a case under the Bankruptcy Code from one district to another: (1) in the interests of justice or (2) for the convenience of the parties. 28 U.S.C. § 1412. Although the statute refers only to district-to-district transfers, it applies to intra-district/divisional transfers as well. *In re Adkins Supply, Inc.*, Case No. 11 10353-RLJ-7, Adversary No. 14-01000, 2015 WL 1498856 at *2 (Bankr. N.D. Tex., Mar. 27, 2017). The venue in which the case is filed is presumed proper, and the movant bears the burden of proof by a preponderance of the evidence. *In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 792 (7th Cir. 1999); *see also In re Manville Forest Prod. Corp.*, 896 F.2d 1384, 1390–91 (2d Cir. 1990); *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1241 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *In re Washington, Perito & Dubuc*, 154 B.R. 853, 859 (Bankr. S.D.N.Y. 1993).

10. "In analyzing whether a transfer would be in the interest of justice, courts may consider the following factors: 1) whether transfer would promote the economic and efficient administration of the bankruptcy estate; 2) whether the interests of judicial economy would be served by the transfer; 3) whether the parties would be able to receive a fair trial in each of the possible venues; 4) whether either forum has an interest in having the controversy decided within

its borders; 5) whether the enforceability of any judgment would be affected by the transfer; and 6) whether the plaintiff's original choice of forum should be disturbed." *In re Batt*, 2012 WL 4760799 at *2 (citing *In re Bavelis*, 453 B.R. 832, 874 (Bankr. S.D. Ohio 2011)). The factor given the greatest weight is whether the proposed transfer would promote the economic and efficient administration of the bankruptcy estate. *Id*. at *3 (citing *Gunner v. Anthony*, 286 B.R. 318, 320 (Bankr. S.D. Ohio 2002)).

11. "In analyzing the convenience of the parties, courts have considered the (1) location of the plaintiff and defendant, (2) ease of access to the necessary proof, (3) convenience of the witnesses and the parties and their relative physical and financial condition, (4) availability of the subpoena power for unwilling witnesses and (5) expense of obtaining unwilling witnesses." *Id*. at *2 (citing *Bavelis*, 453 B.R. 932 at 874).

12. In addition, section 105(a) of the Bankruptcy Code provides that the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105 of the Bankruptcy Code confers on the court broad authority to enter any order "necessary or appropriate to carry out the provisions" of the Bankruptcy Code, including order providing remedial and equitable relief.

13. Here, the transfer of venue to the Bankruptcy Court's Lexington Division is merited because it is in the interests of justice and is more convenient for the parties. Foremost, with respect to the interests of justice, the factor given most weight weighs heavily in favor the relief requested – the transfer of venue to the Lexington Division will promote the economic and efficient administration of the Debtors' bankruptcy estates. The Debtors' offices and assets are dispersed throughout multiple states. However, the Debtors' counsel is based in Louisville, KY, which is closer to the Bankruptcy Court's Lexington Division than to its London Division. The

Debtors' counsel maintains an office in Lexington, KY which is convenient to the Bankruptcy Court and for meetings of parties in interest.  The requested transfer of venue will substantially reduce travel time associated with the Chapter 11 Cases, thereby decreasing administrative expense costs for the bankruptcy estates.  The Debtors further anticipate that, to the extent that other parties in interest retain bankruptcy counsel to participate in the Chapter 11 Cases, such counsel will in most instances be located in or closer to Lexington than London.  The Office of the United States Trustee is likewise based in Lexington.  To the extent that witnesses, financial advisors, potential bidders, or counsel will need to travel by air to attend hearings or other proceedings in the Chapter 11 Cases, Lexington also provides a more convenient destination for air travel and will provide more options for hotel accommodations.  The requested transfer will thus be in the best interests of other parties in interest as well.  Given that the Bankruptcy Court is based in Lexington, the requested transfer will also serve the interest of judicial economy by reducing administrative and travel cost to the Bankruptcy Court.  Furthermore, no factors relevant to the interests of justice weigh against a transfer of venue to the Lexington Division.  Pineville Medical Center, LLC maintains its principal assets (claims, records and accounts receivable, etc.) in Pineville, KY but it no longer serves any patients or employees any persons who are in Pineville, KY who might be inconvenienced by a trip to London, KY.

      14.     For the foregoing reasons, the Lexington Division will also provide a venue more convenient for the parties.  The requested venue transfer will not negatively impact the availability of the subpoena power for unwilling witnesses, and will decrease the expense of obtaining unwilling witnesses.

15. Accordingly, the requested transfer of the Chapter 11 Cases from the London Division to the Lexington Division will serve the interests of justice and the bankruptcy estates, and provide a more convenient venue for all parties in interest.

## Notice

16. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Eastern District of Kentucky; (ii) the Debtors' 30 largest creditors on a consolidated basis; and (iii) the Debtors' secured creditors. Because of the exigencies of the circumstances and the irreparable harm to the Debtors that will ensue if the relief requested is not granted, the Debtors submit that no other notice need be given. The Debtors seek to have this Motion heard on an expedited basis as a "First Day Matter" pursuant to Rule 2081-3 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Kentucky (the "Local Rules"). The Debtors conferred with the Office of the United States Trustee in advance of filing this Motion pursuant to Local Rule 2018-3(c). Please take notice that the Debtors have filed a motion for an Expedited Hearing to consider First Day Motions, including the foregoing

[*remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the Motion, (ii) transferring the Debtors' Chapter 11 Cases from the London Division of the Bankruptcy Court to the Lexington Division of the Bankruptcy Court, and (iii) granting such further relief as the Court deems just and proper.

Dated: January 6, 2020                    Respectfully submitted,

                                          */s/ James R. Irving*
                                          James R. Irving
                                          April A. Wimberg
                                          Christopher B. Madden
                                          BINGHAM GREENEBAUM DOLL LLP
                                          3500 PNC Tower
                                          101 South Fifth Street
                                          Louisville, Kentucky 40202
                                          Telephone: (502) 587-3606
                                          Facsimile: (502) 587-3695
                                          Email: jirving@bgdlegal.com
                                                 awimberg@bgdlegal.com
                                                 cmadden@bgdlegal.com

                                          *Proposed Counsel to the Debtors*