UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO.: 19-61608

IN RE:   AMERICORE HOLDINGS, LLC, et al                                    CHAPTER 11
         DEBTOR                                                      (JOINTLY ADMINISTERED)

### MOTION FOR RELIEF FROM STAY WITH REQUEST FOR EMERGENCY HEARING
\*\*\* \*\*\* \*\*\*

Comes now Jennifer Winkler ("Winkler" or "movant") a nursing student presently enrolled in the debtor St. Alexius Hospital Corporation #1's Lutheran School of Nursing, by counsel, and herewith moves this Court to grant her relief from stay on an emergency basis for the sole purpose of enforcing and continuing the enforcement of a temporary restraining order ("TRO") issued by the Circuit Court of the City of St. Louis, Missouri, cause no. 1922-CC12187 ("the state court action") which is presently allowing Winkler to remain enrolled as a nursing student at the subject school.

Winkler is scheduled to graduate from the school of nursing in February 2020. A Temporary Restraining Order has been entered by the Circuit Court of St. Louis, Missouri which is allowing Winkler to remain enrolled as a nursing student. The TRO has to be renewed every fifteen (15) days and is scheduled to expire this Friday January 17, 2020 at approximately 2:00 p.m. The state court has previously found the existence of a likelihood of irreparable harm and a likelihood of success on the merits. See the attached entered TRO containing findings highly favorable to movant.

Winkler is not seeking relief from stay to pursue or attempt to recover any money damages from the debtor. Winkler seeks relief from stay solely to continue the enforcement of the state court TRO in the state court action through her expected graduation in February 2020. As the

movant is not seeking to pursue any monetary relief from the debtor, stay relief is warranted and necessary.

Winkler seeks and requests an emergency hearing on this matter so that the relief sought may be obtained prior to the scheduled expiration of the existing TRO in the state court action.

> Respectfully submitted,
>
> HAMM, MILBY & RIDINGS, PLLC
> 120 NORTH MAIN STREET
> LONDON, KY 40741
> PHONE: 606-864-4126
> FAX: 606-878-8144
> *Counsel for movant Jennifer Winkler*
>
> BY: __/s/ R. Aaron Hostettler_____
> R. AARON HOSTETTLER

CERTIFICATE OF SERVICE:

I do hereby certify that the foregoing was served by ECF filing and mailing:

ORIGINAL TO (VIA ELECTRONIC FILING):

United States Bankruptcy Court Clerk
P. O. Box 1111
Lexington, KY 40588-1111

COPY TO:

United States Trustee
Fifth Floor
100 E. Vine Street
Lexington, KY 40507

Hon. James R. Irving
Bingham Greenebaum Doll, LLP
3500 P & C Tower
101 South 5th Street
Louisville, KY 40202

This the _14___ day of January, 2020.

                     ___/s/ R. Aaron Hostettler_____
                     OF COUNSEL FOR JENNIFER WINKLER



IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Cause No.   1922-CC12187 |
| ) | |
| v. ) | Division No.   20 |
| ) | |
| ) | |
| ST. ALEXIUS HOSPITAL ) | |
| CORPORATION #1, D.B.A. LUTHERAN ) | |
| SCHOOL OF NURSING, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## TEMPORARY RESTRAINING ORDER

The Court has before it Plaintiff Jane Doe's Verified Motion For Temporary Restraining Order ("Motion"), filed with the Court on December 10, 2019. The Court now rules as follows.

1. Plaintiff's Verified Motion for Temporary Restraining Order was called, heard, and submitted on December 12, 2019.

2. A Temporary Restraining Order should issue if the Court believes its analysis of the following factors warrants such equitable relief: (1) the threat of irreparable harm to the movants: (2) the balance between the harm and the injury the non-movants will bear should the TRO issue; (3) the probability the movants will prevail on the merits; and (4) the impact on the public interest. *State ex rel. Director of Revenue v. Gabbert*, 925 S.W. 2d 838, 839 (Mo. 1996).

3. On Plaintiff's claim for breach of contract and violation of due process, the Court finds that the threat of irreparable harm weighs in favor of issuance of a temporary restraining order. *Barney v. McLaughlin*, 63 S.W.3d 223, 234 (Mo. App. S.D. 2001) (discussing the

meaning of irreparable harm). As of the time of Doe's dismissal, she was expecting to conclude her current and final academic year in February, 2020. Motion, p. 4. Without injunctive relief, Doe will lose the possibility of meeting her anticipated graduation date, which will postpone or cripple her ability to earn an income. Moreover, with the threatened imminent closure of St. Alexius Hospital Corporation #1 ("LSN"), Doe will not even have the opportunity to re-enroll at a later date – her relief must come now or not at all. Accordingly, in the absence of immediate injunctive relief, it is likely that Doe will be unable to secure employment or higher education in her chosen field in the future, as her academic record will be permanently marred by LSN's unwarranted disciplinary expulsion. Further, she will continue to suffer emotional and psychological damage as she has been branded – unjustifiably – as unfit to pursue an education and career in her chosen field. For these injuries, money damages cannot make Doe whole.

4. The Court finds that the balance of harm between the parties also weighs in favor of the temporary restraining order. The only harm that LSN will suffer if a temporary restraining order issues improvidently is that LSN's control over the discipline of Doe will be temporarily diminished. Although the Court recognizes that educational institutions have a legitimate interest in their control over student disciplinary proceedings, the Court finds that this harm is *de minimis* compared to the harm that Doe is likely to suffer if the temporary restraining order does not issue.

5. The Court further finds that Doe is likely to succeed on the merits of her breach of contract and due process claims.

6. Under Missouri law, to prove a breach of contract the plaintiff must prove: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance

pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Martha's Hands, Keveney v. Mo. Military Acad LLC v. Rothman*, 328 S.W.3d 474, 479 (Mo.App. E.D. 2010), citing, 304 S.W.3d 98, 104 (Mo. banc 2010). In this case, only the first and third elements are in dispute.

7. The Court finds that a contractual relationship existed between LSN and Doe. *Knapp v. Junior Coll. Dist. of St. Louis Cty., Mo.*, 879 S.W.2d 588, 591 (Mo. App. E.D. 1994) ("A contractual relationship exists between a university and its students."). The Court further finds that the procedures for student disciplinary proceedings supplied by LSN's Handbook – namely, that students subject to disciplinary proceedings will have the rights to due process and freedom from arbitrary, discriminatory, or unreasonable enforcement of LSN policies, including the rights to receive a written statement outlining the conduct violations in question and be informed of the nature of evidence/information being considered (Motion, p. 6) – are incorporated into the contract between LSN and Doe. *Lucero v. Curators of Univ. of Missouri*, 400 S.W.3d 1, 5 (Mo. App. W.D. 2013) (assuming that "an educational institution's brochures, policy manuals and other advertisements may form the basis of a legally cognizable contractual relationship between the institution and its students").

8. Thus, LSN had a duty, either under an express or implied contract or as a matter of common law, to provide a written statement outlining the conduct violations in question, to inform Doe of the nature of evidence/information being considered, and to provide due process to Doe throughout her disciplinary proceeding. In this context, procedural due process requires: "(1) adequate notice; (2) a definite charge; and, (3) a hearing where the student can present his or her side of the situation." *Knapp v. Junior Coll. Dist. of St.*

*Louis Cty., Mo.*, 879 S.W.2d 588, 592 (Mo. Ct. App. 1994). LSN was obligated to carry out these duties in good faith and with basic fairness.

9. The Court finds that Doe is likely to succeed in proving that LSN breached these duties. In particular, Doe credibly alleges in her Verified Motion for Temporary Restraining Order that LSN (i) failed to provide Doe with a written statement of the conduct violations in question; (ii) failed to inform Doe of the conduct violations she was charged with; (iii) failed to inform Doe of the nature of the evidence/information being considered; (iv) failed to provide Doe with a meaningful opportunity to contest the evidence against her; (v) failed to provide an unbiased decision-maker; and (vi) failed to provide a disciplinary and appeals process free from arbitrary, discriminatory, and unreasonable enforcement of school policies. Motion, p. 9. These facts, in the individual and certainly in the aggregate, are sufficient to prove that LSN failed to follow its own Handbook procedures, including by failing to provide due process to Doe in her disciplinary proceeding. LSN has not rebutted this evidence.

10. For these same reasons, the Court finds that Doe is likely to proving that LSN violated her due process rights, which are guaranteed by 20 CSR 2200.2.090(3).

11. Finally, the Court finds that the public interest factor, although not particularly significant in this case, weighs in Doe's favor. The public as well as the parties to this lawsuit has an interest in the fairness and reliability of student disciplinary proceedings. On the other hand, in the event that a temporary restraining order is improvidently issued, it will not harm anyone not a party to this lawsuit.

12. Thus, pursuant to Rule 92.02, the Court finds that a temporary restraining order is necessary to preserve the status quo and prevent irreparable injury to Doe pending disposition of the cause on the merits.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Verified Motion for Temporary Restraining Order is GRANTED for a period of fifteen (15) days from the date of this order, unless extended pursuant to Rule 92.02(a)(5) or unless terminated sooner by the Court. Defendant St. Alexius Hospital Corporation #1 is hereby restrained from from permanently dismissing Doe from LSN pending the adjudication of her request for a preliminary injunction; Defendant St. Alexius Hospital Corporation #1 is further ordered to take all necessary steps to allow Doe to make up assignments she has missed since her dismissal.

*Bond set at $50.00*

SO ORDERED

_____
Joan L. Moriarty, Circuit Judge

Date: 12/12/19

Time: 11:43 AM