**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

IN RE

**AMERICORE HOLDINGS, LLC**[1]                                      CASE NO. 19-61608

DEBTORS

**ORDER**

The Attorney General of the Commonwealth of Pennsylvania seeks a determination the automatic stay does not apply, or, in the alternative, relief from the stay. [ECF No. 84.] The Debtors objected [ECF No. 106] and an expedited hearing was held on January 17, 2020. [ECF No. 122.] The Motion is denied.

Ellwood City Hospital was a nonprofit, community-based hospital supported by charitable funds. The Debtors acquired the assets of the hospital in 2017 through a state court sanctioned sale. State law requires court approval before a transfer to protect against unlawful diversion of charitable assets. 15 Pa. C.S. § 5547(b).

The Debtors were not paying their obligations related to the hospital and ceased operations in December 2019. On December 23, 2019, the Attorney General petitioned the state court to enforce the court-approved sale by ordering the Debtors to operate the hospital according to the terms of the sale or divest the Debtors of all legal or equitable ownership rights in the hospital. The lawsuit is styled *In re Ellwood City Hospital, A Pennsylvania NonProfit*

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

*Corporation*, Court of Common Pleas, Lawrence County, Pennsylvania, Orphans' Court Division, Docket No. 70081 of 2017, M.D.

The Attorney General argues the stay does not apply because it is exercising its police and regulatory power to prevent harm to the residents of Lawrence County by ensuring they have access to healthcare and preventing the diversion of charitable assets. 11 U.S.C. § 362(b)(4). Section 362(b)(4) provides, in relevant part, that the stay does not apply to "a governmental unit…to enforce such governmental unit's organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's organization's police or regulatory power." 11 U.S.C. § 362(b)(4). Section 364(b)(4) does not apply

A government unit exercises its police and regulatory power if the action satisfies the pecuniary purpose test or the public policy test. *Chao v. Hosp. Staffing Servs., Inc*., 270 F.3d 374, 386-87 (6th Cir. 2001). The pecuniary purpose test is met if the action is a matter of public safety, instead of merely protecting a pecuniary interest in property. *Id.* Under the public policy test, the question is whether the proceeding is adjudicating private rights or those that effectuate public policy. *Id.*

This is not a matter of public safety. The hospital is closed and there is no evidence that immediate harm may befall the residents at this time. Forcing the hospital to reopen and make payments of certain debts (*e.g.,* payroll) would give the Attorney General and the creditors a pecuniary advantage inconsistent with the fair distribution concepts in the Bankruptcy Code. Further, the relief sought requires expending funds to operate the hospital or turnover of a valuable asset of the bankruptcy estate. This relief is pecuniary in nature.

The action also fails the public policy test. The request for enforcement of a contract or damages for its breach (by divestiture of the asset or money damages) is a request to adjudicate the private rights of the citizens of Lawrence County and not a matter of public policy.

The Attorney General also raised the risk of misuse of charitable assets. It is fair to protect charitable funds, but more is required than a mere fear that a debtor could misuse the assets. The Attorney General is encouraged to maintain vigilance and bring any issues of this nature to the attention of the Court at any time.

The arguments are also insufficient to constitute cause to grant relief from the automatic stay at this time. Therefore, it is ORDERED that the Motion [ECF No. 84] is DENIED without prejudice to the movant's right to raise the same or similar issues if the facts change or are further developed over time.

3

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, January 24, 2020**
**(grs)**