IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Americore Holdings, LLC, et al.[1] | : | Case No. 19-61608 (GRS) |
| | : | |
| Debtors | : | (Jointly Administered) |
| | : | |
| | : | Honorable Gregory R. Schaaf |

**MOTION FOR BANKRUPTCY RULE 2004 EXAMINATION OF GRANT WHITE,
MICHAEL LEWITT, THE THIRD FRIDAY TOTAL RETURN FUND, L.P.,
AND THE DEBTORS AND PRODUCTION OF DOCUMENTS BY THEM**

Pelorus Equity Group, Inc. ("Pelorus" or "Movant") by counsel, and respectfully moves the Court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for an Order, substantially in the form the Proposed Order tendered with this motion, authorizing discovery from Grant White ("Mr. White"), The Third Friday Total Return Fund, L.P. ("Third Friday"), Michael Lewitt ("Mr. Lewitt"), and the Debtors, Americore Holdings, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors"). Specifically, Movant seeks an Order allowing it to examine Mr. White, Mr. Lewitt, and representatives of Debtors and Third Friday under oath, for all purposes allowed under Bankruptcy Rule 2004, and to require Mr. White, Mr. Lewitt, Third Friday, and the Debtors to produce the documents requested in Exhibit 1 hereto and to allow examinations on the topics identified on Exhibit 2 hereto.  The Movant respectfully represents as follows:

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799) Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC

1

## BACKGROUND

1. Debtors filed petitions for relief in this Court under Chapter 11 of the Bankruptcy Code on or about December 31, 2019. The Debtors' cases are being jointly administered.

2. Mr. White is the founder and CEO of Americore Holdings, LLC, Americore Health, LLC and Americore Health Enterprises, LLC (collectively "Americore"). [D.N. 11 at 1]. He has declared that he "directly or indirectly own[s] the vast majority of the equity interests in all of the Debtors." [*Id.*]

3. During the time since Mr. White founded Americore in 2017, the Debtors have operated health care facilities across four states. [D.N. 11 at 3-9]. However, they currently own and operate only two open hospitals (plus one shuttered hospital) and two companies which own receivables related to hospitals previously sold by the Debtors. [*Id.* at 3].

4. In January of 2019, the Debtors purchased—via a bankruptcy—the equity interests of affiliates, which control the assets and operations of St. Alexius Hospital in St. Louis, Missouri. [*Id.* at 6]. These affiliates are Success Healthcare 2, LLC, St. Alexius Properties, LLC, and St. Alexius Hospital Corporation #1. [*Id.*] The assets include the real estate upon which the hospital and a nursing school are located. [*Id.*]

5. Pelorus holds a first lien position on a majority of St. Alexius-related real property, and Pelorus holds a claim of no less than $9 million against certain of the Debtors.[2] Mr. White has represented that a "first priority mortgage may be held by Pelorus on a loan issued between Pelorus and Americore Holdings, LLC, to which St. Alexius Properties may be a

---

(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

[2] Pelorus is owed additional funds by other Debtors, and these amounts are not secured by the St. Alexius real property. Pelorus also has other collateral to secure amounts owed to it.

guarantor." [*Id.* at 7]. Mr. White declared that the amount of the claim held by Pelorus may be in the principal amount of $6,300,000. [*Id.*].

6. Mr. White has declared that, in an attempt to reorganize prepetition, certain Debtors entered loan agreements with Third Friday. [*Id.* at 9]. The first of these was dated January 2, 2018, and was between Americore Health, LLC, and Third Friday (the "Health Loan Agreement"). The second was dated May 1, 2018, and was between Americore Holdings, LLC, and Third Friday (the "Holdings Loan Agreement," and collectively with Health Loan Agreement, the "Third Friday Loans"). [*Id.*]. Sometime thereafter, Mr. White, Americore, and Third Friday "entered certain forbearance agreements" (the "Forbearance Agreements"). [*Id.*]. 8.

7. Debtors have not yet filed their schedules of assets and liabilities or their statements of financial affairs. On January 21, 2020, Debtors filed a second motion seeking to extend their time to do so, and the Court has extended that deadline through February 4, 2020. [D.N. 138].

8. On January 16, 2020, the Debtors sought authority on an interim and final basis to obtain a DIP Facility that provides priority and priming post-petition financing in the form of $5 million term loan, of which $1.5 million is available on an interim basis, with a maximum of two draws. [D.N. 98]. The Debtors' proposed DIP Loan Agreement stated that "any alleged liens asserted by The Third Friday Fund Total Return, L.P." would be primed as well. [D.N. 98-1 at 33]. Upon information and belief, Third Friday is asserting a lien position inconsistent with that of Pelorus.

9. Pelorus and other creditors objected to the Debtors' request to obtain postpetition on the terms proposed by the Debtors, and the Court conducted a hearing on the request on January 17, 2020. During that hearing, counsel for Third Friday represented that his client was

3

owed more than $20 million by certain of the Debtors. The Court denied the Debtors' request. [D.N. 133].

10. As part of efforts to find an alternative option, Pelorus is now discussing different postpetition proposals for the Debtors. However, full information is required to complete this process. Information and documents supporting the parties' lien positions are critical to issues related to postpetition financing as well as other issues of importance in these cases.

### **RELIEF REQUESTED**

11. By this motion, the Movant respectfully requests entry of the Proposed Order authorizing Bankruptcy Rule 2004 discovery from the Mr. White, Mr. Lewitt,, Third Friday, and the Debtors in the form of examinations and requests for production of documents and electronically stored information as requested in **Exhibit 1** to the Proposed Order and attached hereto.

12. As more fully set forth in Mr. White's Declaration and its supporting exhibits, there are questions regarding the relationship among Mr. Lewitt, Third Friday, and the Debtors. Critically, it remains unclear what security interests may or may not have been conveyed to Third Friday under the Third Friday Loans—or how the Forbearance Agreements may have impacted those interests. Therefore, it is critical that Movant be allowed to conduct discovery related to the Third Friday Loans and the Forbearance Agreements as to protect to the interests of Pelorus in the collateral of the Debtors.

13. The Movant seeks to investigate terms of the Third Friday Loans and the Forbearance Agreements, including any amendments or drafts thereof, as well as the impact of these agreements on the Debtors' assets. Postpetition financing remains at issue in this case, so

the Movant also seeks to investigate Debtors' attempts to secure such financing as well as the Debtors' postpetition budget projections.

14.     The Movant further requests that the Court authorize oral examinations of Mr. White, Third Friday, and Third Friday's Mr. Lewitt, and the Debtors as requested in, and on the topics in **Exhibit 2** to the Proposed Order and attached hereto.

15.     Such documents and examinations are necessary to assist the Movant in its investigation of the matters above described. It is paramount that creditors of the Debtors' estates receive full disclosure of all pre-bankruptcy activities of the Debtors, especially financial transactions and dealings impacting the Debtors' primary assets. This discovery must be timely afforded to the Movant, because it is necessary to evaluate any proposed reorganization or financing requested by the Debtors in this bankruptcy.

16.     This request, however, should not be considered a waiver of any future requests for additional Bankruptcy Rule 2004 discovery. Movant expressly reserves the right to seek additional examinations and document production including from Mr. White and the Debtors.

**BASIS FOR RELIEF REQUESTED**

17.     Bankruptcy Rule 2004(a) provides that "on motion of any party in interest, the court may order the examination of any entity." Examinations authorized under Bankruptcy Rule 2004 are broad and may relate to any "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *See* Fed. R. Bankr. R. 2004(b). This includes the production of documents and information. *See* Fed. R. Bankr. R. 2004(c).

18.     The scope of Bankruptcy Rule 2004 is broad, and "[t]he inquiry may even be a fishing expedition." *Chereton v. United States*, 286 F.2d 409, 413 (6th Cir. 1961) (discussing

precursor to Rule 2004). *See In re Stambaugh*, 531 B.R. 191, 193 (Bankr. S.D. Ohio 2015) ("By definition, Rule 2004 Examinations are broad in scope."); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (explaining Rule 2004 examination's goal "is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"). Here, Movant has good cause for the requested discovery, which serves the purpose of Bankruptcy Rule 2004 and fits within its broad scope. *In re Great Lakes Comnet, Inc.*, 558 B.R. 194, 197 (Bankr. W.D. Mich. 2016) (finding movant entitled to discovery when it was "seeking to understand the facts giving rise to the transactions by and among the Debtors").[3]

WHEREFORE, Movant prays that an Order be entered pursuant to Bankruptcy Rule 2004 ordering the production of documents as herein requested and allowing the examination of Mr. White, Mr. Lewitt, and representatives of the Debtors and Third Friday.

### **NOTICE AND OPPORTUNITY TO OBJECT**

PLEASE TAKE NOTICE that, pursuant to KYEB LBR 2004-1, if no objections are filed within three (3) days of the filing of the foregoing Motion, the Court may enter an order on the foregoing Motion without a hearing. Any timely objections shall be noticed to be heard for February 20, 2020, at 9:00 a.m., in the U.S. Bankruptcy Court, 100 East Vine Street, Second Floor, Lexington, Kentucky.

---

[3] Bankruptcy Rule 2004 even allows for an *ex parte* procedure. This Court may enter an order for examination without allowing an opportunity an opportunity to object. *See, e.g., In re Russell*, 392 B.R. 315, 360 (Bankr. E.D. Tenn. 2008) ("Rule 2004 provides for an *ex parte* procedure . . . and the court can enter an order for the examination without allowing . . . an opportunity to object"); *In re Symington*, 209 B.R. 678, 689-90 (Bankr. D. Md. 1997) (explaining that "Rule 2004 motions are generally granted ex parte" when there is good cause for the examination request).

Respectfully submitted,

/s/ Adam M. Back
Lea Pauley Goff, KY Bar No. 81266
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202-2828
Phone: (502) 333-6000
lea.goff@skofirm.com

Adam M. Back, KY Bar No. 91003
Timothy R. Wiseman, KY Bar No. 95072
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
tim.wiseman@skofirm.com
*Counsel for Pelorus Equity Group, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Motion was served on all interested parties requesting notice via the Court's electronic case filing system this 27th day of January, 2020.

/s/ Adam M. Back
*Counsel for Pelorus Equity Group, Inc.*

992139.802139/8117392.1