**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Americore Holdings, LLC, *et al.*, | ) | Case No. 19-61608-grs |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | Honorable Gregory R. Schaaf |

**APPELLANT'S DESIGNATION OF THE ITEMS TO BE INCLUDED IN THE RECORD
ON APPEAL AND STATEMENT OF THE ISSUES TO BE PRESENTED**

The Appellant, the Commonwealth of Pennsylvania, respectfully files this Designation of the Items to be Included in the Record on Appeal and Statement of the Issues to be Presented pursuant to Federal Rule of Bankruptcy Procedure 8009:

I.  DESIGNATION OF THE ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

In accordance with Rule 8009(a)(1) and (a)(4), the record on appeal must include:

(1)  The docket entries kept by the bankruptcy clerk;

(2)  January 14, 2020; ECF No. 84: Emergency Motion of the Commonwealth of Pennsylvania for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay;

(3)  January 14, 2020; ECF Nos. 84-1, 84-2, 84-3, 84-4, 84-5, 84-6, 84-7, 84-8, 84-9, 84-10, 84-11: All Exhibits attached to the Emergency Motion of the Commonwealth of Pennsylvania for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay;

1

(4) January 14, 2020; ECF No. 84-12: Proposed Order granting the Emergency Motion of the Commonwealth of Pennsylvania for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay;

(5) January 14, 2020; ECF No. 85: Emergency Motion of the Commonwealth of Pennsylvania as *Parens Patriae* for Entry of an Order Under 11 U.S.C. §§ 105 and 507 Directing Debtors to Pay Pre-Petition Wages and Related Items of Ellwood Employees;

(6) January 14, 2020; ECF No. 85-1: Proposed Order granting the Emergency Motion of the Commonwealth of Pennsylvania as *Parens Patriae* for Entry of an Order Under 11 U.S.C. §§ 105 and 507 Directing Debtors to Pay Pre-Petition Wages and Related Items of Ellwood Employees;

(7) January 21, 2020; ECF No. 132: Order Overruling the Emergency Motion of the Commonwealth of Pennsylvania as *Parens Patriae* for Entry of an Order Under 11 U.S.C. §§ 105 and 507 Directing Debtors to Pay Pre-Petition Wages and Related Items of Ellwood Employees;

(8) January 24, 2020; ECF No. 143: The judgment, order, or decree being appealed;

(9) January 24, 2020, and February 3, 2020; ECF Nos. 143 & 162: Any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;

(10) February 3, 2020; ECF No. 161: The notice of appeal;

(11) February 3, 2020; ECF No. 162: Transcript regarding Hearing Held 1/17/2020; and

(12) February 4, 2020; ECF No. 163: Notice of Electronic Filing, Official Order regarding Designation of the Record on Appeal and Statement of the Issues to be Presented.

II.     STATEMENT OF THE ISSUES TO BE PRESENTED

In accordance with Rule 8009(a)(1), the following issues are presented in this appeal:

(1)    Did the Bankruptcy Court err in determining that the Commonwealth's enforcement action did not fall within the purview of its "police and regulatory power" because of its failure to present "evidence" of "immediate harm" to its citizens, even though federal courts throughout the United States have declared that such a power may be lawfully exercised even when no harm to a State's citizens is imminent?

(2)    Did the Bankruptcy Court err in determining that the Commonwealth's enforcement action, which was commenced by the Attorney General under the Commonwealth Attorneys Act [71 P.S. §§ 732-101 *et seq.*] in accordance with his *parens patriae* powers, constituted a "request to adjudicate the private rights of [its] citizens," even though the action was clearly commenced for the undeniably "public" purposes of reopening a licensed medical facility, ensuring the availability of medical services to the residents of Lawrence County, and preventing the unlawful diversion of charitable assets to private parties?

(3)    Did the Bankruptcy Court commit reversible error in basing its decision denying the Commonwealth's alternative motion for relief from the automatic stay on the application of an erroneous legal standard?

 

                                                          Respectfully submitted,

                                                          JOSH SHAPIRO
                                                          ATTORNEY GENERAL

DATE:  February 11, 2020             BY:    */s/ Jason L. Swartley*
                                                          Jason L. Swartley
                                                          Chief Deputy Attorney General
                                                          PA Attorney No. 78213
                                                          Pennsylvania Office of Attorney General
                                                          15th Floor, Strawberry Square
                                                          Harrisburg, PA 17120
                                                          Tel: (717) 705-7326
                                                          Fax: (717) 772-4526
                                                          Email: jswartley@attorneygeneral.gov