IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Americore Holdings, LLC, et al.[1] | : | Case No. 19-61608 (GRS) |
| | : | |
| Debtors | : | (Jointly Administered) |
| | : | |
| | : | Honorable Gregory R. Schaaf |

**LIMITED JOINDER OF PELORUS EQUITY GROUP, INC., IN MOTIONS OF UNITED STATES TRUSTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE APPOINTMENT OF A TRUSTEE UNDER § 1104, AND RESERVATION OF RIGHTS**

Pelorus Equity Group, Inc. ("Pelorus") files this limited joinder (the "Limited Joinder") in the United States Trustee's *Motion to Appointment a Trustee or Examiner Under §1104 or To Dismiss the Cases* ("United States Trustee's Motion") [Doc. No. 166] and the Official Committee of Unsecured Creditors' *Motion for Appointment of Chapter 11 Trustee* (the "Committee's Motion") [Doc. No. 171]. Pelorus holds the largest secured position in the cases. It supports and joins in each motion's request for the appointment of a Chapter 11 Trustee. It does not join in that part of the United States Trustee's Motion which seeks dismissal of the cases as alternative relief. The creditors and the patients of the operating facilities are best served by a change in management of the Debtors and a prompt sale process that would allow

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799) Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

future operation of the facilities on a sustainable basis. In further support of the Limited Joinder, Pelorus states as follows:

## RELEVANT BACKGROUND

1. Debtors filed petitions for relief in this Court under Chapter 11 of the Bankruptcy Code on or about December 31, 2019. On January 3, 2019, the Court entered an order directing joint administration of these bankruptcy cases. [Doc. No. 60]. On January 23, 2020, the United States Trustee appointed the Official Committee of Unsecured Creditors ("Committee"). [Doc. No. 142].

2. Grant White is the founder and CEO of Americore Holdings, LLC, Americore Health, LLC and Americore Health Enterprises, LLC (collectively "Americore"). [Doc. No. 11 at 1]. He has declared that he "directly or indirectly own[s] the vast majority of the equity interests in all of the Debtors." [*Id.*] On January 15, 2020, Mr. White was designated as the individual response for performing the duties of Americore. [Doc. No. 92].

3. During the time since Mr. White founded Americore in 2017, the Debtors have unsuccessfully operated health care facilities across several states. [Doc. No. 11 at 3-9]. However, they currently own and operate only two hospitals and two companies which own receivables related to hospitals previously sold by the Debtors. [*Id.* at 3].

4. One of the operating hospitals is St. Alexius Hospital in St. Louis, Missouri, which consists of affiliates Success Healthcare 2, LLC, St. Alexius Properties, LLC, and St. Alexius Hospital Corporation #1. [*Id.* at 6]. The assets of that operation include the real estate upon which the hospital building and a nursing school are located. [*Id.*]. The other operating hospital is Izard County Medical Center in Calico Rock, Arkansas. [*Id.* at 5]. The shuttered

hospitals are Ellwood Medical Center in Ellwood City, Pennsylvania, and Pineville Medical Center in Pineville, Kentucky. [*Id.* at 3, 8].

5.      Pelorus holds a first lien position on a majority of St. Alexius-related real property, and a second lien position on the remaining portion, securing a claim of $9,621,462.33 as February 1, 2020, against St. Alexius-related Debtors.[2] Mr. White has represented that a "first priority mortgage may be held by Pelorus on a loan issued between Pelorus and Americore Holdings, LLC, to which St. Alexius Properties may be a guarantor." [*Id.* at 7]. Mr. White declared that the amount of the claim held by Pelorus may be in the principal amount of $6,300,000 [*Id.*] but that would not include all of the accrued interest.  Pelorus also holds a mortgage on the Ellwood City hospital real property, securing a claim of $3,813,284.01 as of February 1, 2020, against the Ellwood Medical Center Real Estate, LLC debtor and affiliates. Penn Med, LLC ("Penn Med") alleges that Pelorus is in a second position behind the mortgage lien of Penn Med as to real property of Ellwood Medical Center Real Estate, LLC. [Doc. No. 176]. Pelorus has additional security interests in the assets of the Ellwood Medical Center Real Estate, LLC, and its affiliates.

6.      On January 9, 2020, the Court entered an interim order (the "Interim Cash Collateral Order") allowing the Debtors to use cash collateral, on an interim basis, on certain conditions, "for those purposes and in those amounts set forth in the Budgets[.]" [Doc. No. 65 at 2].  Those budgets go through the week ending January 24, but no further.  The Interim Cash Collateral Order further provided that the "Debtors shall furnish Secured Creditors and other

---

[2] Pelorus is owed additional funds by other Debtors, and these amounts are not secured by the St. Alexius real property. Pelorus also has other collateral to secure amounts owed to it.

3

parties in interest with such financial and other information as such reasonably requests." [*Id.* at 3].

7. On January 16, 2020, the Debtors sought authority on an interim and final basis to obtain a DIP Facility that would have provided priority and priming post-petition financing of up to $5 million (priming the other first lien holders on the St. Alexius real property), to fund operations of those and all of the other debtors, even though the cases are not substantively consolidated (the "Proposed Priming DIP Loan"). The Debtors represented that the St. Alexius and Izard hospitals could not continue to operate and would have to close immediately without the loan.

8. Pelorus and other creditors objected to Proposed Priming DIP Loan. The Court conducted a hearing on the request on January 17, 2020, and denied the Debtors' request. [Doc. No. 133].

9. Notwithstanding their representations to the Court, even without the Proposed Priming DIP Loan, the Debtors have continued to operate the hospitals, apparently on their own revenues. They have now operated over five weeks post-petition.

10. Since that time, Pelorus has made multiple reasonable requests to obtain financial information regarding the Debtors' expenditures, including as compared to the Budgets to which the cash use order limits them. This information was requested pursuant to the Interim Cash Collateral Order and as part of discussions regarding potential post-petition financing. The Debtors have provided no information to date. Pelorus and the other creditors do not know how much money the Debtors have spent, what they've spent it on, or the impact of those spending decisions on the estates and their creditors.

11. Meanwhile, Debtors have not yet filed their schedules of assets and liabilities or their statements of financial affairs. On February 4, 2020, Debtors filed a third motion seeking to extend their time to do so, through February 18, 2020. [Doc. No. 169]. Also, Pelorus is being told by the Debtors that there are no current financial statements available and no financial information prepared or approved by credible outside accountants.

12. On February 4, 2020, the United States Trustee filed a motion seeking the appointment of a Chapter 11 Trustee or an examiner pursuant to 11 U.S.C. § 1104, or in the alternative, to dismiss these cases. [Doc. No. 166]. On the same day, the Committee filed a motion seeking the appointment of a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104. [Doc. No. 171]. Pelorus seeks to join both motions as to the request that this Court appoint a Chapter 11 Trustee.

## THESE CASES MUST HAVE NEW MANAGEMENT AND BE POSITIONED FOR QUICK SALES

13. As described in the United States Trustee's Motion and the Committee Motion, there are very serious questions regarding the current management of the Debtors. There is evidence of mismanagement, including, but not limited to "numerous violations" at the Debtors' Ellwood City, Pennsylvania facility, as well as issues at St. Alexius Hospital in St. Louis, Missouri. [Doc. No. 166 at 5-5]. There is also evidence of "significant liability" from the non-payment of employee payroll taxes. [Doc. No. 171 at 5]. Given this evidence, Pelorus, the United States Trustee, and the Committee share many of the same concerns: ensuring the ongoing care of patients at the only remaining operating healthcare facilities, and the preservation of value for the creditors who have financed these operations. Pelorus also has concerns about the lack of updated Budgets, as defined in the Interim Cash Collateral Order, and

any additional financial information from the Debtors. It is not clear how or where the Debtors have been spending money since the terms of the Interim Cash Collateral Order expired.

14.     Creditors, secured and unsecured, risk additional injury each day that passes without financial information from the Debtors. Without this information, creditors cannot know whether the Debtors' assets are being maintained. Indeed, it is unclear whether critical maintenance on aging facilities[3] is being deferred as the Debtors continue to operate past the expired Budgets of the Interim Cash Collateral Order. Thus, the Debtors' primary assets have been placed in jeopardy, and the passage of time only creates additional risk—and additional administrative expenses and professional fees for the Debtors' estates.

15.     Further, even though the estates likely need funds, those funds — in the form of appropriate DIP loans or a buyer's injection of capital — will not be available to the Debtors so long as Mr. White is managing them. Pelorus is concerned that Mr. White's attempts to retain control are causing the Debtors not to consider alternatives for loans, or sale efforts, that might not include a role for him going forward, to the detriment of the estates.

16.     Pelorus, therefore, supports the Committee's Motion and the United States Trustee's Motion on the limited basis that it seeks the appointment of a trustee. Positioning these cases for quick sale is the only path that protects the safety of patients and the interests of creditors. These cases require a trustee experienced in this field and who can guide these cases through an expedited sale process. Pelorus reserves the right to provide input and recommendations regarding the selection of an appropriate trustee.

---

[3] "According to St. Alexius, it is the oldest existing hospital west of the Mississippi River." *See* Annika Merrilles, "Payroll delayed for St. Alexius Hospital employees following bankruptcy filing," ST. LOUIS POST-DISPATCH, Jan. 2, 2020 *available at*
https://www.stltoday.com/business/local/payroll-delayed-for-st-alexius-hospital-employees-following-bankruptcy-filing/article_14ada613-9bc8-5b8f-a54d-dcd91a01dbe8.html

## RESERVATION OF RIGHTS

17. Pelorus hereby reserves the right to amend its Limited Joinder should additional information become available or as discovery begins.[4] Pelorus also reserves all of its rights and remedies under the terms of its loan and security documents, the Bankruptcy Code, and other applicable law.

Respectfully submitted,

/s/ Adam M. Back
Lea Pauley Goff, KY Bar No. 81266
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky  40202-2828
Phone: (502) 333-6000
lea.goff@skofirm.com

Adam M. Back, KY Bar No. 91003
Timothy R. Wiseman, KY Bar No. 95072
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky  40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
tim.wiseman@skofirm.com
*Counsel for Pelorus Equity Group, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served on all interested parties requesting notice via the Court's electronic case filing system this 11th day of February, 2020.

/s/ Adam M. Back
*Counsel for Pelorus Equity Group, Inc.*

124165.165935/8132633.1

---

[4] Pelorus has sought discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure from several parties. [Doc. No. 145]. This discovery is relevant to the Debtors' finances and operations, and it is well within the broad scope afforded by Rule 2004. Mr. White has not objected to the discovery requested from him.