IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Americore Holdings, LLC, et al.[1] | : | Case No. 19-61608 (GRS) |
| Debtors | : | (Jointly Administered) |
| | : | Honorable Gregory R. Schaaf |

## OBJECTION OF PELORUS EQUITY GROUP, INC. TO PENN MED, LLC'S MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY

Pelorus Equity Group, Inc. ("Pelorus"), by counsel, hereby objects to the *Motion Seeking Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Doc. No. 176] (the "Stay Motion") filed by Penn Med, LLC ("Penn Med"). Given the paucity of information in the record and the request having been made before the First Meeting of Creditors pursuant to 11 U.S.C. § 341 (the "341 Meeting"), it would be premature to grant stay relief as to the real property owned by Debtor Ellwood Medical Center Real Estate, LLC ("EMCRE"). Through its *Motion for Bankruptcy Rule 2004 Examination of Grant White, Michael Lewitt, The Third Friday Total Return Fund, L.P., and the Debtors and Production of Documents by Them* [Doc. No. 145] (the "Rule 2004 Motion"), Pelorus is attempting to obtain information about the Debtors in these jointly administered cases which could provide information about the prospects for some alternative relief administered through the bankruptcy process. The Debtors, the Official Committee of Unsecured Creditors (the "Committee"), the United States Trustee (the "UST"),

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799) Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC

Pelorus, and others will tender an agreed order authorizing the UST to appoint a Chapter 11 Trustee (the "Chapter 11 Trustee") for the Debtors. The Chapter 11 Trustee should be given some opportunity to respond to the Stay Motion. In support of this Objection, Pelorus respectfully states as follows:

## FACTS

1. Pelorus has a valid and perfected interest in certain real property located at 724 Pershing Street, Ellwood City, Pennsylvania (the "Ellwood Property"), commonly known as the Ellwood City Medical Center (the "Medical Center"), owned by EMCRE. The Ellwood Property secures amounts owed to Pelorus by EMCRE and others in an amount not less than $3,813,248.00 plus accrued and accruing interest, fees, expenses, and other charges. The Ellwood Property is the subject of Stay Motion.

2. The Debtors have not filed their schedules or statements of financial affairs, and pursuant to an Order [Doc No. 193] granting the Debtors a third extension, the Debtors were required to file their schedules and statements of financial affairs by February 18, 2020. The Debtors filed them early in the morning of February 19, 2020.

3. Despite repeated requests, the Debtors have refused to informally share financial information and relevant documents with Pelorus, and Pelorus filed its Rule 2004 Motion seeking authority to demand production of documents and electronically stored information along with examinations of individuals to, *inter alia*, "evaluate any proposed reorganization." The Rule 2004 Motion shall be heard on February 20, 2020.

4. The 341 Meeting is scheduled for February 27, 2020, which may be continued.

---

(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

5.  The Committee tendered an Order [Doc. No. 223] agreed to by Pelorus, the UST, the Debtors, and others that would direct the UST to appoint a Chapter 11 Trustee for the Debtors.

6.  The Committee objected [Doc. No. 224] (the "Committee Objection") to Penn Med's Stay Motion.

## **OBJECTION**

Penn Med asserts that the stay should be lifted as to the Ellwood Property under 11 U.S.C. § 362(d)(1) (for "cause" including lack of adequate protection) or (d)(2) (there is no equity in the Ellwood Property and it is not necessary for an effective reorganization).  While Penn Med has failed to meet its burden under either test as set forth in the Committee Objection, it is otherwise simply premature to grant the relief requested in the Stay Motion.

As previously noted, the Medical Center, even as a currently non-operating entity, is "a valuable asset of the bankruptcy estate."  *Order* [Doc. No. 143], p. 2.  At this point, parties in interest do not know if ECMRE has other assets, such as receivables generated from the "leas[ing] out [of] certain medical offices and out-patient services."  *Declaration of Grant White in Support of Chapter 11 Petitions and First Day Pleadings* [Doc. No. 11], pp. 3-4, ¶ 7.  Upon information and belief, for example, ECMRE or one of its debtor-affiliates may hold receivables for significant underpayments from a major, non-debtor healthcare provider that are unbilled and/or uncollected.  Moreover, without the information that is minimally required for a Chapter 11 bankruptcy, it is unlikely anyone can conclusively claim that the Ellwood Property is not necessary for an effective reorganization or that its value is diminishing postpetition.

Until parties have a meaningful opportunity to analyze the schedules and statements of financial affairs, Pelorus and others have been given an occasion to obtain additional information

(via the 341 Meeting and the Rule 2004 process), and the Court has considered entry of an Order directing the appointment of a Chapter 11 trustee, it would be premature without more evidence to lift the stay as to the Ellwood Property.

Therefore, Pelorus respectfully requests that the Court OVERRULE the Stay Motion without prejudice to any party's right to raise the same or similar issues at a later time.

Respectfully submitted,

/s/ Adam M. Back
Lea Pauley Goff, KY Bar No. 81266
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202-2828
Phone: (502) 333-6000
lea.goff@skofirm.com

Adam M. Back, KY Bar No. 91003
Timothy R. Wiseman, KY Bar No. 95072
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
tim.wiseman@skofirm.com
*Counsel for Pelorus Equity Group, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Motion was served on all interested parties requesting notice via the Court's electronic case filing system this 19th day of February, 2020.

/s/ Adam M. Back
*Counsel for Pelorus Equity Group, Inc.*

124165.165935/8139797.2