**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Americore Holdings, LLC, *et al.*,[1] | ) | Case No. 19-61608-grs |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Honorable Gregory R. Schaaf |
| | ) | |

## ORDER ESTABLISHING PROCEDURES TO CONDUCT RULE 2004 EXAMINATIONS

**THIS MATTER** came before the Court for hearing on February 20, 2020, upon the *Official Committee of Unsecured Creditors' Motion for Order Establishing Procedures to Conduct Rule 2004 Examinations* [ECF No. 188] and Supplement [ECF No. 219] (together, the "**Motion**"), and based on the record before the Court and good cause appearing,

It is **ORDERED**:

1. The Motion is **GRANTED**.

2. The procedures for an examination under Bankruptcy Rule 2004 in these jointly-administered cases are as follows:

> **(a)  Manner of Setting Examination.** No order will be necessary to authorize an examination pursuant to Bankruptcy Rule 2004, or to require production of documents at the examination. Examinations may be scheduled by filing a "Notice of Rule 2004 Examination" (a copy of which is attached as **Exhibit 1**) and serving the notice on the trustee, the debtor, the debtor's attorney and the party to be examined, and, if applicable, the subpoena required by subdivision (D) below.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

**(b)    Reasonable Notice.** The attendance of the examinee and the production of documents may not be required less than 14 days after actual delivery of the notice, except by agreement of the parties or order of the court. However, an examination may be scheduled on shorter notice if the notice provides that the party to be examined need not file any objection to the short notice but must notify the examining party promptly of the inadequate notice and must offer a reasonable opportunity to be examined on another date. To the extent that a request for production of documents under this rule may be construed as a request under Bankruptcy Rule 7034, the time to respond is shortened to 14 days.

**(c)    Motion for Protective Order.** An interested party may file, prior to the date of the proposed examination, a motion for protective order stating the reasons for prohibiting, limiting or rescheduling the examination, and the examination shall be stayed until the court rules on the motion.

**(d)    Subpoena.** No subpoena shall be necessary to compel attendance of, or production of documents from, the debtor at an examination of the debtor, but a "Subpoena for Rule 2004 Examination" (a copy of which is attached as **Exhibit 2**) shall be necessary to compel the attendance of, or production of documents by, a witness other than the debtor.

**(e)    Videotaped Examinations.** Examinations may be videotaped. The notice or subpoena must indicate that the examination is to be videotaped and whether it will also be recorded stenographically.

**(f)    Telephonic or Video Conferences**. Examinations may also be conducted telephonically or by video or internet conference.

**(g)    Cooperation.** Any interested party seeking to schedule an examination in the manner authorized by this Order must first coordinate and cooperate in the scheduling of such examination with counsel for the Committee and counsel for the Chapter 11 Trustee.

**Prepared by:**

Gary Freedman, Esq.
Nelson Mullins Riley & Scarborough LLP
Two South Biscayne Boulevard
One Biscayne Tower, 21st Floor
Miami, FL  33131
Ph. 305-373-9400 | Fax 305-995-6416
Gary.Freedman@nelsonmullins.com

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

In re:                                                                   Case No.  19-61608-grs
                                                                             Chapter 11
Americore Holdings, LLC, *et al.*, [1]

_____Debtors_____/

**NOTICE OF RULE 2004 EXAMINATION**

_____, by the undersigned attorney, will examine _____under oath on _____ at _____ m. at_____. The examination may continue from day to day until completed.  If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

The examination is pursuant to Bankruptcy Rule 2004, and will be recorded by this method: _____.  The scope of the examination shall be as described in Bankruptcy Rule 2004.

Pursuant to the Order Establishing Procedures to Conduct Rule 2004 Examinations [Docket No. ___], no order shall be necessary. [If the examination is of a witness other than the debtor, the Form "Subpoena for Rule 2004 Examination" is included with this notice.]

☐ Production: [The examinee or your representatives, must also bring with you to the examination the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), and must permit inspection, copying, testing, or sampling of the materials.]

I CERTIFY that a true copy of this notice was filed with the court and served on the examinee, attorney for examinee, the debtor, the attorney for the debtor and the trustee [indicate name of party served, manner of service and date of service].

_____
signature

_____
print name

_____
attorney for

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

_____
address

_____
phone

_____
Attorney Bar No.

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Kentucky
## London Division

In re <u>Americore Holdings, LLC, *et. al.*</u> [1]      Case No. 19-61608-grs

            Debtors

                                                                       Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _____

                        *(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

_____

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                 CLERK OF COURT

                                         OR

       _____       _____

         Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, email address, and telephone number of the attorney representing (name of party)_____
_____who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____

on (date) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.