IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Americore Holdings, LLC, et al.[1] | : | Case No. 19-61608 (GRS) |
| | : | |
| Debtors | : | (Jointly Administered) |
| | : | |
| | : | Honorable Gregory R. Schaaf |

## ORDER FOR BANKRUPTCY RULE 2004 EXAMINATION OF GRANT WHITE, MICHAEL LEWITT, THE THIRD FRIDAY TOTAL RETURN FUND, L.P., AND THE DEBTORS AND PRODUCTION OF DOCUMENTS BY THEM

Upon the motion (the "Motion") of Pelorus Equity Group, Inc. ("Pelorus" or "Movant"), for the entry of an Order authorizing discovery from Grant White ("Mr. White"), Third Friday Fund Total Return, L.P. ("Third Friday"), Michael Lewitt ("Mr. Lewitt"), and the Debtors, Americore Holdings, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") in the form of (a) requests for production of documents and electronically stored information as requested in Exhibit 1 hereto and (b) oral examinations of Mr. White, Mr. Lewitt, and representatives of Third Friday and the Debtors, as requested in, and on the subjects specified in, Exhibit 2 hereto, all as more fully set forth in the Motion; and due and proper notice of the Motion having been given under the circumstances; and this Court having found that good and sufficient cause exists for the relief granted by this order, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799) Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1. The Motion is GRANTED.

2. The Movant is hereby are authorized to issue document requests, notices, and subpoenas compelling the production of documents and electronically stored information, and the provision of testimony concerning the transactions among the Debtors, Third Friday, Mr. Lewitt, and Mr. White as listed in **Exhibit 1** and **Exhibit 2**.

3. Service of the document requests, notices, or subpoenas by email is authorized upon counsel for the Debtors.

4. The Debtors will comply with the first three document requests listed in **Exhibit 1** by no later than 3 calendar days after entry of this Order. The Debtors will comply with the remaining document requests listed in **Exhibit 1** by no later than 14 calendar days after entry of this Order.

5. Mr. Lewitt, Mr. White and Third Friday will have 14 calendar days from the service of a subpoena to produce to the Movants all responsive non-privileged documents requested in the Movants' subpoena.

6. This Order is without prejudice to the rights of the Movant to apply to the Court for further discovery.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a)

9. Notwithstanding anything to the contrary in the Bankruptcy Rules, this Order shall be immediately effective and enforceable upon entry

10. The Movant is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

This order tendered by:

/s/ Adam M. Back
Lea Pauley Goff, KY Bar No. 81266
STOLL KEENON OGDEN PLLC
500 West Jefferson Street, Suite 2000
Louisville, Kentucky 40202-2828
Phone: (502) 333-6000
lea.goff@skofirm.com

Adam M. Back, KY Bar No. 91003
Timothy R. Wiseman, KY Bar No. 95072
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
tim.wiseman@skofirm.com

*Counsel for Pelorus Equity Group, Inc.*

## EXHIBIT 1

## REQUESTED DOCUMENTS

Pursuant to Bankruptcy Rule 2004, Pelorus Equity Group, Inc. ("Pelorus" or "Movant"), in the above-captioned chapter 11 cases request that Grant White and the Debtors and their respective subsidiaries and affiliates produce the following documents and categories of electronically stored information (these "Document Requests").

## DEFINITIONS

1.      The terms "You", "Your", "Mr. White", "Debtors", refer to, without limitation, predecessors, successors, parents, subsidiaries, affiliates, assigns, joint venturers, partners, directors, officers, employees, accountants, representatives, agents, attorneys, law firms, and investigators, acting or purporting to act on Mr. White's and/or the Debtors' behalf, and all entities in which any of the foregoing have a legal or equitable interest.

2.      "Bankruptcy Filing" refers to the voluntary petitions filed by the Debtors on December 31, 2019 under chapter 11 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky.

3.      The term "Communication" shall mean any utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, whether made orally, by Document, made face-to-face, or made by telephone, mail, email, personal delivery, or otherwise.

4. The term "Debtors" refers to the Debtors in these chapter 11 cases and includes the following entities, Americore Holdings, LLC, Americore Health, LLC, Americore Health Enterprises, LLC, Ellwood Medical Center, LLC, Ellwood Medical Center Real Estate, LLC, Ellwood Medical Center Operations, LLC, Pineville Medical Center, LLC, Izard County Medical Center, LLC, Success Healthcare 2, LLC, St. Alexius Properties, LLC, and St. Alexius Hospital Corporation #1, as well as any person or entity acting for or on behalf of the Debtors.

5. The term "Budgets" shall have the meaning given in the Debtors' request for debtor in possession financing in these chapter 11 cases, as found at Docket Entry 98.

6. "Document" shall mean any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each non-identical copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, email, telex, telegram, cable, report, record, contract, agreement, study, notes, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control, and is used in the broadest possible sense permissible under relevant Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. To the extent documents are in electronic form, they are requested in the form in which they were originally generated and kept.

7. The term "Mr. White" refers to Grant White, the founder and CEO of Americore Holdings, LLC, Americore Health, LLC and Americore Health Enterprises, LLC, who directly or indirectly owns the majority of the equity interests in the Debtors

8. The term "Third Friday" refers to The Third Friday Total Return Fund, L.P.

9. The term "Health Loan Agreement" refers to the loan agreement dated January 2, 2018, between Americore Health, LLC, and Third Friday, as well as subsequent modifications or amendments.

10. The term "Holdings Loan Agreement" refers to the agreement dated May 1, 2018, between Americore Holdings, LLC, and Third Friday, as well as subsequent modifications or amendments.

11. The term "Forbearance Agreements" refers to all forbearance agreements among Mr. White, Americore Holdings, LLC, Americore Health, LLC, Americore Health Enterprises, LLC, and/or Third Friday, as well as subsequent modifications or amendments.

12. The term "Identify" when referring to a:

(a) fact means to state each known fact concerning the information requested by the Document Request, including, without limitation, (i) the identity of each person having knowledge of each fact or opinion relating to the information requested; (ii) the identity of each document showing or relating to the answer given or any part of the answer given; and (iii) all relevant dates and time periods.

(b) document means to provide information, including, without limitation, about (i) the type of document; (ii) the contents of the document; (iii) the authors, addressees, and recipients of the document; and (iv) the date of the document.

3

(c) person means to provide information, including, without limitation, the individual's full name, present or last known home address and business address, and present or last known home telephone number and business telephone number.

## INSTRUCTIONS

1. These Document Requests shall be construed to include any supplemental, additional, or future responsive information that is later discovered, received, obtained, or created, and that is required to be produced pursuant to these Document Requests.

2. In the event that you perceive any ambiguity in a Document Request, you should identify the ambiguity and define your interpretation of the ambiguity in your response to the Document Request. You shall resolve any perceived ambiguity in favor of the most complete disclosure and answer in the alternative where possible.

3. The singular shall be construed to include the plural, and vice versa; the present tense shall be construed to include the past tense, and vice versa; and male or female gender references shall be construed in the generic sense.

3. Produce all documents as they are kept in the usual and ordinary course of business, complete with any labels, file markings, or other identifying features, together with the file folders within which such documents are maintained. In the alternative, produce all documents organized and labeled such that they correspond to the appropriate Document Request.

4. Electronically stored information ("ESI") shall be produced in the following forms: (A) for structured data from any claims submission or claims administration database, ANSI 837 file, or other similar data types or sources, produce a delimited text file suitable for loading in an SQL database, with information and fields for each claim, and (B) for other electronically stored information, produce it in the form in which it is ordinarily maintained (.DOC, .XLS, .PPT, or

4

.PST/.NSF for email) or in single page .TIFF files with searchable extracted metadata, including (i) for email, the author, recipient, carbon copy recipients, blind carbon copy recipients, date, subject, attachment info, and searchable full text, and (ii) for other files, the create date, document author, and searchable text of the document. TIFF files and metadata should be provided in a format suitable for loading into standard litigation support databases such as Relativity. Requests for "documents" include requests for ESI concerning the same subject matter.

5. Any document or item of ESI responsive to these Document Requests that you do not provide, in whole or in part, because of a claim of privilege or work product, or for any other reason, shall be identified in a log providing each document's (i) general subject matter; (ii) identity of persons to whom the document, or any portion thereof, has already been revealed; (iii) source of the document; and (iv) the basis upon which the document is being withheld.

7. The words "and" and "or" shall be used conjunctively and disjunctively; "and" shall also mean "or" and "and/or," and "or" shall also mean "and" and "and/or."

8. Unless otherwise specifically noted, each Document Request seeks information for the period from February 1, 2017 to the present.

## REQUESTS FOR PRODUCTION

1. All Documents and/or ESI that constitute, regard, or refer to the Forbearance Agreements.

**RESPONSE:**

2. All Documents and/or ESI that constitute, regard, or refer to the Health Loan Agreement.

**RESPONSE:**

    3.    All Documents and/or ESI that constitute, regard, or refer to the Holdings Loan Agreement.

**RESPONSE:**

    4.    All Documents and ESI related to any valuations or appraisals of any assets owned by Success Healthcare 2, LLC, St. Alexius Properties, LLC, St. Alexius Hospital Corporation #1, Ellwood Medical Center, LLC; Ellwood Medical Center Real Estate, LLC, and/or Ellwood Medical Center Operations, LLC.

**RESPONSE:**

    5.    All letters of intent, memoranda of understanding, contracts, agreements, and Communications between or among any of the Debtors, Grant White, Michael Lewitt, and/or Third Friday, including but not limited to, amendments, supplements, and extensions of contracts or agreements.

**RESPONSE:**

    6.    All Documents and ESI regarding any threatened, filed, or pending investigations, claims or lawsuits against any of the Debtors, Grant White, Michael Lewitt or Third Friday, including but not limited to, Documents and ESI consisting of or relating to Communications concerning that issue.

**RESPONSE:**

    7.    All Documents and ESI regarding any debtor in possession financing offers or proposals received by the Debtors, including, but not limited to, the bids referenced in the Declaration of Eric Weissman filed with the Court on January 16, 2020.

**RESPONSE:**

8. All Documents and ESI relating to or supporting the Budgets and any projections found therein.

**RESPONSE:**

9. All Documents and/or ESI that constitute, regard, or refer to the Debtors' Document retention policies and procedures for the retention and destruction of Documents and ESI.

**RESPONSE:**

10. All Documents and ESI that (a) regard, refer to, or relate to each of the Debtors' corporate structure and the specific legal entities directly or indirectly involved with the Debtors and (b) describe the nature of that involvement.

**RESPONSE:**

11. All Documents and ESI relating to the financial condition of the Debtors, including but not limited to financial statements, balance sheets and all attachments, Documents and ESI analyzing, reporting, discussing, or otherwise relating to the Debtors' solvency or lack thereof, ability or inability to pay amounts as they became due, and/or adequacy of capital to carry on their business activities.

**RESPONSE:**

12. All Documents and ESI constituting, referring to or relating to the Debtors' local, state, and federal tax filings.

**RESPONSE:**

13. All Documents and ESI constituting, evidencing, or relating to any communication between the Debtors and JMB Capital Lenders related to any loan, including but

not limited to, Documents and ESI regarding loan requests, loan amounts, collateral related to such loan, or the purpose for any such loan.

**RESPONSE:**

14.   All Documents and ESI constituting, evidencing, or relating to any communication between the Debtors and Wilshire Pacific Capital Advisors, LLC related to any loan, including but not limited to, Documents and ESI regarding loan requests, loan amounts, collateral related to such loan, or the purpose for any such loan.

**RESPONSE:**

15.   Any Communications that any of the Debtors had among the Debtors regarding the Debtors' Bankruptcy Filing or potential need to file for bankruptcy.

**RESPONSE:**

16.   All Documents and ESI constituting, evidencing, or relating to any communication between or among the Debtors, Grant White, Michael Lewitt, and/or Third Friday.

**RESPONSE:**

## EXHIBIT 2

## REQUESTED TESTIMONY

The Movant seeks the oral examinations of Grant White and Michael Lewitt in their personal capacities.

## DEPOSITION TOPICS

## DEFINITIONS

1.  The terms "You", "Your", "Mr. White", "Debtors", refer to, without limitation, predecessors, successors, parents, subsidiaries, affiliates, assigns, joint venturers, partners, directors, officers, employees, accountants, representatives, agents, attorneys, law firms, and investigators, acting or purporting to act on Mr. White's and/or the Debtors' behalf, and all entities in which any of the foregoing have a legal or equitable interest.

2.  "Bankruptcy Filing" refers to the voluntary petitions filed by the Debtors on December 31, 2019 under chapter 11 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky.

3.  The term "Communication" shall mean any utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, whether made orally, by Document, made face-to-face, or made by telephone, mail, email, personal delivery, or otherwise.

4. The term "Debtors" refers to the Debtors in these chapter 11 cases and includes the following entities, Americore Holdings, LLC, Americore Health, LLC, Americore Health Enterprises, LLC, Ellwood Medical Center, LLC, Ellwood Medical Center Real Estate, LLC, Ellwood Medical Center Operations, LLC, Pineville Medical Center, LLC, Izard County Medical Center, LLC, Success Healthcare 2, LLC, St. Alexius Properties, LLC, and St. Alexius Hospital Corporation #1, as well as any person or entity acting for or on behalf of the Debtors.

5. "Document" shall mean any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each non-identical copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, email, telex, telegram, cable, report, record, contract, agreement, study, notes, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control or which was, but is no longer, in your possession, custody, or control, and is used in the broadest possible sense permissible under relevant Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. To the extent documents are in electronic form, they are requested in the form in which they were originally generated and kept.

6. The term "Mr. White" refers to Grant White, the founder and CEO of Americore Holdings, LLC, Americore Health, LLC and Americore Health Enterprises, LLC, who directly or indirectly owns the majority of the equity interests in the Debtors

7. The term "Third Friday" refers to The Third Friday Total Return Fund, L.P.

8.    The term "Health Loan Agreement" refers to the loan agreement dated January 2, 2018, between Americore Health, LLC, and Third Friday, as well as subsequent modifications or amendments.

9.    The term "Holdings Loan Agreement" refers to the agreement dated May 1, 2018, between Americore Holdings, LLC, and Third Friday, as well as subsequent modifications or amendments.

10.    The term "Forbearance Agreements" refers to certain forbearance agreements among Mr. White, Americore Holdings, LLC, Americore Health, LLC, Americore Health Enterprises, LLC, and/or Third Friday, as well as subsequent modifications or amendments

11.    The term "Identify" when referring to a:

(a) fact means to state each known fact concerning the information requested by the Document Request, including, without limitation, (i) the identity of each person having knowledge of each fact or opinion relating to the information requested; (ii) the identity of each document showing or relating to the answer given or any part of the answer given; and (iii) all relevant dates and time periods.

(b) document means to provide information, including, without limitation, about (i) the type of document; (ii) the contents of the document; (iii) the authors, addressees, and recipients of the document; and (iv) the date of the document.

(c) person means to provide information, including, without limitation, the individual's full name, present or last known home address and business address, and present or last known home telephone number and business telephone number.

**INSTRUCTIONS**

In addition to Mr. White and Mr. Lewitt, each of the Debtors and The Third Friday Total Return Fund, L.P. ("Third Friday"), must designate one or more officers, directors, managing agents, or other persons with the relevant knowledge to testify about the Topics set forth below:

**TOPICS**

1. The purpose, terms, and intent of the Forbearance Agreements, the Health Loan Agreement, and the Holdings Loan Agreement.

2. Contracts and agreements between any of the Debtors, Michael Lewitt, and/or Third Friday in effect at any time from February 1, 2017 to the present.

3. Any valuations or appraisals of assets owned by Success Healthcare 2, LLC, St. Alexius Properties, LLC, St. Alexius Hospital Corporation #1, Ellwood Medical Center, LLC; Ellwood Medical Center Real Estate, LLC, and /or Ellwood Medical Center Operations, LLC (5283.

4. Any and all Communications related to decisions concerning Forbearance Agreements, the Health Loan Agreement, and/or the Holdings Loan Agreement.

5. Communications that Mr. White, Third Friday, or any of the Debtors had regarding the Forbearance Agreements, the Health Loan Agreement, and/or the Holdings Loan Agreement.

6. Knowledge of any threatened, filed, or pending investigations against Grant White, Third Friday, or Michael Lewitt.

992139.802139/8117497.1

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Thursday, February 20, 2020**
**(grs)**