**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | |
|---|---|
| AMY JACKSON-BOLINGER, PAMELA JOHNSON, and MELISSA NORTH, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>AMERICORE HEALTH, LLC, ET AL.<br><br>Defendants. | Case No.: 19-61608-grs<br><br>**PLAINTIFFS' MOTION REQUESTING MODIFICATION AND RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(D)** |

On December 31, 2019, Defendants Americore Health Enterprises, LLC, Americore Health, LLC and some of their affiliates and subsidiaries ("Americore" or "Debtor Defendants") filed for Chapter 11 bankruptcy. As a result, an automatic stay was issued in the civil litigation (case 6:19-cv-152) pending against Americore as well as other non-debtor Defendants in the United States District Court for the Eastern District of Kentucky.

Plaintiffs Amy Jackson-Bolinger, Pamela Johnson, and Melissa North, individually and as class representatives on behalf of other similarly situated class members, ("Plaintiffs") now move the Court for modification and relief from automatic stay so Plaintiffs can continue pursuit of their claims against the non-debtor Defendants in the above-mentioned civil action.

### I.      Factual Background of the Underlying Civil Action

On June 20th, 2019, the Plaintiffs brought this class action lawsuit against both the debtor and non-debtor Defendants as, and on behalf of all other, participants and beneficiaries of a self-funded ERISA health plan provided by the Pineville Community Hospital Association, Inc. to its employees.  The lawsuit was brought pursuant to ERISA §§ 502(a)(2), 29 U.S.C. § to recover

benefits due them in the form of reimbursement/payment of medical expenses incurred that should have been covered by the health plan. Relief is sought for breach of contract, breach of fiduciary duty, fraud, and negligence of the hospital directors.

Specifically, the class member employees agreed to health insurance through a self-funded plan financed both by a deduction from their payroll and contributions made by the employer, all to be administered by Anthem in Louisville, Kentucky. Accordingly, automatic deductions were made from the payroll of each employee and those proceeds were placed into the fund. The hospital, however, failed to make its required contributions to the fund, meaning that it was not sufficiently funded to pay for the medical expenses incurred when plan participants sought healthcare during the relevant time period.

The fact that the hospital, its management, and its board of directors authorized and engaged in the practice of deliberately not contributing to the health plan fund as required resulted in there being an insufficient amount of monies to pay the participants' medical bills. As a result, plan participants began to receive bills, collections notices, and default judgments against them for large sums of monies for unpaid medical expenses. Similarly, those bills that had been initially paid by Anthem with the understanding that Anthem would be reimbursed from the fund were clawed back by Anthem when the fund was unable to make those reimbursement payments. Again, the medical providers then sought to enforce the amounts owed directly against the plan participants through collection action and litigation.

As a result the approximately two hundred employees enrolled in the plan during the relevant time period collectively owe millions of dollars for unpaid medical care and treatment. They also continued to have a portion of their payroll deducted and placed into the fund for a time period when the Defendants were purposefully not contributing their share to fund. The hospital

management and the directors breached their fiduciary duty to the plan participants. They also made material misrepresentations to the participants about contributing to the fund which were relied on by the participants to their detriment. This course of conduct was also negligent and in breach of the contractual terms of the self-funded plan agreed to the hospital and its employees.

## II. Legal Standard of Lifting Stay

Section 362(d) of the Bankruptcy Code provides that an automatic stay must be lifted for certain specified reasons, including when the debtor does not have interest in the property at issue:

> On request of a party-in interest and after notice and a hearing, the Court shall grant relief from the stay provided under sub-section(a) of this Section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest
> > …

Courts have noted that cause may include alleged misconduct and bad faith on the part of debtors. *In re: Highcrest Management Co., Inc.*, 30 B.R. 776, 778 (Bankr. S.D.N.Y. 1983); *In re: Unioil*, 54 B.R. 192 (Bankr. CO 1985). The burden of proof of a party seeking relief from an automatic stay is set out in 11 U.S.C. § 362(g):

> In any hearing under subsection (d) or (e)of this section concerning relief from the stay of any act under subsection (a) of this section –
>
> > (1) the party requesting such relief has the burden of proof on the issue

In this case, the property at issue is an insurance policy covering the non-debtor Defendants. The Debtor Defendants have no equity in this property. Because the Debtor Defendants have no equity in the property at issue, the Debtor Defendants bear the burden of proving that there is insufficient cause to grant relief from the automatic stay. While the Debtor

Defendants have no equity in this insurance policy, the Plaintiffs desperately need this coverage to compensate them for the damages that they have suffered to date.

In its analysis, the Court must conduct a balancing test weighing the following factors:

a) Any great prejudice to either the bankrupt estate or the debtor will result from the continuation of the civil suit,

b) The hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

c) The creditor has a probability of prevailing on the merits.

*Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). In this case, each of the factors supports granting relief from the automatic stay at issue in this case.

With regard to the first factor, as the stay will remain in place as to the Debtor Defendants (Americore entities), there is no great prejudice to the bankrupt estate or Debtor Defendants. Further, even if the Debtor Defendants choose to expend energy and resources in defense of litigation, such expenses are an insufficient injury to the debtor to justify the enjoining of civil litigation against a debtor. *In re: Toddy Shipyards Corporation*, 92 B.R. 600, 603 (Bankr. N.J. 1988); *In re: International Endoscope Manufacturers, Inc.*, 79 B.R. 620, 622 (Bankr. E.D. Pa. 1987).

Should Debtor Defendants attempt to argue that any such expenses would be too voluminous or extensive for the Debtor Defendants to bear, it is notable that such a claim has only been accepted where litigation expenses are truly voluminous and circumstances are extraordinary. *See e.g., In Re: John's Mansville Corp.*, 45 B.R. 823 (Bankr. S.D. NY 1984) (Relief from stay denied where 25,000 lawsuits were at issue); *In re: UNR Industries, Inc.*, 45 B.R. 322 (Bankr. N.D. Ill, 1984) (Relief from stay denied where 17,000 claims

would drain the estate); and *A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 944 (4th Cir. 1986) (Relief from stay denied where 5,000 suits were pending as well as an equal number that were not yet filed).

The second factor also weighs in favor of relief from the automatic stay. As set forth above the harm to the Debtor Defendants is minimal. By contrast, the harm to the Plaintiffs is substantial. With each passing day, medical bills that Plaintiffs are unable to pay continue to destroy their credit. In a small community, with limited options for doctors, Plaintiffs have health care providers who will not see them because of the past due bills. Plaintiffs have small businesses that they can no longer get loans or lines of credit to maintain as their credit has been ruined. All of this was not a result of the Plaintiffs making poor decisions, but instead the result of their belief in the Debtor Defendants' fraudulent misrepresentations regarding the health coverage that was in place to cover their needs.

Each passing day further erodes their credit, increases stress with debt collection attempts, and puts fact witnesses one day further away from the actions that they will be asked about. Plaintiffs cannot wait for the Debtor Defendants to emerge from bankruptcy months or years down the road. They need the ability to pursue their claims now. Further, there is also a significant risk of unnecessary, duplicative litigation as "a full trial on the merits would follow a claims estimation proceeding, particularly against the … defendants … not subject to the jurisdiction of this Court." *Matter of Rexene Products Co.*, 141 B.R. 574, 577 (Bankr. DE 1992).

As to the third prong regarding Movant's probability of success on the merits, the required showing is very slight. *Id.* at 578. "Only strong defenses to [original] court proceedings can prevent a bankruptcy court from granting relief from the stay…." *Fonseca*

*v. Philadelphia Housing Authority (In re Fonseca),* 110 B.R. 191, 196 (Bankr. E.D.PA 1990). No such defense exists in this case. The allegations in this case are uncontroverted. The hospital management and directors made a conscious decision to not only not contribute their required percentage to the fund, but also concealed this action from the plan participants (Plaintiffs). No 12(b)(6) motion to dismiss or motion for summary judgment has been filed in response to these allegations. As a result of the actions of the Debtor Defendants and Non-Debtor Defendants, there were insufficient funds to pay medical expenses and the Plaintiffs have millions of dollars owed in unpaid medical bills.

In evaluating these factors in other class action and ERISA class action litigation, multiple courts have found that relief from the stay, even as to Defendant Debtors (which movants are not requesting here), is appropriate. *Matter of Rexene Prods. Co.*, 141 B.R. 574 (Bankr. DE 1992); *In re: Highcrest Management Co., Inc.*, 30 B.R. 776 (Bankr. S.D.N.Y. 1983); *In re: Unioil*, 54 B.R. 192 (Bankr. CO 1985). In this case, there is cause in the form of the fraud, bad faith and misconduct of the Debtor Defendants. However, in addition, the factors weigh in favor of lifting the stay as there is no great prejudice to either the bankrupt estate or Debtor Defendants, the harm to Plaintiffs is substantial, and the Plaintiffs have a probability of success on the merits.

For these reasons, Plaintiffs request that this Court lift the automatic stay as to the Non-Debtor Defendants.

**<u>Paragraph Identifying Debtors</u>**

Pursuant to the Court's Order (D.N. 67) dated January 10, 2010, the following debtors are identified as relevant:

- Americore Holds, LLC: 19-61608-grs

Dated: February 21, 2020        Respectfully submitted,

    /s/ *Ronald E. Johnson, Jr.*
Ronald E. Johnson Jr.
Hendy Johnson Vaughn Emery
101 North 7th Street, Suite 210
Louisville, KY 40202
rjohnson@justicestartshere.com

*Counsel for Plaintiffs*

## NOTICE

Notice is hereby given that the foregoing has been filed with the Court. Any party objecting to this Motion must file such objection in writing with the Clerk of the court along with notice for hearing and shall serve a copy on all persons receiving electronic notifications in the Chapter 11 Cases as well as upon the Debtor Americore Holdings, LLC. The objection must set forth the grounds for the objection and must be filed within fourteen (14) days of the date of this Motion. In the event that no objections are filed, the Court may enter an order granting the Motion without a hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on this 21st day of February, 2020, through the Court's ECF system, which will send an electronic notice to all counsel of record and will mail a copy of the motion upon the Debtor Americore Holdings, LLC, 3933 S Broadway, St. Louis, MO 63118.

    *Ronald E. Johnson, Jr.*
Ronald E. Johnson Jr.