UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:                                                              Case No. 19-61608-grs

AMERICORE HOLDINGS, LLC, et al.,[1]                                 Chapter 11
CORPORATION,
                                                                    Jointly Administered
    Debtors.
_____/

## NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*
(Document Production Only)

PLEASE TAKE NOTICE that the Official Committee of Unsecured Creditors ("Committee"), through its undersigned attorneys, requests that Penn Med, LLC., c/o its Registered Agent, Nicholas C. Dzendzel, 8 Buckingham Plantation Drive, Bluffton, SC 29910, produce or deliver on or before **March 23, 2020 at 9:00 a.m.** or such other date and time as may be agreed upon, to the office of Nelson Mullins Riley & Scarborough LLP, Attention Pam Wilson, Paralegal, 100 Southeast Third Avenue, One Financial Plaza, Suite 2700, Fort Lauderdale, Florida 33394, all of the documents as detailed in the Subpoena for Rule 2004 Examination attached hereto.[2]

The request for production of documents is pursuant to Federal Rules of Bankruptcy Procedure and that certain Order Granting the Debtor and the Official Committee of Unsecured

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766).

[2] Please contact us to arrange for the electronic delivery of the requested documents or to obtain our Federal Express billing number for delivery of hard copies of the requested documents. Alternatively, we can provide you with a delivery point within 100 miles of the deponent's residence or place of employment. To make the foregoing arrangements, please email Pam Wilson at pam.wilson@nelsonmullins.com.

1

Creditor's Joint Motion for Order Establishing Procedures to Conduct Rule 2004 Examinations [Doc. No. 259] (the "Procedures Order"). The scope of the request is as described in Bankruptcy Rule 2004. Pursuant to the Procedures Order, no further order shall be necessary.

The Committee has discussed issuance of the Subpoena referenced herein with the Trustee and the Trustee is in agreement with the Committee on the issuance of the subpoena and the documents sought. The Committee will share any documents it receives with the Trustee.

| | |
|---|---|
| **DATED**: March 4, 2020 | **Nelson Mullins Riley & Scarborough LLP** |
| | *Counsel for the Committee* |

Two South Biscayne Boulevard
One Biscayne Tower, 21st Floor
Miami, FL 33131
Ph. 305-373-9400 | Fax 305-995-6416

100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Ph. 954-764-7060 | Fax 954-761-8135

By: /s/ Frank P. Terzo
    Frank P. Terzo
    Florida Bar No. 906263
    Frank.Terzo@nelsonmullins.com
    Gary M. Freedman
    Florida Bar No. 727260
    Gary.Freedman@nelsonmullins.com
    Michael D. Lessne
    Florida Bar No. 73881
    Michael.Lessne@nelsonmullins.com

-and-

By: /s/ Adam R. Kegley
    Adam R. Kegley
    Frost Brown Todd LLC
    250 West Main Street, Suite 2800
    Lexington, Kentucky 40507
    Tel: (859) 231-0000
    Fax: (859) 231-0011
    akegley@fbtlaw.com

Counsel for the Committee

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on March 4, 2020, by electronic transmission through the Court's CM/ECF system upon all Filing Users accepting Notice of Electronic Filing and via email to Trustee Carol L. Fox at cfox@glassratner.com and egreen@bakerlaw.com and upon the Examinee, Penn Med, LLC., c/o its Registered Agent, Nicholas C. Dzendzel, 8 Buckingham Plantation Drive, Bluffton, SC 29910 via process server.

/s/ Frank Terzo
Frank Terzo

4829-8836-4470 v.1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:                                                Case No. 19-61608-grs

AMERICORE HOLDINGS, LLC, et al.,[1]                   Chapter 11

,                                                     Jointly Administered

   Debtors.
_____/

## SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

TO:  Penn Med, LLC
     By serving its Registered Agent,
     Nicholas C. Dzendzel
     8 Buckingham Plantation Drive
     Bluffton, SC  29910

[  ] *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.

| PLACE | DATE AND TIME |
|---|---|
| **Nelson Mullins Riley & Scarborough LLP**<br>**100 SE 3rd Avenue**<br>**One Financial Plaza, Suite 2700**<br>**Fort Lauderdale, FL 33394**<br>**Attention Pam Wilson, Paralegal** | **March 23, 2020 at 9:00 a.m.** |

The examination will be recorded by this method: N/A
[XXX] *Production:*

You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material by **March 23, 2020 at 9:00 a.m. at Nelson Mullins Riley & Scarborough LLP, One Financial Plaza, 100 SE 3rd Avenue, Suite 2700, Ft. Lauderdale, FL 33394, 954-764-7060, Attention Pam Wilson, Paralegal**[2]

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766).

[2] Please contact us to arrange for the electronic delivery of the requested documents or to obtain our Federal Express billing number for delivery of hard copies of the requested documents. Alternatively, we can provide you with a delivery point within 100 miles of the deponent's residence or place of employment. To make the foregoing arrangements, please email Pam Wilson at pam.wilson@nelsonmullins.com .

7971353-1

## SEE ATTACHED SCHEDULE "A"

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 4, 2020

|  |  |  |
|---|---|---|
| Clerk of Court | OR | Frank P. Terzo<br>Florida Bar No. 906263<br>Gary M. Freedman<br>Florida Bar No. 727260 |
| _____<br>Signature of Clerk or Deputy Clerk |  | _____<br>Attorney's Signature |

The name, address, email address, and telephone number of the attorney representing the Official Committee of Unsecured Creditors, who issues or requests this subpoena, is: Frank Terzo., Nelson Mullins Broad and Cassel, 100 S.E. 3rd Avenue, One Financial Plaza, Suite 2700, Fort Lauderdale, Florida, (954-745-5231, Frank.Terzo@nelsonmullins.com)

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

2

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (name of individual and title, if any): _____
on (date) _____ .

☐ I returned the Subpoena unexecuted because:
_____

Unless the Subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____

I declare under penalty of perjury that this information is true and correct.

Date: March 4, 2020

Nelson Mullins Riley & Scarborough LLP
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
954-745-5231
Frank.Terzo@nelsonmullins.com

Nelson Mullins Riley & Scarborough LLP
Two South Biscayne Boulevard
One Biscayne Tower, 21st Floor
Miami, FL 33131
305-373-9400
Gary.Freedman@nelsonmullins.com

By: _____
Frank P. Terzo
Florida Bar No. 906263
Gary M. Freedman
Florida Bar No. 727260

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

4

# SCHEDULE "A"

## DEFINITIONS AND INSTRUCTIONS

As used in this request, the following words shall have their common meanings and shall include the meanings indicated:

A. **"Affiliate"** includes (a) any entity whose outstanding interests are directly or indirectly owned, controlled, or held by you or by an entity that directly or indirectly owns, controls, or holds the interests of you, (b) any entity that directly or indirectly owns, controls, or holds the interests of you, (c) any entity whose business or substantially all of whose property is operated under a lease or operating agreement by you that operates the business or substantially all of the property of you under a lease or operating agreement, (d) any entity that directly or indirectly controls, is controlled by, or is under common control with another entity, (e) any entity that either directs or causes the direction of management or policies or you, indirectly or directly, (f) any entity that you direct or cause the direction of management or policies, indirectly or directly, (g) an entity related to you by a familial relationship, (h) parents, or (i) subsidiaries

B. **"Entity"** includes an individual, corporation (including a limited liability corporation), partnership (including a general partnership, limited liability partnership, and a limited partnership), estate, or trust.

C. **"Request"** or **"Requests"** means the Document Requests listed below.

D. **"Trustee"** shall mean Carol L. Fox, Trustee for the Chapter 11 bankruptcy case of the Debtors, Americore Holdings, LLC et al. (including the entities listed in Footnote 1 above).

E. **"You"** and **"Your"** means Penn Med, LLC and includes any and all of its agents, employees, attorneys, and any other person or entity acting or purporting to act on behalf of it or its affiliates.

F. **"Debtors"** means Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766), the Debtors in the above-referenced chapter 11 bankruptcy case and shall include shall include their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries,

6

predecessors, successors and/or assigns, and their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns.

G.  **"Communications"** shall include any correspondence, oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

H.  **"Documents"** shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded or stored, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "Documents" shall include correspondence (including e-mail, electronic message, letters, telegrams, telexes, and mailgrams), communications, memoranda (including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations), notes or memorandum attached to or to be read with any Document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of Documents, which are not identical duplications of the originals or that contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

I.  **"Documents"** shall also include all electronically stored information (hereinafter "ESI") including but not limited to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB), Word Processed Documents (e.g., Word or WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets),

7

Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files; and Backup and Archival Files (e.g., Veritas, Zip, .GHO). Your search for ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary software and inactive or unused computer disc storage areas. The meaning of "Documents" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure, but is not intended and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond that required by the Federal Rules of Civil Procedure.

    J.    **"Concerning"** shall mean, directly or indirectly, concerning, regarding, relating to, referring to, reflecting, mentioning, describing, pertaining to, and/or arising out of or in connection with or in any way legally, logically, or factually being connected with the matter discussed.

    K.    As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall <u>not</u> be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

    L.    When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

    M.    Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall <u>not</u> be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

N.  If You assert that any document called for by a request is protected against disclosure on the grounds of the attorney work product doctrine or by the attorney-client privilege, or any other assertion of privilege, You must provide the following information with respect to such document:

1. the name and capacity of the person or persons who prepared the documents;

2. the name and capacity of all addresses or recipients of the original or copies thereof;

3. the date, if any, borne by the document;

4. a brief description of its subject matter and physical size;

5. the source of the factual information from which such document was prepared; and

6. the nature of the privilege claimed.

O.  You must produce all documents within your possession, care, custody or control that are responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

P.  All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

Q.  Production of electronically stored information ("ESI") or any electronically stored data shall be in native format or another electronic format that does not diminish the accessibility or searchability of the information.

R.  Each hard copy document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive. If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced

S.  All documents that respond, in whole or in part, to any part or clause of any paragraph of these requests shall be produced in their entirety, including all attachments and

9

enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the entities to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with respondents' name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

  T. If you at any time had possession, custody or control of a document called for under these requests and if such document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

  U. Unless stated otherwise, the time period for the request is from January 1, 2017 to the present.

## DOCUMENTS REQUESTED

1.  All Documents evidencing, showing, reflecting or relating to any loan or advance between You or any Affiliate and any of the Debtors.

2.  All Documents evidencing, showing, reflecting, or relating to any lien or security interest You or any Affiliate of Yours asserts in the real or personal property of any of the Debtors, including but not limited to, promissory notes, mortgages, deeds of trust, intercreditor agreements, subordination agreements, forbearance agreements, guaranties, security agreements, financing statements (UCC-1s) and the like, including any modifications or amendments thereto.

3.  All Documents evidencing, showing, reflecting or relating to any services You or any Affiliate provided in exchange for the monies you were paid, including fees and commissions, from any of the Debtors or any individuals or entities acting as marketers or promoters on behalf of any of the Debtors.

4.  All Documents evidencing, showing, reflecting, or relating to the compensation received by You or any Affiliate involving a loan or advance to any of the Debtors.

5.  Any Document recorded in any official record repository which would tend to evidence or establish a lien or perfect a security interest in favor of You or an Affiliate of Yours involving the real or personal property of any the Debtors.

6.  All Communications between You or an Affiliate and any of the Debtors in any way relating to (a) the services You or an Affiliate provided to or the fees You or an Affiliate charged to any of the Debtors and (b) any loan proposed or made by You or an Affiliate to any of the Debtors.

7.  All Communications sent or received by You or an Affiliate evidencing, showing, reflecting, or related to any loan or advance proposed or made to any of the Debtors by You or an Affiliate.

8.  All Documents evidencing, showing, reflecting or relating to any loan history and payment history ledgers related to any loan from You or an Affiliate relating to any of the Debtors.

9.  All Documents and information from any loan servicing programs or databases used to track loan payments and loan history, including data from any and all loan servicing notes modules and billing/finance modules involving any loan from You or an Affiliate to any of the

Debtors.

10. The underwriting file with respect to any loan made directly by You or an Affiliate relating to any loan to any of the Debtors.

11. Any appraisals of any real or personal property of any of the Debtors.

12. All Documents, including all files and communications, which concern, refer to, describe, summarize, constitute, evidence, establish, explain, or mention, in whole or in part, any agreement, contract, or relationship of any kind between you and any of the Debtors.

13. All organizational documents for You, including each of your Affiliates, and an organizational chart reflecting the relationships between You and your Affiliates.

14. Copies of all insurance policies that may provide coverage for You and your Affiliates for a potential cause of action by the Trustee against You or your Affiliates arising out your loans or advances to any of the Debtors.

4813-6746-1814 v.1

12