**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-61608 |
| | ) | |
| AMERICORE HOLDINGS, LLC, *et al.*[1] | ) | Jointly administered |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

**DEBTORS' OBJECTION TO CALICO ROCK MED, LLC'S MOTION SEEKING
RELIEF FROM THE AUTOMATIC STAY [ECF NO. 341]**

Americore Holdings, LLC, and its affiliated debtors (collectively, the "Debtors") by and through Carol L. Fox, the Chapter 11 Trustee ("Ms. Fox" or "Trustee"), files this *Objection to Calico Rock Med, LLC's Motion Seeking Relief from the Automatic Stay* [ECF No. 341], and states as follows in support.

## BACKGROUND – CHAPTER 11 TRUSTEE APPOINTMENT

1. On December 31, 2019 each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

2. On February 20, 2020 the Court entered an agreed order for the appointment of a Chapter 11 Trustee and directing the United States Trustee ("UST") to immediately appoint a Chapter 11 Trustee in the Debtors' jointly administered cases. [ECF No. 258]. On February 21, 2020 the UST filed its Notice of Appointment of Ms. Fox as Chapter 11 Trustee [ECF No. 260], and on February 24, 2020 Ms. Fox filed her Notice of Acceptance of the appointment as Trustee

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

[ECF No. 269]. The Trustee has worked to stabilize all operations of the Debtors since her appointment.

### IZARD COUNTY MEDICAL CENTER, LLC IS A CRITICAL ACCESS HOSPITAL

3. The Debtor against which relief from stay was sought, Izard County Medical Center, LLC ("Izard Hospital"), operates a critical access hospital in Calico Rock, Arkansas, pursuant to a lease with Calico Rock Med, LLC ("Landlord").

4. Izard Hospital was established in 1952 and acquired by Americore in 2017. Izard Hospital has 25 beds and an emergency room open 24 hours a day, 7 days a week. The Centers for Medicare and Medicaid Services ("CMS") designated Izard Hospital as a critical access hospital, which hospitals are designed to reduce the financial vulnerability of rural hospitals and improve access to healthcare by keeping essential services in rural communities.

5. Izard Hospital has continued operations during its Chapter 11 case. On March 21, 2020, the patient care ombudsman ("PCO") filed a report with the Court stating that no significant risk concerns were observed during the PCO's recent visit to Izard Hospital and that the PCO had reviewed Izard Hospital's Coronavirus response plan against CDC guidelines and found the hospital to be in compliance. [ECF No. 393, p. 13].

### SUMMARY OF LANDLORD'S MOTION FOR RELIEF FROM STAY AND RELATED STATE COURT COMPLAINT

6. The Landlord has filed a motion for relief from stay ("Motion") [ECF No. 341] seeking, at its core, a declaration that the lease with Izard Hospital terminated pre-petition, or alternatively, that the stay should be lifted to permit the Landlord to return to litigating a complaint it filed on December 5, 2019 seeking the appointment of a receiver and certain other injunctive relief ("Complaint"). In the Complaint, the Landlord expressed a serious understandable concern regarding Izard Hospital's pre-petition management, and sought the appointment of a receiver to

prevent "further dissipation or mismanagement of [Izard Hospital's] assets and medical services, all of which will result in irreparable harm not only to the [Landlord] but to the citizens of Izard County, Arkansas." [ECF No. 341-2 p.6, ¶ 24]. The Debtors believe that the appointment of Ms. Fox as Chapter 11 Trustee should operate to alleviate the Landlord's concerns regarding the management of Izard Hospital rendering a receiver and stay relief to seek the appointment of a receiver, unnecessary.

7. Notably, the Landlord also states in the Complaint that "It is absolutely vital to the citizens of Izard County, Arkansas that [Izard Hospital] remain open and fully operational." [ECF No. 341-2 p.6, ¶ 24]. The Trustee agrees.

8. In the Motion, the Landlord alleges that Izard Hospital is in arrears with respect to certain pre-petition taxes, and that the Landlord is owed both pre-petition and post-petition lease payments. Landlord also argues it is entitled to adequate protection payments pursuant to 11 U.S.C. § 361.

## THE LANDLORD'S MOTION FOR RELIEF FROM STAY MUST BE DENIED

9. Bankruptcy Code Section[2] 541(a) broadly defines property of the estate to include all legal or equitable interests of the debtor in property as of the commencement of the case. *In re Howell Enterprises, Inc.*, 105 B.R. 494, 497 (Bankr. E.D.Ark. 1989). Where, as here, a debtor has legal and equitable rights under a lease as of the petition date, such rights become property of the estate.

10. The filing of a bankruptcy petition operates as a stay against, among other things, the continuation of a judicial action against the debtor. *In re Wells*, 536 B.R. 264, 267 (Bankr. E.D. Ark. 2015) *citing* 11 U.S.C. § 362(a)(1). The automatic stay also applies to "any act to obtain

---

[2] Unless otherwise provided herein, all references to the "Bankruptcy Code" shall refer to Title 11 of the United States Code, *et seq*.

3

possession of property of the estate or of property from the estate." *Id. citing* 11 U.S.C. § 362(a)(3).

11.   Relief from the automatic stay is only appropriate if a Debtor has no legal or equitable interest in property or where the property is not essential to a reorganization. *In re Howell Enterprises, Inc.*, 105 B.R. 494, 497 (Bankr. E.D.Ark. 1989). Here, the lease is critical to reorganization, and Izard Hospital – which presently occupies the leased premises as a functioning critical access hospital—without question has an interest in the lease as property of the estate pursuant to Bankruptcy Code Section 541(a) protected by the automatic stay pursuant to Bankruptcy Code Section 362(a).

12.   In *In re Wells*, 536 B.R. 264 (Bankr. E.D. Ark. 2015)[3], the bankruptcy court for the Eastern District of Arkansas cited with approval several decisions concluding that a debtor's mere possession of property or mere possessory interest in property is protected by Section 362(a): *Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.)*, 901 F.2d 325, 328 (a "possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362"); *48 St. Steakhouse, Inc. v. Rockefeller Group (In re 48 St. Steakhouse, Inc.)* 835 F.2d 427, 430 (2nd Cir. 1987) ("mere possessory interest in real property… is sufficient to trigger protection of the automatic stay"); *In re Lankford*, 305 B.R. 297, 301-02 (Bankr. N.D. Iowa 2004) ("All recognizable interests of the debtors or the estate are afforded the protection of § 362(a). This includes a mere possessory interest in real property… The automatic stay covers eviction actions.") (*citing In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998); *Turbowind, Inc. v. Post St. Mgmt. Inc.* (*In re Turbowind, Inc.*), 42 B.R. 579, 585 (Bankr. S.D. Cal. 1984) ("The language of § 362 is clear that mere possession of

---

[3] In re *Wells*, the bankruptcy court denied a motion for relief from automatic stay where the debtor no longer had any legal interest in real property on petition date, but retained an equitable interest due to occupying the real property which interest was entitled to protection.

4

property is sufficient to invoke the protections of the automatic stay.") *See also, e.g. In re 2408 W. Kennedy, LLC,* 512 B.R. 708, 710 (Bankr. M.D. Fla. 2014) (denying stay relief and concluding that, under Florida law, debtor had a leasehold interest and the right to assume the lease if it were able to satisfy the other requirements of Bankruptcy Code section 365 even after entry of a final judgment for possession or issuance of a writ of possession). Here, the Trustee believes the Izard Hospital has both a legal and equitable interest in the lease deserving of the protection of the automatic stay. In addition, the global Coronavirus pandemic makes it critically necessary to have all hospitals open and operating, including Izard Hospital. Indeed, the Landlord and the Trustee agree on this point; it is imperative that Izard Hospital remain operational and care for the public both during and after the current global health crisis.

13. Moreover, Izard Hospital's lease is a valuable asset of the estate. The Trustee is exploring a sale of all of the Debtors assets, including Izard Hospital, as going-concerns to new operators. If relief from stay is granted and the Landlord is permitted to terminate the lease, the Trustee will not be able to sell Izard Hospital as a going-concern, which will have a tremendous negative impact upon the estates because it would preclude the Debtors from curing defaults under the lease as necessary to assume and assign the lease to a new operator of Izard Hospital pursuant to Bankruptcy Code Section 365. Furthermore, the Landlord is adequately protected in this case as it will have an administrative claim for the reasonable value of the leased premises. As such, the Debtors oppose the Landlord's motion for relief from stay.

WHEREFORE, the Trustee requests that the Court sustain this objection and deny Landlord's motion for relief from stay [ECF No. 341] and for such other relief as is just and proper.

## NOTICE OF HEARING

**Please take notice that this motion will be heard by the Court on April 23, 2020, at 9:00 a.m. in the Second Floor Courtroom, U.S. Bankruptcy Court, 100 East Vine Street, Lexington, KY 40507.**

Dated: March 24, 2020

*s/ Tiffany Payne Geyer*
Tiffany Payne Geyer (*admitted pro hac vice*)
Florida Bar No. 421448
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone 407-649-4000
Facsimile 407-841-0168
tpaynegeyer@bakerlaw.com

*Counsel to Carol L. Fox, Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2020, a true and correct copy of the foregoing was served electronically through the Court's ECF system upon all Filing Users accepting Notice of Electronic Filing.

*s/ Tiffany Payne Geyer*
Tiffany Payne Geyer