**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-61608 |
| | ) | |
| Americore Holdings, LLC, *et al.*[1] | ) | Jointly administered |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

***ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLLY ALL OF THE DEBTORS' ASSETS (ST. ALXIEUS), (II) ESTABLISHING PROCEDURES FOR THE ASSUMPTION AND/OR ASSIGNMENT BY THE TRUSTEE OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) APPROVING THE FORM AND MANNER OF NOTICE OF BIDDING PROCEDURES, (IV) SETTTING OBJECTION DEADLINES, AND (V) GRANTING RELATED RELIEF***

This matter came on for hearing (the "Hearing") on Carol L. Fox, in her capacity as Chapter 11 Trustee ("Trustee") of St. Alexius Properties, LLC, St. Alexius Hospital Corporation # 1 and Success Healthcare 2, LLC (the "Debtors") motion (the "Motion")[2] for entry of an order:

(i) approving bidding procedures ("Proposed Bidding Procedures") in connection with the sale ("Sale") of substantially all of the Debtors' assets;

(ii) establishing procedures related to the assumption and assignment by the Trustee of certain executory contracts and unexpired leases to which the Debtors are a party;

(iii) approving the form and manner of notice of the bid procedures;

(iv) setting deadlines for objections to the sale; and

---

[1] The debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses):  Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion

(v) granting related relief.

The Court having determined that it has jurisdiction over the matters raised by the Motion and that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; it is hereby

ORDERED:

1. The Motion is granted.

2. The Bidding Procedures, as set forth on Schedule 1 attached hereto and incorporated herein by reference as if fully set forth in this Order, are hereby approved and shall govern all proceedings relating to the solicitation of bids for the Purchased Assets in these cases and the Auction.

3. The Assumption and Assignment Procedures set forth in the Motion and revised by the Bidding Procedures regarding the assumption and assignment of the Purchased Contracts are approved. On or before June 5, 2020, the Trustee shall serve the Assumption and Assignment Notice as set forth in the Motion. Objections (if any) to the Assumption and Assignment Notice shall be filed on or before June 19, 2020 at 5:00 p.m. (prevailing Eastern Time).

4. The Lien and Credit Bidding Procedures set forth in the Motion and revised by the Bidding Procedures are approved.

5. On or before June 8, 2020, the Trustee shall (i) file the terms of proposed transactional documents consummating the Sale, or (ii) identify a stalking horse bidder and file the terms of the proposed transactional documents to consummate the stalking horse bid (in either case, the "Proposed Transaction Documents").

6. The deadline to submit bids or all or a portion of the Purchased Assets shall be June 29, 2020 at 5:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").

7. If more than one Qualified Bid by a Qualified Bidder is received by the Bid Deadline, the Auction with respect to the Purchased Assets shall take place on July 1, 2020 at 10:00 a.m. (prevailing Eastern Time) (the "Auction") at the location and subject to the terms set forth in the Bidding Procedures, *provided that* the Trustee may change the date of the Auction to occur on the day before the Sale Hearing (as defined below).

4822-6499-4235.3

8. On or before June 1, 2020, the Trustee may file a motion seeking an order authorizing and approving: (i) the sale of the Purchased Assets to the Winning Bidder free and clear of all liens, claims, encumbrances, and interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases to the Winning Bidder, and (iii) certain related relief (the "Sale Motion"). If timely filed, the Court will conduct a hearing on the Sale Motion as provided in the Bidding Procedures ("Sale Hearing").

9. Notwithstanding anything in this Order to the contrary, or anything in any subsequent notice relating to the Sale to the contrary, the Trustee shall, no later than thirty (30) days prior to Closing on the Sale unless extended by agreement of Cigna and the Trustee, provide Cigna (through its counsel which have appeared in these Chapter 11 cases) with written, irrevocable notice of whether the Trustee/Debtors propose to assume and assign the Hospital Services Agreement between Cigna Health and Life Insurance Company and St. Alexius Hospital Corporation #1 ("Cigna Provider Agreement") to the purchaser as part of the Sale. In addition, no later than ten (10) days prior to any hearing to consider the assumption and assignment of the Cigna Provider Agreement unless extended by agreement of Cigna and the Trustee, the Trustee/Debtors shall provide to Cigna (through its counsel which have appeared in these Chapter 11 cases) evidence of the ability of any proposed purchaser to perform under the Cigna Provider Agreement, and shall thereafter promptly provide any additional adequate assurance information reasonably requested by Cigna.

10. The Trustee is authorized to take any and all actions necessary to implement the Bidding Procedures.

11. This Court retains jurisdiction to hear and determine all matters relating to the interpretation, implementation, or enforcement of this Order.

12. Following the entry of this Order, the Trustee shall cause this Order to be served on the same parties and in the same manner as the Motion and shall file a certificate of service reflecting such service which shall be deemed sufficient for all purposes of this Order.

Order Tendered by:

*/s/ Elizabeth A. Green*
Elizabeth A. Green
Fla. Bar. No. 600547
**Baker & Hostetler LLP**
200 South Orange Ave.
Suite 2300
Orlando, FL 32801
Tel. 407-649-4079
Fax: 407-841-0168
egreen@bakerlaw.com

*Counsel to Chapter 11 Trustee*

4822-6499-4235.3

## SCHEDULE 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-61608 |
| | ) | |
| Americore Holdings, LLC, *et al.*[3] | ) | Jointly administered |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

## BIDDING PROCEDURES

By motion dated April 24, 2020 (the "Motion")[4], Carol F. Fox, in her capacity as Chapter 11 trustee ("Trustee") of St. Alexius Properties, LLC, St. Alexius Hospital Corporation #1 and Success Healthcare 2, LLC (collectively, the "Debtors"), sought approval of procedures through which the Trustee will determine the highest or otherwise best price for the sale ("Sale") of substantially all of the Debtors' assets (collectively, the "Purchased Assets") outside the ordinary course of business (the "Sale").

The Sale will be subject to competitive bidding as set forth herein and approval of the Court pursuant to sections 105, 363, and 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Trustee shall seek approval of the Sale to the Winning Bidder in the Sale Motion discussed below.

The United States Bankruptcy Court for the Eastern District of Kentucky (the "Court") entered an Order (the "Bidding Procedures Order"), which, among other things, approved the process and procedures set forth below (the "Bidding Procedures").

    A.    **The Sale Motion**

On or before June 8, 2020, the Trustee shall (i) file the terms of proposed transactional documents related to the Sale; or (ii) identify a stalking horse bidder (the "Stalking Horse Bidder") and file the terms of the proposed transactional documents related to the stalking horse bid (in either case, the "Proposed Transactional Documents").

---

[3] The debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

[4] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

4

4822-6499-4235.3

The Trustee shall file a motion seeking an order authorizing and approving: (i) the sale of the Purchased Assets to the Winning Bidder (as defined herein) free and clear of all liens, claims, encumbrances and interests, (ii) the assumption and assignment of certain executory contracts and unexpired leases to the Winning Bidder, and (ii) certain related relief (the "Sale Motion").

The Sale Motion shall be filed by the Trustee on or prior to June 1, 2020, and will request a hearing before the Court shortly after the Auction to confirm the results of the sale process.

### B.     Sale Participation Requirements

Each entity qualifying as a "Qualified Bidder," in the determination of the Trustee and her advisors, shall be permitted to participate in the Auction and to bid for some or all of the Purchased Assets.

### C.     Bid Deadline and Bid Requirements

Any entity wishing to participate in the bidding process (each a "Potential Bidder") may submit a bid for either: (i) all or substantially all of the Debtors' assets or (ii) only certain of the Debtors' assets (a "Piecemeal Bid").

To participate in the Sale process, each Potential Bidder must on or before June 29, 2020 at 5:00 p.m. prevailing Eastern Time (the "Bid Deadline"):

   i.   Submit to the Trustee a Modified Agreement (defined below) that includes a purchase price for some or all of the Purchased Assets ("Bid Amount"). A Potential Bidder may also submit a bid that contemplates a proposed plan or reorganization that complies with the other bid requirements and all applicable provisions of the Bankruptcy Code.

   ii.  To the extent a Potential Bidder seeks access to the due diligence materials referenced below in Section D, submit to the Trustee an executed confidentiality agreement in form and substance acceptable to the Trustee.

   iii. Fully disclose the identity of each entity that will be bidding for the assets or otherwise participating in connection with such bid and the complete terms of any such participation.

   iv.  Indicate the form of consideration of the bid and the estimated market value of any non-cash consideration.

   v.   If the Potential Bidder is submitting a Piecemeal Bid, the Potential Bidder must identify which assets are included in the bid.

   vi.  Submit to the Debtors an irrevocable offer in the form of an executed asset purchase agreement and other proposed transactional documents (the "Modified Agreements"): (A) without financing, or due diligence

5

    contingencies; (B) at a price with a readably ascertainable market value; and (C) on terms substantially similar to those terms contained in the Proposed Transactional Documents or clearly marked as to departures to the same. The Qualified Bidder shall also submit a marked (redlined) version of the Modified Agreements reflecting the changes the Qualified Bidder proposes to make to the Proposed Transactional Documents.

vii. Except for any allowed credit bid portion of any bid a Potential Bidder intends to make, make a good faith cash deposit in the form of a cashier's check or wire transfer into an interest-bearing escrow account (the "Escrow Account") maintained by the Trustee's counsel in an amount not less than 10% of the bid amount (not including any credit bid amount), which deposit shall immediately become non-refundable and credited toward the purchase price if and when the Qualified Bidder making such deposit is declared to be the winning bidder (the "Winning Bid" and "Winning Bidder") at the Sale Hearing. In the event a Qualified Bidder is not the Winning Bidder, such Qualified Bidder's deposit shall be refunded as set forth herein.

viii. Provide a list of the Trustee's executory contracts and unexpired leases with respect to which the Potential Bidder seeks assumption by and assignment from the Trustee.

ix. Agree to assume any 2020/2021 Residency CAP Affiliation Agreement, any 2020/2021 Master Agreement for Shared Rotational Arrangements, all existing provider agreements and all other required executory contracts and agreements related thereto and identified by the Trustee and noticed on or before May 22, 2020.

x. Provide reasonably satisfactory written evidence, in the discretion of the Trustee, of its financial ability to: (a) fully and timely perform and close the Sale pursuant to the Modified Agreements at a price equal to 125% of the bid amount if it is declared to be the Winning Bidder; and (b) provide adequate assurance of future performance of all executory contracts and unexpired leases to be assigned to it. Evidence of the allowance of any bidder's credit bid under these Bidding Procedures shall be sufficient for proof of financial ability in connection with any credit bid portion of a bid.

xi. Disclose any known connections or agreements with the Trustee or any other known potential, prospective bidder or Qualified Bidder, any officer, director or equity security holder of the Debtors and/or any creditor in the cases.

xii. Confirm in writing its agreement to accept and abide by the terms, conditions and procedures set forth herein and provide evidence of due authorization to enter into the Sale pursuant to the Modified Agreements. In the event that the Potential Bidder is an entity specially formed for the

6

purpose of effectuating the contemplated transaction, then the Bidder must furnish written evidence acceptable to the Trustee of the approval of the contemplated transaction by the equity holder(s) or members of such Potential Bidder.

The Trustee will promptly advise each Potential Bidder in writing whether or not its particular bid is a qualifying bid ("Qualifying Bid") and whether or not the Potential Bidder is a Qualified Bidder. If a bid submitted on or prior to the Bid Deadline fails to meet all the requirements of a Qualified Bid, the Trustee is entitled to work with the Potential Bidder in an effort to cure any defects in the bid and to cause such bid to become a Qualified Bid prior to the commencement of the Auction.

A Potential Bidder that desires to make a bid must deliver written copies of its bid, by mail, facsimile, or email, so as to be actually received no later than the Bid Deadline to:

(i) Chapter 11 Trustee, Carol L. Fox, GlassRatner Advisory & Capital Group, LLC, 200 E. Broward Blvd., Suite 1010, Fort Lauderdale, Florida 33301 (cfox@glassratner.com);

(ii) Counsel to the Trustee, Baker & Hostetler, LLP, 200 S. Orange Avenue, Suite 2300, Orlando, Florida 32801, Attn: Elizabeth A. Green (egreen@bakerlaw.com), Jimmy D. Parrish (jparrish@bakerlaw.com), and Tiffany Payne Geyer (tpaynegeyer@bakerlaw.com);

(iii) Counsel to the Creditors' Committee, Nelson Mullins Riley & Scarborough LLP, 2 South Biscayne Blvd, Suite 2100, Miami, Florida 33131, Attn: Frank Terzo (frank.terzo@nelsonmullins.com), Gary Freedman (gary.freedman@nelsonmullins.com), Michael Lessne (michael.lessne@nelsonmullins.com) and Frost Brown Todd LLC, 301 East Fourth Street, Cincinnati, OG 45202, Attn: Adam Kegley (akegley@fbtlaw.com) and Douglas Lutz (dlutz@fbtlaw.com);

(iv) The Trustee's investment banker, B. Riley FBR Inc., 299 Park Avenue, 21st Floor, New York, NY 10171, Attn: Perry Mandarino (pmandarino@brileyfbr.com) and Daniel Golynskiy (dgolynskiy@brileyfbr.com); and

(v) The Office of the United States Trustee, 100 E. Vine St. #500, Lexington, KY 40507, Attn: John Daugherty (John.Daugherty@usdoj.gov) and Bradley Nerderman (Bradley.nerderman@usdoj.gov).

(collectively, the "Notice Parties").

After the Bid Deadline, but at least one business day prior to the Auction, the Trustee may provide each Qualified Bidder that submits a Qualified Bid with a copy of all Qualified Bids other than: (i) agreements, schedules, exhibits, and annexes which contain confidential or

financial information of the Potential Bidder submitting the Qualified Bid; and (ii) financing letters delivered in connection with such Qualified Bid.

### D. Obtaining Due Diligence Access and Due Diligence Requests from Potential Bidders

Upon execution of a confidentiality agreement in a form acceptable to the Trustee and proof of financial wherewithal to consummate a transaction for the Bid Amount plus any additional bid to be made at the Auction (collectively, the "Preliminary Bid Documents"), any Potential Bidder that wishes to conduct due diligence on the Purchased Assets may be granted access to all material information that has been or will be provided to the other bidders. The due diligence period for Potential Bidders will end one (1) business day prior to the Bid Deadline. Potential Bidders shall not be required to provide proof of financial wherewithal as to any credit bid portion of their Bid Amount as long as such credit bid has been allowed in accordance with these Bidding Procedures.

The Trustee along with her advisors shall coordinate all reasonable requests for additional information and due diligence access from Potential Bidders; provided, however, the Trustee may decline to provide such information to Potential Bidders who, the Trustee in her reasonable business judgment subsequently determine do not intend in good faith to, or do not have the capacity to, consummate the purchase of any or all of the Assets.

The Trustee designates the Investment Banker. to coordinate all reasonable requests for additional information and due diligence access. The contact information for the Investment Banker is: B. Riley FBR, Inc., 299 Park Avenue, 21st Floor, New York, NY 10171, Attn: Perry Mandarino (pmandarino@brileyfbr.com) and Daniel Golynskiy (dgolynskiy@brileyfbr.com).

Each Potential Bidder shall comply with all reasonable requests for additional information by the Trustee or her advisors regarding such Potential Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by a Potential Bidder to comply with requests for additional information may be a basis for a determination that a bid made by such Potential Bidder is not a Qualified Bid.

### E. Identifying Liens and Credit Bids

The procedures listed in this Section E., (the "Lien and Credit Bidding Procedures") will be used for identifying lien claims against the Purchased Assets for purposes of credit bidding and consent to the Sale:

   i. On or before May 21, 2020, any person or entity claiming to hold a lien, mortgage, claim, or encumbrance of any kind on any of the Purchased Assets ("Lien Claimant") shall file with the Court a notice (the "Notice of Claim of Lien") which shall (i) indicate the amount allegedly owed to the claimant, (ii) provide an accounting of the amounts allegedly owned, and (iii) describe the purported lien, claim, or encumbrance and a description of the Debtors' assets to which such lien, claim, or encumbrance allegedly attaches, (iv) indicate whether

8

        the creditor seeks to credit bid any portion of the asserted claim, and (v) shall serve such Notice of Claim of Lien on the Notice Parties and the Master Service List (most recently filed at Doc. No. 425).

    ii.    Any Lien Claimant who does not timely file a Notice of Claim of Lien or who timely files a Notice of Claim of Lien but does not indicate an intention to credit bid shall be deemed to have waived any rights to credit bid in connection with these Bidding Procedures.

    iii.    Any Lien Claimant who does not timely file a Notice of Claim of Lien shall be deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code, and shall not be entitled to oppose the sale on the basis that section 363(f) is not satisfied.

    iv.    Each Lien Claimant who timely files a Notice of Claim of Lien and indicates its intent to credit bid in connection with the Bid Procedures must still comply with each of the requirements set forth in these Bid Procedures including Section C in order to participate in the Sale process.

    v.    Upon the filing of a Notice of Claim of Lien, parties in interest may serve discovery in accordance with Rules 7026-7037 of the Federal Rules of Bankruptcy Procedure on the filing Lien Claimant except that all responses shall be expedited so that they are produced within fourteen (14) days of service of any request. However, such discovery shall be limited to the amount, priority (including subordination), and validity of the interests claimed by the Lien Claimant and shall not be expanded to collateral matters beyond those.

    vi.    Parties in interest shall have until on or before June 4, 2020, to object to the Notice of Claim of Lien (a "<u>Lien Objection</u>"). If parties in interest do not object to a Notice of Claim of Lien, it shall be considered valid for purposes of the Sale to the extent, priority, and validity set forth in the Notice of Claim of Lien, and the holder of such a claim may be eligible to credit bid, provided that all other applicable requirements of a Qualified Bid are satisfied.

    vii.    If a party in interest files a Lien Objection to a Notice of Claim of Lien, the parties will coordinate an expedited hearing with the Court prior to June 26, 2020, at which the Court shall estimate or determine the amount, priority, extent and validity of the purported lien for purposes of the Sale.

    F.    **"As Is, Where Is"**

The Sale of the Purchased Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Trustee, her agents or estates, except to the extent set forth in the purchase agreement between the Trustee and a Winning Bidder, the assignment and bill of sale delivered pursuant to such purchase agreement, or the order approving the sale of the Purchased Assets by the Trustee to the Winning Bidder.

4822-6499-4235.3

Except as otherwise may be provided in the Winning Bid, all of the Trustee's and the applicable Debtors' rights, title and interest in and to the Purchased Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests"), such Interests to attach to the proceeds (if any) of the Sale of the Purchased Assets less any customary transfer, recording tax, and similar costs associated with the closing of the sale, with the same validity and priority as existed immediately prior to such Sale.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Purchased Assets prior to making its offer, that it has relied solely upon its independent review, investigation and/or inspection of any documents in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets or the completeness of any information provided in connection with the bidding process, in each case except as expressly stated in the documents governing such bid.

### G.   The Auction

If more than one Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to the sale of the Purchased Assets shall take place on or about July 1, 2020 at 10:00 a.m. (prevailing Eastern Time) (the "Auction Date").[5]  The Auction will be conducted via telephone unless the Trustee provides notice to all Qualified Bidders and other invitees of the location of a live Auction. The Auction will be conducted in accordance with the procedures set forth in the Proposed Bidding Procedures.  If, however, multiple Qualified Bids are not received by the Bid Deadline, then the Auction will not be held and the Trustee may proceed to sell the Purchased Assets pursuant to the any Qualified Bid received.

The following rules shall apply at the Auction:

   i.   Only Qualified Bidders that have submitted Qualified Bids shall be entitled to make a bid at and otherwise participate in the Auction;

   ii.  Each Qualified Bidder shall appear in person or have an authorized representative appear on the Qualified Bidder's behalf;

   iii. Each Qualified Bidder participating in the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale;

---

[5] As set forth herein, subject to the Court's availability, the Trustee will request a hearing on or about July 2, 2020 to consider approval of the sale.  The Trustee reserves the right to move the date of the Auction, so that the Auction occurs the day before the hearing; however, interested parties shall be provided reasonable notice and an opportunity to object to the Sale.

10

4822-6499-4235.3

iv. The Trustee in her business judgment will determine which Qualified Bid is the Opening Bid;

v. The Trustee in her business judgment shall select the number of Qualified Bidders participating in the Auction and will conduct the Auction in the manner she determines will best promote the goals of the bidding process and will achieve the maximum value for the Purchased Assets;

vi. After selection of the Opening Bid, Qualifying Bidders may then submit successive bids on an open basis in increments of at least $100,000.00 higher in cash or in cash equivalents including credit bids, than the preceding Qualified Bid; *provided, however*, that the Trustee may reasonably modify the bid increment requirement amount;

vii. The Trustee may continue the Auction from time to time, adjourn the Auction at any time and re-open the Auction at any time prior to the commencement of the Sale Hearing;

viii. At the conclusion of the Auction, the Trustee shall, in her business judgment, identify the Winning Bid and the Winning Bidder.  For the avoidance of doubt, the Trustee may consider bids that contemplate a plan of reorganization and may determine that such bid is the Winning Bid at the Auction (or otherwise).  There may be more than one Winning Bid and Winning Bidder if individual Piecemeal Bids are determined to be Qualified Bids.  The Trustee shall also name the entity presenting the next highest and best bid (the "Next Highest Bid") and the entity presenting same (the "Next Highest Bidder").  At the Sale Hearing (as defined below), the Trustee shall present the Winning Bid and Next Highest Bid to the Court for approval. The Trustee's presentation of the announced Winning Bid to the Court for approval does not constitute the Trustee's acceptance of such Winning Bid. The Trustee shall have accepted a Winning Bid only when the Court has approved such bid;

ix. In her business judgment and in consultation with Lien Claimants and the Official Committee of Unsecured Creditors, the Trustee reserves all rights to terminate the bidding process at any time if the Trustee determine, consistent with her fiduciary duties and in her business judgment, that the bidding process will not maximize the value of the Debtors' estates; and

11

4822-6499-4235.3

   x.  Bidding at the Auction will be transcribed to ensure an accurate recording of the bidding.

### H. Other Terms

If an Auction is held, the Trustee shall be deemed to have accepted a Qualified Bid only when: (i) such bid is declared the Winning Bid at the conclusion of the Auction; (ii) the Winning Bidder (other than the Stalking Horse Bidder) shall have paid an additional deposit which when added to the initial deposit equals fifteen percent (15%) of the noncredit bid portion of the Winning Bid (the "Additional Deposit"); and (iii) definitive documentation has been executed in respect thereof. The Winning Bidder (other than the Stalking Horse Bidder) shall make the Additional Deposit if necessary into the Escrow Account within one (1) business day after the conclusion of the Auction. Such acceptance by the Trustee of the Winning Bid is conditioned upon approval by the Court of the Winning Bid and the entry of an Order approving such Winning Bid.

In the event there are two or more Qualified Bidders who submit bids, each Qualified Bidder shall keep its final and highest bid open pending a closing of a transaction of the Winning Bid. In the event that a transaction of the Winning Bid is not consummated by the Closing Date (unless the Closing Date is extended as set forth herein), the Next Highest Bidder with the Next Highest Bid shall be deemed the Winning Bidder without further order of the Court, and such bidder shall be required to consummate the transaction contemplated in its bid within ten (10) days of being deemed the Winning Bidder.

### I. Return of Deposit

Upon approval of the Sale by the Court, the Winning Bidder's deposit shall become non-refundable. Within five (5) Business Days after the closing of the Sale to the Winning Bidder, the refundable deposits of all unsuccessful bidders shall be refunded. In the event a dispute arises about whether a deposit is refundable or non-refundable, the deposit shall remain in the Escrow Account pending a determination of the dispute by the Court.

### J. Failure to Close

The transaction evidenced by the Winning Bid shall close not later than July 14, 2020 [6] (the "Closing Date") at which time the Winning Bidder shall pay the balance of the Winning Bid (the Winning Bid amount less the deposit) into the Escrow Account, unless the Closing Date is extended by the Trustee.

In the event a declared Winning Bidder fails to timely perform any of its obligations under these procedures or pursuant to the definitive agreements: (a) the declared Winning Bidder shall forfeit all deposits made without regard to the Trustee's ultimate damages occasioned by such failure; such deposits shall be applied to the Trustee's damages, if any, and shall not

---

[6] Subject to an extension by the Trustee, in her discretion.

4822-6499-4235.3

constitute liquidated damages; and, notwithstanding the foregoing, the Trustee and the bankruptcy estates shall retain all other rights, remedies, claims, counterclaims, and defenses, including the right to seek equitable or injunctive relief; and (b) the Trustee may grant any declared Winning Bidder additional time to perform, and, to the extent necessary, extend the Closing Date.

### K. Reservation of Rights

The Trustee may modify the Bidding Procedures set forth herein at any time prior to or during the Auction if the Trustee determines, in her judgment, that such modifications will better promote the goals of the Auction process and are in the best interests of the bankruptcy estates and the creditors thereof. Such reservation is subject objection by any party-in-interest and any objecting party may request an emergency hearing with the Court if necessary to resolve. The Court shall retain jurisdiction to enforce and interpret these Bidding Procedures and any Order approving them.

4822-6499-4235.3

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, May 12, 2020**
**(grs)**