UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:                                                   Case No. 19-61608-GRS

AMERICORE HOLDINGS, LLC, et al.,[1]                      Chapter 11

                                                         Jointly Administered

Debtors.

_____/

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure, Official Committee of Unsecured Creditors ("Committee"), Carol Fox in her capacity as Chapter 11 Trustee ("Trustee") and Pelorus Equity Group, Inc. ("Pelorus")  (the Committee, Trustee and Pelorus shall collectively be referred to as the "Parties" or separately as the "Party") stipulate and agree, and

**IT IS ORDERED:**

1.     As used herein, the term "Confidential Material" shall refer to any document, article or thing or any portion or portions thereof (hereinafter "item") which the Committee, Trustee or Pelorus believes in good faith is non-public and contains information that is a trade secret or other confidential, proprietary, research, development  or commercial information, produced in these bankruptcy cases, including any adversary proceedings in connection therewith (the "Production").

2.     If any item produced by the Committee, Trustee or Pelorus (each a "Producing Party") is believed to constitute Confidential Material, the responding Party may mark or designate the item "Confidential," and any item so marked or designated

---

1 The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766).

shall thereafter be handled in accordance with this Confidentiality and Protective Order (the "Order").

3.      Any Party may designate any item as "Confidential" by placing on or affixing to such item, in a manner that will not interfere with the legibility thereof, a notice identifying the item as confidential.

4.      "Confidential" items shall be disclosed only to the Parties, including the officers and employees of a Party with responsibility for the Party's participation in these proceedings; counsel in this case; the clerks, paralegals and secretaries employed by them; experts and consultants who have been retained to assist the Parties or counsel in the case; clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of "Confidential" information; actual or potential testifying witnesses inspecting "Confidential" Material (and their counsel), provided that witnesses shall not be allowed to retain Confidential Material but may inspect it as necessary for purposes of examination; the Court and its staff, and court reporters, stenographers, or video operators at depositions or court proceedings.

5.      All discovery or examination materials (and the information contained therein), whether designated "Confidential" or not so designated, shall be used by the Parties solely for (i) these bankruptcy cases (ii) any contested matter related to these bankruptcy cases (iii) any adversary proceeding in connection with or litigation related to these bankruptcy cases; (iv) investigation regarding the acts, conduct, or property or to the liabilities and financial condition of the Debtors and to determine whether claims should be asserted against any party; and (v) prosecution of any claims asserted by the Committee or Trustee against any party, including a producing party.  Any material designated "Confidential" and obtained in connection with these bankruptcy

proceedings shall not be used for any purposes other than in connection with litigation in these bankruptcy proceedings.  Use for any other purpose including but not limited to any business, commercial, competitive, personal, or litigation outside of these bankruptcy proceedings shall be a violation of this Protective Order.

6.     Information disclosed at a deposition or Bankruptcy Rule 2004 Examination may be designated "Confidential" on the record during the deposition or within ten (10) days of receipt of the transcript by written notice to counsel to the Parties. Transcripts of testimony so designated during the deposition or Bankruptcy Rule 2004 Examination may, at the option of counsel for the designating Party, be appropriately marked and bound separately. All depositions or Bankruptcy Rule 2004 Examinations shall be treated in their entirety as "Confidential" information for a period of ten (10) days after receipt of the transcript. Nothing herein precludes the deponent from reviewing the transcript at any time.

7.     With respect to any item which has been designated as "Confidential" by a Producing Party hereto, each Party may at any time serve notice of nonacquiescence in such designation, and upon a showing that the movant has in good faith conferred or attempted to confer with other affected Parties in an effort to resolve the dispute, may thereafter move the Court for an order deleting or modifying the "Confidential" designation.  If no such motion is served, the item in question shall continue to be entitled to the protection provided herein.  If any should so move, the item in question shall continue to be classified and treated as "Confidential" until the motion is ruled upon by the Court and, if denied, as long as the Order denying the motion remains in effect.

8.     Any person seeking to reveal Confidential Material or information to any other person not included in the categories of persons listed in Paragraph 4 above must

3

give the Producing Party written notice at least five (5) business days prior to the intended disclosure.   If objection is made, no disclosure shall occur without an order of the Court.   If the disclosure is approved by the Producing Party, or no objection is received within the stated time period, the disclosure may occur.

9.     Nothing contained in this Protective Order shall be construed to have any effect on the admissibility or discoverability of any "Confidential" Material.   Nothing contained in this Protective Order shall be construed to limit the Parties' rights to use in Court any "Confidential" Material, except that no "Confidential" Material shall be filed in the public record of any action absent the consent of the Producing Party or an order of the court so permitting.   In the event that any Party wants to file with the Court any "Confidential" Material and the Producing Party does not consent to such material being filed in the public record, the Party shall file the "Confidential" Material under seal, including any pleadings, motions, or other papers filed with the Court disclosing any such "Confidential" Material, by filing the "Confidential" Material in a sealed envelope (or other sealed container) which shall be endorsed with the title of the action, the words "CONFIDENTIAL INFORMATION" and a statement in substantially the following terms:

> This envelope contains [indication of the nature of the contents] which were filed in this action, [Caption], pending in the [Court], by [the Debtors], pursuant to Protective Order, and is not to be opened or the contents thereof to be displayed or revealed, except by further Order of the United States Bankruptcy Court for the Eastern District of Kentucky.[2]

10.     The foregoing shall not prevent any appropriately marked second copy of any designated material specifically intended for review by a Court from being delivered

---

[2] Or the Bankruptcy Court having venue over these cases at the applicable time.

4

to the Court, as directed by the Court's chambers, to assure that the same is brought promptly to the Court's attention.

11.     In the event "Confidential" Materials are used in open court or deposition in connection with any trial, hearing, or other proceeding in the bankruptcy cases or any cases related to these bankruptcy cases or any appeal therefrom, they shall not lose their status through such use.   Counsel shall confer on such procedures as are necessary to protect the confidentiality of information used in the course of the proceedings.   If the Parties are unable to agree on procedures, the Parties shall request a ruling from the Court.

12.     Nothing in this Protective Order shall limit a Producing Party's use or disclosure of its own "Confidential" Material.

13.     This Confidentiality and Protective Order, insofar as it restricts the communication and use of "Confidential" Material shall continue to be binding throughout and after the conclusion of this case (including appeals).   Within 60 days after the full and final adjudication of this case, including the exhaustion of any and all appeal rights, each party who has produced "Confidential" Materials may demand that every party and person subject to the terms of this Confidentiality and Protective Order who has received such "Confidential" Material shall return the "Confidential" Materials, including but not limited to "working copies," for example those copies bearing marginal comment or highlighting, which may be redacted by the returning party or person prior to returning to the producing party or person, or sign an Affidavit attesting that all "Confidential" Materials, including copies thereof, have been destroyed.

14.     If any Party or their counsel is served with a subpoena, notice, or are otherwise legally compelled to produce "Confidential" Material, such Party or their counsel (the "Compelled Party") shall give prompt written notice to the other Party

sufficiently in advance of the requested production date so as to allow for an opportunity to object to production.

15.    The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

      a.    was, is or becomes public knowledge, not in violation of this Order;

      b.    is acquired from a third party, including the Debtors; or

      c.    was lawfully possessed prior to entry by the Court of this Order.

16.    It is understood and agreed that money damages will not be a sufficient remedy for any breach of this Agreement and that any aggrieved party shall be entitled to equitable relief in the nature of an injunction or specific performance as a remedy for any such breach in any court of competent jurisdiction.  Such remedy shall not be deemed to be an exclusive remedy for any such breach of this Agreement but shall be in additional to all other remedies available at law or in equity.

17.    This stipulation survives the dismissal, termination or conversion of these proceedings.

18.    Materials produced prior to the entry of this Protective Order and in reliance on the anticipated entry of the Confidentiality and Protective Order shall be subject to the terms of this Confidentiality and Protective Order.

###

Stipulated to by:

/s/ Gary M. Freedman
Nelson Mullins Broad and Cassel
Counsel for the Committee

/s/ Jimmy D. Parrish
Baker & Hostetler LLP
Counsel for the Trustee

/s/ Adam Back
Stoll Keenon Ogden PLLC
Counsel for Pelorus Equity Group, Inc.

_____

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, May 20, 2020**
**(grs)**