UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-61608 |
| | ) | |
| AMERICORE HOLDINGS, LLC, *et al.*[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly administered |
| | ) | |

**NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM***
**(Document Production Only)**

PLEASE TAKE NOTICE that AMERICORE HOLDINGS, LLC, and its affiliated debtors (collectively, the "Debtors") by and through Carol L. Fox, the Chapter 11 Trustee ("Ms. Fox" or "Trustee"), requests that Preferred Bank, 601 S. Figueroa Street, 47th Floor, Los Angeles, CA 90017, produce or deliver on or before **Monday, June 15, 2020, at 9:00 a.m.,** or on such other date and time as may be agreed upon, to the offices of Baker & Hostetler LLP, Attention Deanna Lane, Paralegal, 200 S. Orange Avenue, Suite 2300, Orlando, Florida 32801, all of the documents as detailed on the Subpoena for Rule 2004 Examination attached hereto.[2]

The request for production of documents is pursuant to Federal Rules of Bankruptcy Procedure and that certain Order Granting the Debtors and the Official Committee of Unsecured Creditors' Joint Motion for Order Establishing Procedures to Conduct Rule 2004 Examinations [Doc. No. 259] (the "Procedures Order"). The scope of the request is as described in Bankruptcy

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

[2] Please contact us to arrange for the electronic delivery of the requested documents or to obtain our Federal Express billing number for delivery of hard copies of the requested documents. Alternatively, we can provide you with a delivery point within 100 miles of the deponent's residence or place of employment. To make the foregoing arrangements, please email Deanna Lane at dlane@bakerlaw.com.

Rule 2004. Pursuant to the Procedures Order, no further order shall be necessary.

Respectfully submitted this 29th day of May, 2020.

*s/ Tiffany Payne Geyer*
TIFFANY PAYNE GEYER (*admitted pro hac vice*)
Florida Bar No. 421448
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone 407-649-4000
Facsimile 407-841-0168
tpaynegeyer@bakerlaw.com
*Counsel to Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2020, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will provide a Notice of Electronic Filing and copy to all parties requesting such notice and via email to Maureen Golden (maureen.golden@preferredbank.com), and upon the Examinee, Preferred Bank, 601 S. Figueroa Street, 47th Floor, Los Angeles, CA 90017, via U.S. mail and certified mail to the attention of the Officer, Managing or General Agent and/or Legal Processing Department (return receipt requested).

*s/ Tiffany Payne Geyer*
TIFFANY PAYNE GEYER

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

__EASTERN__ District of __KENTUCKY__

In re __AMERICORE HOLDINGS, LLC, et al.__
Debtor

Case No. __19-61608-grs__

Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Preferred Bank, Attn: Officer, Managing or General Agent and/or Legal Processing Dept., 601 S. Figueroa Street, 47th Floor, Los Angeles, CA 90017
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Baker & Hostetler LLP<br>200 S. Orange Avenue, Suite 2300<br>Orlando, Florida 32801<br>Attention Deanna Lane, Paralegal | Monday, June 15, 2020, at 9:00 a.m. |

The examination will be recorded by this method: __N/A__

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: by Friday, June 12, 2020, at 9:00 a.m., at Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, Florida 32801, (407) 649-4000, Attention Deanna Lane Paralegal

SEE ATTACHED SCHEDULE A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __May 29, 2020__

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __CAROL FOX, TRUSTEE__ , who issues or requests this subpoena, are:
Tiffany Payne Geyer, Esq., Baker & Hostetler LLP, 200 S. Orange Avenue, Suite 2300, Orlando, FL 32801 (407) 649-4000 tpaynegeyer@bakerlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: via US mail & certified mail (return receipt requested) to: Preferred Bank, Attn: Officer, Managing or General Agent and/or Legal Processing Dept., 601 S. Figueroa St., 47th Floor, Los Angeles, CA 90017 on *(date)* May 29, 2020 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: May 29, 2020

_____
*Server's signature*

Tiffany Payne Geyer, Esquire
*Printed name and title*

Baker & Hostetler, LLP
200 S. Orange Avenue, Suite 2300
Orlando, Florida 32801
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **SCHEDULE A**

# DEFINITIONS

As used in this request, the following words shall have their common meanings and shall include the meanings indicated:

**"Communications"** shall include any correspondence, oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

**"Concerning"** shall mean, directly or indirectly, concerning, regarding, relating to, referring to, reflecting, mentioning, describing, pertaining to, and/or arising out of or in connection with or in any way legally, logically, or factually being connected with the matter discussed.

**"Debtors"** means Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766), as the Debtors (or, when any of the foregoing entities is referred to individually, "**Debtor**") in the above-referenced chapter 11 bankruptcy case and shall include shall include their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns, and their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns.

**"Documents"** shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded or stored, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "Documents" shall include account statements, signature cards, applications, cancelled checks, deposit receipts, records of wire transfers, withdrawal receipts, notices, correspondence (including e-mail, electronic message, letters, telegrams, telexes, and mailgrams), communications, memoranda (including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations), notes or memorandum attached to or to be read with any Document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of Documents, which are not identical duplications of the originals or that contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

**"Documents"** shall also include all electronically stored information (hereinafter "ESI") including but not limited to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g., Lotus Domino

NSF or Microsoft Exchange, EDB), Word Processed Documents (e.g., Word or WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets), Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile Files (e.g., .PDF, .TIFF, JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files; and Backup and Archival Files (e.g., Veritas, Zip, .GHO). Your search for ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary software and inactive or unused computer disc storage areas. The meaning of "Documents" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure, but is not intended and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond that required by the Federal Rules of Civil Procedure.

**"Request"** or **"Requests"** means the Documents Requested as listed below.

**"You"** and **"Your"** means Preferred Bank, and includes any and all of its agents, employees, attorneys, and any other person or entity acting or purporting to act on behalf of it or its affiliates.

## **GENERAL INSTRUCTIONS**

As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

If You assert that any document called for by a request is protected against disclosure on the grounds of the attorney work product doctrine or by the attorney-client privilege, or any other assertion of privilege, You must provide the following information with respect to such document:

1. the name and capacity of the person or persons who prepared the documents;

2. the name and capacity of all addresses or recipients of the original or copies thereof;

3. the date, if any, borne by the document;

4. a brief description of its subject matter and physical size;

5. the source of the factual information from which such document was prepared; and

6. the nature of the privilege claimed.

You must produce all documents within your possession, care, custody or control that are

responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

Production of electronically stored information ("ESI") or any electronically stored data shall be in native format or another electronic format that does not diminish the accessibility or searchability of the information.

Each hard copy document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive. If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced

All documents that respond, in whole or in part, to any part or clause of any paragraph of these requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the entities to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with respondents' name and

8

the Debtor to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

If you at any time had possession, custody or control of a document called for under these requests and if such document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

Unless stated otherwise, the time period for the request is from January 1, 2016 to the present.

**DOCUMENTS REQUESTED**

1.  All Communications and Documents, including but not limited to, bank account records, periodic bank statements, cancelled checks, deposit receipts with corresponding copies of deposited checks, wire transfer advices, signature cards, and applications for all open and closed accounts in the name of any of the Debtors from January 1, 2016 to the present, including but not limited to, accounts for Americore Health Enterprises, LLC bearing account numbers: x2031; x2023; and x2058; accounts for Americore Holdings, LLC bearing account numbers: x1914; x1906; x1892; accounts for Ellwood Medical Center Operations, LLC, bearing account numbers: x1884; x1968; and x1876; accounts for Izard County Medical Center, LLC bearing account numbers: x1973; x1957; and x1965; accounts for Pineville Medical Center, LLC, bearing account numbers: x1039; x1922; and x1949; and accounts for St. Alexius Hospital Corporation, LLC, bearing account numbers: x2007; and x2015.

4814-5120-9662.1