**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-61608 |
| | ) | |
| Americore Holdings, LLC, *et al*.[1] | ) | Jointly administered |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

**CHAPTER 11 TRUSTEE'S MOTION TO FOR ENTRY OF ORDER:
(A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS (ST. ALEXIUS) IN ACCORDANCE WITH APPROVED BID PROCEDURES;
(B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES IN ACCORDANCE WITH APPROVED
BID PROCEDURES; AND (C) GRANTING RELATED RELIEF**

**AND**

**NOTICE OF HEARING**

Carol F. Fox, in her capacity as Chapter 11 Trustee ("Trustee") of St. Alexius Properties, LLC, St. Alexius Hospital Corporation #1, and Success Healthcare 2, LLC (collectively, the "Debtors") pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 2002, file this motion ("Sale Motion")[2] requesting the Court approve the proposed sale of the Debtors' assets (the "Sale") pursuant to the process described below and in accordance with the *Order Granting Trustee's Motion for Entry of an Order: (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets (St. Alexius) (II) Establishing Procedures for the*

---

[1] The debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

[2] The Trustee is aware that Local Rule 9013-1(d) generally requires that a proposed order be submitted when a motion is filed. As set forth more fully herein, at this time the Trustee is continuing to market the Debtors' assets but has not yet identified a proposed stalking horse buyer or fully negotiated the terms of a proposed sale, and thus respectfully requests that the Trustee be permitted to submit a proposed order at a later time but prior to the Court's consideration of this Motion.

*Assumption and/or Assignment by the Trustee of Certain Executory Contracts and Unexpired Leases, (III) Approving the Form and Manner of Notice of Bidding Procedures, (IV) Setting Objections Deadlines, and (V) Granting Related Relief* (Doc. No. 541) (the "St. Alexius Bid Procedures Order").[3] In support thereof, the Trustee states as follows:

## Jurisdiction and Venue

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

2.  The statutory predicate for the relief requested herein are § 363 of the Bankruptcy Code[4] and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Background

3.  On December 31, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under Chapter 11 of the Bankruptcy Code.

4.  On February 4, 2020, the Court entered an agreed order for the appointment of a Chapter 11 trustee and directing the United States Trustee ("UST") to immediately appoint a Chapter 11 trustee in the Debtors' jointly administered cases (Doc. No. 258).

5.  On February 21, 2020, the UST filed its Notice of Appointment of Ms. Carol Fox as Chapter 11 Trustee (Doc. No. 260), and on February 24, 2020 Ms. Fox filed her Notice of Acceptance of the appointment as Trustee (Doc. No. 269).

---

[3] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the St. Alexius Bid Procedures Order.

[4] All references to the "Bankruptcy Code" refer to 11 U.S.C. §§ 101 *et seq.*

6.      The Trustee, in her business judgment, believes that a sale of substantially all of the Debtors' assets will maximize the value of their assets for all stakeholders and ensure that St. Alexius Hospital continues to serve as a healthcare provider in the local community.[5]

7.      Accordingly, on or about March 15, 2020, the Trustee retained B. Riley, FRB, Inc. ("Investment Banker") to act as the exclusive investment banker to the Debtors.  On April 1, 2020, the Trustee filed an application for authorization to retain the Investment Banker effective as of March 15, 2020 (Doc. No. 417), which application the Court granted on April 16, 2020 (Doc. No. 444).

8.      Since shortly after the Trustee's appointment, the Investment Banker has worked diligently to comprehensively market the Debtors' assets and identify potential bidders for the Debtors' assets.  Following the Trustee's appointment, multiple parties have reached out to the Trustee directly regarding the Debtors' assets. On April 21, 2020, the Investment Banker delivered a "teaser" to 153 parties and invited them to participate in the sale process.

9.      On April 24, 2020, the Trustee filed *Trustee's Motion for Entry of an Order: (I) Approving Bidding Procedures in Connection with the Sale of Substantially all of the Debtors' Assets (St. Alexius), (II) Establishing Procedures for the Assumption and/or Assignment by the Trustee of Certain Executory Contracts and Unexpired Leases, (III) Approving the Form and Manner of Notice of Bidding Procedures, (IV) Setting Objection Deadlines, and (V) Granting Related Relief* (Doc. No. 482) (the "St. Alexius Bid Procedures Motion").[6]

---

[5] For the avoidance of doubt, notwithstanding that the Trustee currently believes a sale under Section 363 of the Bankruptcy Code will maximize the value of the Debtors' assets and is in the best interest of the estates, the Trustee is aware of multiple parties who are conducting due diligence and preparing a potential Chapter 11 plan of reorganization, and the Trustee hereby reserves the right to pursue one or more Chapter 11 plans of reorganization if the Trustee believes it is in the best interest of the Debtors and their respective estates. *See also* Doc. No. 541, p. 5, § C(i); p. 11, § G(viii) (reserving the Trustee's authority to consider bids and transactions that contemplate a plan of reorganization).

[6] On the same date, the Trustee filed a similar motion in connection with the proposed sale of the Ellwood facility.

10. The Bidding Procedures were designed to maximize value for the Debtors' estates and ensure an orderly sale process. Among other things, the Bidding Procedures detail due diligence procedures for interested parties, the manner in which bids become Qualified Bids, the procedures governing any Auction and selection of the Winning Bidder, and the deadlines that correspond to the foregoing.

11. On May 5, 2020, the Court conducted a hearing on the St. Alexius Bid Procedures Motion, and on May 12, 2020, entered the St. Alexius Bid Procedures Order granting the motion.

12. The St. Alexius Bid Procedures Order provide that: (i) by June 1, 2020, the Trustee would file a motion to approve the proposed sale of the Debtors' assets; (ii) by June 8, 2020, the Trustee would either (a) file the terms of proposed transactional documents consummating the Sale, or (b) identify a stalking horse bidder and file the terms of the proposed transactional documents to consummate the stalking horse bid.

13. The St. Alexius Bid Procedures Order also approve: (i) a process for identifying and determining claims of liens against the Debtors' assets to be sold, and (ii) a process for determining the cure amount associated with the Debtors' executory contracts and unexpired leases.

14. As of May 29, 2020, approximately twenty-two (22) parties have executed non-disclosure agreements ("NDAs") with the Trustee while additional NDAs continue to be in process. Upon execution of an NDA, the Investment Banker provides access to a virtual data room containing information about the Debtors' assets and operations.

15. Under the St. Alexius Bid Procedures Order, if more than one Qualified Bid is received by the June 29, 2020 Bid Deadline, an auction (the "Auction") with respect to the sale of the Purchased Assets shall take place on or about July 1, 2020 at 10:00 a.m. (prevailing Eastern

Time) (the "Auction Date").[7] If, however, multiple Qualified Bids are not received by the Bid Deadline, then the Auction will not be held and the Trustee may proceed to sell the Purchased Assets pursuant to the any Qualified Bid received.

### Requested Relief

16. In accordance with the St. Alexius Bid Procedures, the Trustee files this Sale Motion seeking entry of an order authorizing and approving: (i) the sale of the Purchased Assets to the Winning Bidder free and clear of all liens, claims, encumbrances and interests pursuant to the sale process set forth in the St. Alexius Bid Procedures Order, (ii) the assumption and assignment of certain executory contracts and unexpired leases to the Winning Bidder pursuant to the procedures set forth in the St. Alexius Bid Procedures Order, and (iii) all other relief that is appropriate under the circumstances.

17. Prior to the hearing on this Sale Motion, the Debtors shall supplement this Sale Motion with the proposed terms and conditions of the proposed sale.

### Basis for Requested Relief

A. *Sale of Assets.*

18. The Trustee's proposed sale of the Debtors' assets is in the best interests of the Debtors and all parties in interest and is a reasonable exercise of the Trustee's business judgment.

19. Section 363(b)(1) states that the "trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The paramount goal of any proposed sale of property of a debtor is to maximize the value received by the estate. *See, e.g., In re Family Christian, LLC,* 533 B.R. 600 (Bankr. W.D. Mich. 2015) ("The

---

7 The St. Alexius Bid Procedures give the Trustee discretion to modify the Bidding Procedures at any time prior to or during the Auction if the Trustee determines, in her judgment, that such modifications will better promote the goals of the Auction process and are in the best interests of the bankruptcy estates and the creditors thereof. (Doc. No. 541, p. 13, § K).

Debtors, in conducting the sale process, have a fiduciary duty to maximize the value of their estates.")

20. Sales under § 363(b) are subject to the Trustee's business judgment. This standard is deferential. *In re FirstEnergy Sols. Corp.*, 591 B.R. 688, 695 (Bankr. N.D. Ohio 2018); *See also In re Murray Metallurgical Coal Holdings, LLC*, 613 B.R. 442, 454 (Bankr. S.D. Ohio 2020) ("And 363(b) … allows Debtors to spend money to provide a net benefit to their estate in their business judgment.").

21. In these cases, the decision to pursue a sale of the Debtors' assets is well within Trustee's sound business judgment because it will serve to maximize the value of the Debtors' estates. Additionally, this Court has already reviewed and approved of the sale process reflected by the St. Alexius Bid Procedures Order – which is appropriate and designed to maximize the value of the Debtors' assets. The Trustee will continue to make all good faith efforts to market the Debtors' business and their assets and a stalking horse offer (if any) will be subject to higher or better bids to ensure the maximization of value for creditors. The Trustee submits that the sale process is fair and reasonable and that the proposed sale resulting therefrom – if acceptable in the Trustee's business judgment – should also be approved.

22. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee will sell the Debtors' assets free and clear of all liens, claims, and encumbrances, except those expressly assumed by the proposed buyer, with the any valid liens transferring and attaching to the net sale proceeds with the same validity, priority, force and effect that such liens had on the assets immediately prior to closing.

23. Based on evidence that will be presented at the hearing on this Sale Motion, including that the Trustee is negotiating with all potential purchases at arm's length and in good faith, the Trustee will request that the Court find that the proposed buyer is a good-faith purchaser entitled to the protections of Sections 363(m) and (n) of the Bankruptcy Code.

24. For all these reasons, the Trustee, through the exercise of her business judgment, has determined that the sale of the Debtors' assets pursuant to the St. Alexius Bid Procedures Order is in the best interest of the Debtors, their creditors, and their estates. The Trustee has been engaged in and continues to be engaged in efforts to market the Debtors' assets and believes the existing sale process will generate a transaction that is reasonable, represents fair market value, and is in the best interest of the estates.

B. *Assumption and Assignment of Contracts*.

25. By this Sale Motion, the Trustee also seeks, pursuant to Sections 365(a) and (b)(1) of the Bankruptcy Code, authority to assume and/or assign to the Winning Bidder all of their right, title, and interest in and to the executory contracts, leases, and agreements identified pursuant to the Assumption and Assignment Procedures approved in the St. Alexius Bid Procedures Order (the "Executory Contracts"). The Trustee's assumption and/or assignment to the Winning Bidder of the Executory Contracts is conditioned upon the approval by this Court and the resolution of any objections to such assumption and/or assignment filed with this Court prior to the hearing on this Sale Motion.

**Notice**

26. The Trustee will provide a copy of this Sale Motion to (a) all creditors and parties in interest, (b) all parties which, to the Trustee's knowledge, have or have asserted liens on the Debtors' assets, (c) all counterparties to executory contracts and unexpired leases with the Debtors, and (d) any party that has expressed an interest to the Trustee in acquiring any of the Debtors' assets.

27. **WHEREFORE,** the Trustee respectfully request this Court enter an order: (i) approving the sale of the Purchased Assets to the Winning Bidder free and clear of all liens, claims, encumbrances and interests pursuant to the sale process set forth in the St. Alexius Bid Procedures Order, (ii) approving the assumption and assignment of certain executory contracts and unexpired

leases to the Winning Bidder pursuant to the procedures set forth in the St. Alexius Bid Procedures Order, and (iii) granting all other relief that is appropriate under the circumstances.

**DATED** this 1st day of June, 2020.

/s/ Elizabeth A. Green
Elizabeth A. Green, Esq.
Florida Bar No, 0600547
egreen@bakerlaw.com
Jimmy D. Parrish
Florida Bar No. 526401
jparrish@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
Post Office Box 112
Orlando, Florida 32802-0112
Telephone: 407-649-4000
Facsimile: 407-841-0168
*Attorneys for the Chapter 11 Trustee*

## NOTICE OF HEARING

All parties hereto will please take notice that the foregoing Motion shall come on for hearing, telephonically, on **THURSDAY JULY 2, 2020 at 1:00 p.m. EST.** Interested parties should consult the Court's website at kyeb.uscourts.gov for call-in information to participate in the telephonic hearing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on June 1, 2020, a true and correct copy of the foregoing was served by electronic noticing via the CM/ECF System to all parties requesting such notice and will be served on June 2, 2020 in accordance with FED.R.BANKR.P. 2002 by first-class mail, postage pre-paid, on the attached matrixes as follows: (a) all creditors and parties in interest, (b) all parties which, to the Trustee's knowledge, have or have asserted liens on the Debtors' assets, (c) all counterparties to executory contracts and unexpired leases with the Debtors, and (d) any party that has expressed an interest to the Trustee in acquiring any of the Debtors' assets.

/s/ Elizabeth A. Green
Elizabeth A. Green, Esq.