**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 19-61608-grs |
| Americore Holdings, LLC, *et al*. | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Re: Docket Nos. 541, 593, 626** |

**OBJECTION OF CIGNA TO NOTICE OF POTENTIAL ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS
OR UNEXPIRED LEASES AND CURE AMOUNTS (ST. ALEXIUS)**

Cigna HealthCare of St. Louis, Inc. ("Cigna") hereby objects to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts (St. Alexius)* [D.I. 626] ("Cure Notice"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. On December 31, 2019, the above-captioned Debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. Cigna and debtor St. Alexius Hospital Corporation are parties to a Hospital Services Agreement ("Cigna Provider Agreement"), pursuant to which the St. Alexius Debtors, through the St. Alexius Hospital ("Hospital"), provide covered healthcare-related services to eligible participants within the Cigna Network. The Cigna Provider Agreement may be terminated without cause only upon 120 days' advance written notice. The Cigna Provider Agreement may be assigned only with written consent from Cigna.

3. Pursuant to the *Chapter 11 Trustee's Motion to for Entry of Order: (A) Authorizing the Sale of Substantially All of the Debtors' Assets (St. Alexius) in Accordance with Approved Bid Procedures; (B) Authorizing the Assumption and Assignment of Executory Contracts and*

*Unexpired Leases in Accordance with Approve Bid Procedures; and (C) Granting Related Relief and Notice of Hearing* [D.I. 593] ("Sale Motion"), the Trustee of the St. Alexius Debtors seeks this Court's approval of the sale of substantially all of the assets related to the Hospital ("Sale") to a to-be-determined purchaser ("Purchaser"), as of the effective date of the Sale. The Sale Motion also seeks this Court's approval of the assumption and assignment of certain executory contracts to the Purchaser as part of the Sale.

      4.      On May 12, 2020, this Court entered *Order Granting Trustee's Motion for Entry of an Order: (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets (St. Alexius), (II) Establishing Procedures for the Assumption and/or Assignment by the Trustee of Certain Executory Contracts and Unexpired Leases, (III) Approving the Form and Manner of Notice of Bidding Procedures, (IV) Setting Objection Deadlines, and (V) Granting Related Relief* [D.I. 541] ("Procedures Order"). Paragraph 9 of the Procedures Order states as follows:

> Notwithstanding anything in this Order to the contrary, or anything in any subsequent notice relating to the Sale to the contrary, the Trustee shall, no later than thirty (30) days prior to Closing on the Sale unless extended by agreement of Cigna and the Trustee, provide Cigna (through its counsel which have appeared in these Chapter 11 cases) with written, irrevocable notice of whether the Trustee/Debtors propose to assume and assign the Hospital Services Agreement between Cigna Health and Life Insurance Company and St. Alexius Hospital Corporation #1 ("Cigna Provider Agreement") to the purchaser as part of the Sale. In addition, no later than ten (10) days prior to any hearing to consider the assumption and assignment of the Cigna Provider Agreement unless extended by agreement of Cigna and the Trustee, the Trustee/Debtors shall provide to Cigna (through its counsel which have appeared in these Chapter 11 cases) evidence of the ability of any proposed purchaser to perform under the Cigna Provider Agreement, and shall thereafter promptly provide any additional adequate assurance information reasonably requested by Cigna.

No notice has yet been received by Cigna, but Cigna and the Trustee have agreed to reduce this 30 day notice requirement.

5. Pursuant to the Procedures Order, the Debtors filed the Cure Notice. The Cure Notice lists the Cigna Provider Agreement with Cigna as a contract that may potentially be assumed and assigned. The Notice lists no cure for the Cigna Provider Agreement, and expressly states that it is subject to subsequent modification.

## **OBJECTION**

6. Cigna objects to the Cure Notice because, *inter alia*, (i) Debtors have not provided information relating to adequate assurance of future performance by any proposed Purchaser; and (ii) it does not propose to satisfy Debtors' cure obligations consistent with section 365(b)(1) of the Bankruptcy Code.

A.   Notice of Proposed Disposition of Cigna Provider Agreement.

7. As required by paragraph 9 of the Procedures Order, the Debtors must, in advance of the Closing, notify Cigna of the proposed disposition of the Cigna Provider Agreement. Pending receipt and review of such written disposition, Cigna reserves the right to further respond/object to the Cure Notice.

B.   Adequate Assurance.

8. Section 365(b)(1)(C) of the Bankruptcy Code requires the Debtors to provide adequate assurance of any proposed assignee's future performance prior to the assumption and assignment of executory contracts.

9. Adequate assurance information must be carefully reviewed and evaluated by Cigna in the context of, and consistent with, the terms and functions of the Cigna Provider Agreement. As required by paragraph 9 of the Procedures Order, the Debtors must provide

adequate assurance information to Cigna no less than ten (10) days prior to any hearing to consider the assumption and assignment of the Cigna Provider Agreement.[1]  Absent a full, fair and timely demonstration of adequate assurance of future performance, the Cigna Provider Agreement cannot be assigned.

C.    Cure.

10.    When a contract is assumed under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be "made whole at the time of the debtor's assumption of the contract." *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).  To the extent that the Debtors seek to assume and assign the Cigna Provider Agreement, the Debtors must pay the full cure amount based upon the actual amount that is due on the Effective Date.  *See* 11 U.S.C. § 365(b)(1).

11.    Amounts due to Cigna under the Cigna Provider Agreement accrue on a daily basis and are subject to ongoing reconciliation and adjustment.  The $0 cure amount proposed by the Cure Notice is inadequate, and no "as of Closing" prospective cure amount can yet be determined. Accordingly, to the extent that the Debtors seek to assume and assign the Cigna Provider Agreement, the Debtors must pay the full cure amount based upon the actual amount due on the date that the Cigna Provider Agreement is assumed and assigned by the Debtors ("Effective Date").  *See* 11 U.S.C. § 365(b)(1).

12.    Any order permitting the assumption and assignment of the Cigna Provider Agreement must direct that the Debtors fully pay all amounts due to Cigna thereunder as of the Effective Date, as a condition precedent to such assumption and assignment.

---

[1] By letter to counsel for Debtors dated June 16, 2020, Cigna requested specific adequate assurance information relevant to the Cigna Provider Agreement.

D.  Written Consent (Reservation).

13.  Cigna hereby reserves its right to object to any proposed assignment of the Cigna Provider Agreement without its written consent.

WHEREFORE, Cigna respectfully requests that this Court: (i) authorize assumption and assignment of the Cigna Provider Agreement only to the extent consistent with the foregoing; and (ii) grant Cigna such additional relief to Cigna as this Court deems just and equitable.

Dated:  June 19, 2020

Respectfully submitted,

 /s/ Mary L. Fullington
Mary L. Fullington (Kentucky Bar No. 85335)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY  40507-1746
Telephone:  (859) 288-7424
Facsimile:  (859) 259-0649
Email:  mfullington@wyattfirm.com

and

Jeffrey C. Wisler (Delaware Bar No. 2795)
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE  19081
Telephone:  (302) 757-7300
Facsimile:  (302) 658-0380
E-mail:  jwisler@connollygallagher.com

*Counsel for Cigna HealthCare of St. Louis, Inc.*

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing Objection of Cigna to Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts (St. Alexius) has been served electronically via the Court's CM/ECF system to all parties designated to receive electronic service on this 19th day of June, 2020, and to those parties listed below via electronic mail:

Carol L. Fox
Chapter 11 Trustee
GlassRatner Advisory & Capital Group, LLC
200 East Broward Boulevard, Suite 1010
Fort Lauderdale, Florida 33301
cfox@glassratner.com

Elizabeth A. Green
Baker & Hostetler, LLC
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
egreen@bakerlaw.com
*Counsel to the Trustee*

Jimmy D. Parrish
Baker & Hostetler, LLC
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
jparrish@bakerlaw.com
*Counsel to the Trustee*

Tiffany Payne Geyer
Baker & Hostetler, LLC
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
tpaynegeyer@bakerlaw.com
*Counsel to the Trustee*

Frank Terzo
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Boulevard, Suite 2100
Miami, Florida 33131
frank.terzo@nelsonmullins.com
*Counsel to the Creditors' Committee*

Gary Freedman
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Boulevard, Suite 2100
Miami, Florida 33131
gary.freedman@nelsonmullins.com
*Counsel to the Creditors' Committee*

Michael Lessne
Nelson Mullins Riley & Scarborough LLP
2 South Biscayne Boulevard, Suite 2100
Miami, Florida 33131
michael.lessne@nelsonmullins.com
Counsel to the Creditors' Committee

Adam Kegley
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
akegley@fbtlaw.com
*Counsel to the Creditors' Committee*

Douglas Lutz
Frost Brown Todd LLC
301 East Fourth Street, Suite 3300
Cincinnati, Ohio 45202
dlutz@fbtlaw.com
*Counsel to the Creditors' Committee*

Perry Mandarino
B. Riley FBR Inc.,
299 Park Avenue, 21st Floor
New York, New York 10171
pmandarino@brileyfbr.com
*Chapter 11 Trustee's Investment Banker*

Daniel Golynskiy
B. Riley FBR Inc.,
299 Park Avenue, 21st Floor
New York, New York  10171
dgolynskiy@brileyfbr.com
*Chapter 11 Trustee's Investment Banker*

Bradley Nerderman
Office of the United States Trustee
100 East Vine Street, #500
Lexington, Kentucky 40507
Bradley.Nerderman@usdoj.gov

John Daugherty
Office of the United States Trustee
100 East Vine Street, #500
Lexington, Kentucky 40507
John.Daugherty@usdoj.gov

   */s/ Mary L. Fullington*
Mary L. Fullington

100310922.1