**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Americore Holdings, LLC, *et al.*<sup>1</sup>, | ) | Case No. 19-61608-grs |
|  | ) |  |
| Debtors | ) | Jointly Administered |
|  | ) |  |
|  | ) | Honorable Gregory R. Schaaf |

**OBJECTION OF COMMONWEALTH OF PENNSYLVANIA TO THE *EX PARTE* MOTION TO (1) CONDITIONALLY APPROVE DISCLOSURE STATEMENT AND (2) COMBINE FINAL HEARING ON APPROVAL OF DISCLOSURE STATEMENT WITH HEARING ON CONFIRMATION OF THE PLAN
FILED BY THIRD FRIDAY TOTAL RETURN FUND, LLP**

The Commonwealth of Pennsylvania (the "Commonwealth"), acting as *parens patriae* through its Attorney General, Josh Shapiro, hereby files the within *Objection to the Ex Parte Motion to (1) Conditionally Approve Disclosure Statement and (2) Combine Final Hearing on Approval of Disclosure Statement with Hearing on Confirmation of the Plan filed by Third Friday Total Return Fund, LLP* (ECF No. 647).

1. Pennsylvania law charges the Attorney General with the responsibility of representing the interests of the general public in all matters concerning property committed to charitable purposes through the Commonwealth's power as *parens patriae*. *Commw. v. Barnes Foundation*, 159 A.2d 500, 505 (Pa. 1960) ("Attorney General . . . by virtue of the powers of

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

[the] office, is authorized to inquire into the status, activities and functioning of public charities").

2.     The Commonwealth Attorneys Act [71 P.S. §§ 732-101 *et seq.*] authorizes the Attorney General to intervene in any action "involving charitable bequests or trusts [.]" 71 P.S. § 732-204(c). Pennsylvania's case law makes clear the role and authority of the Attorney General in cases involving public charities and all property committed to charitable purposes.

## BACKGROUND

3.     The Ellwood City Hospital ("ECH") operated continuously as a nonprofit, community-based hospital since 1910. After more than a century of operation as a non-profit, the hospital encountered economic difficulties and was put up for sale. In 2017, ECH negotiated a sale of substantially all of its assets, including all of its real estate and equipment, to Debtor Ellwood Medical Center, LLC, Debtor Americore Health, LLC, and individual non-debtor Grant White (collectively, "the Purchasers") to operate as a for-profit business under the name of Ellwood Medical Center, LLC.

4.     To protect against an unlawful diversion of charitable assets, Pennsylvania law prohibits a nonprofit corporation from transferring all or substantially all of its assets that are committed to charitable purposes unless it obtains an Order of Court. 15 Pa. C.S. § 5547(b).

5.     Accordingly, the Purchasers, ECH, and the Attorney General in its *parens patriae* capacity appeared before the Orphans' Court Division of the Court of Common Pleas of Lawrence County, Pennsylvania (the "Lawrence County Court") in August of 2017 to attempt to secure court approval of the Asset Purchase Agreement. After two days of evidentiary hearings, the Lawrence County Court declined to approve the Asset Purchase Agreement in the form proffered by the parties. Instead, the Lawrence County Court noted that

> the transfer of substantially all of the assets of the Ellwood City Hospital and its related for profit corporations **constitutes a diversion of a charitable organization's assets** unless Americore Health, LLC and Ellwood Medical Center, LLC fulfill their obligations to . . . keep the Ellwood City Hospital open and operating for the next ten years as a full time 24/7 365 day per year hospital licensed and operating under the laws and regulations of the Commonwealth of Pennsylvania and the Commonwealth of Pennsylvania Department of Health.

*In re: Ellwood City Hospital*, Docket No. 70081 of 2017, M.D., (Pa. Com. Pl. Orph. Ct. Lawrence Cty., Sept. 22. 2017 Order of Court), ECF No. 84-3 at Conclusions of Law ¶ 3 (emphasis added).

6. The Lawrence County Court was clear that the sale of Ellwood City Hospital did not convey an unrestricted fee simple interest in ECH's assets to the Purchasers. Instead, that Court approved specific charitable uses of ECH's assets upon transfer to Purchasers and confirmed that the failure to adhere to the uses of the assets specified in the September 22, 2017 Order would constitute a diversion of charitable assets.

7. The Purchasers ceased hospital operations on or around November 2019. As a result, the Commonwealth filed a *Petition to Enforce Asset Purchase Agreement and for Monetary Damages* in the Orphans' Court of Lawrence County on December 23, 2019.

8. The Commonwealth filed an *Emergency Motion to Determine that the Automatic Stay did not Apply, or, in the Alternative, for Relief from the Automatic Stay* ("Motion for Relief") (ECF No. 84) to continue the state court litigation. This Court entered its Order on the Motion for Relief on January 24, 2020 (ECF No. 143), which is currently on appeal before the U.S. District Court for the Eastern District of Kentucky (Case No. 6:20-cv-29-REW).

9. In its Motion for Relief, the Commonwealth asserts, and continues to maintain, that the Debtor-Purchasers have unlawfully diverted charitable assets, and therefore such assets are no longer property of Debtor-Purchasers and must revert to their charitable purpose. These

facts are reiterated and more fully argued in the Commonwealth's *Objection to the Penn Med, LLC and Pelorus Equity Group, Inc. Notices of Claims of Lien* (ECF No. 621).

## ARGUMENT

10. The Commonwealth objects to the conditional approval of the Disclosure Statement filed by Third Friday (ECF No. 640) (hereafter the "Disclosure Statement"). Federal Rule of Bankruptcy Procedure 3017(a) provides that the court "shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto." The court may reduce the aforementioned time required "for cause shown," pursuant to Fed. R. Bankr. P.9006(c)(1). Third Friday has presented no "cause," or any rationale for that matter, for reducing the time required by Fed. R. Bankr. P. 3017(a).

11. The Commonwealth objects to the Disclosure Statement for failure to provide adequate information as required by 11 U.S.C. § 1125. A disclosure statement accompanying a chapter 11 plan of reorganization must contain adequate information 11 U.S.C. § 1125. The term "adequate information" is defined by 11 U.S.C § 1125(a)(1) as follows:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

12. In summary, the information contained in a disclosure statement must be sufficient to inform all hypothetical reasonable investors to make an informed judgment about

4

the plan. *In re Ban Am Exp., Inc.*, No. 14-10112(1)11, 2014 WL 4658206, at *2 (Bankr. W.D. Ky. Sept. 17, 2014) (citations omitted).

13. A disclosure statement should be "comprised of all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan." *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981).

14. The Court in *In re Dakota Rail, Inc.*, 104 B.R. 138, 147 (Bankr. D. Minn. 1989) sustained an objection to the debtor's disclosure statement because it failed to disclose the existence of an ongoing dispute regarding ownership of estate assets. In denying approval of the disclosure statement, the Court noted, ". . . until the ownership of these key assets is known, the reorganization cannot proceed on an orderly basis. It certainly cannot proceed based on the disclosure included in this disclosure statement since it does not contain an accurate statement of the debtor's property."

15. In the present case, the Disclosure Statement selectively lists its own legal history with the Debtors, but fails to disclose the ongoing legal disputes between the Debtor-Purchasers and the Commonwealth regarding the Ellwood City Hospital assets.

16. The Lawrence County Court limited the use restrictions of the Ellwood City Hospital's property to a specific and finite period of time (ten years), not as to a particular owner of the assets. By consummating the transfer notwithstanding these restrictions, ECH agreed to sell the assets subject to them, and the Purchasers accepted them as part of the transaction. As a result, the restrictions constitute a covenant running with the land, and Penn Med, LLC and Pelorus Equity Group, Inc., like the Purchasers before it, must comply with them, or the assets will revert to charity.

17. The Disclosure Statement fails to include a statement regarding the ongoing ownership dispute between Debtor-Purchasers and the Commonwealth. This dispute is material, given its potential to divest key assets from the bankruptcy estate. Unless and until the ownership of the Ellwood City assets has been determined, the Disclosure Statement must disclose the existence of the dispute.

18. While the Disclosure Statement references the *Chapter 11 Trustee's Objection to Pelorus Equity Group, Inc.'s Notice of Claim of Liens Against Ellwood Debtors*, it fails to reference the Commonwealth's *Objections to the Penn Med, LLC and Pelorus Equity Group, Inc. Notices of Claims of Lien*, which makes clear that that the assets of Ellwood City Hospital divert back, effectively eliminating any interest claimed by Penn Med, LLC or Pelorus Equity Group, Inc. The Disclosure Statement also fails to mention the *Chapter 11 Trustee's Objection to Notice of Claim of Lien by Penn Med, LLC* (ECF No. 613).

19. The Disclosure Statement also fails to contain a statement notifying subsequent owners of the Ellwood City assets that they are subject to restrictive covenants that run with the land, and that such covenants are not discharged by the general release contained in the Disclosure Statement.

20. Additionally, the Disclosure Statement purports to contain a plan of reorganization of the Debtors but fails to provide any information regarding the ongoing operations of Ellwood City Hospital. Specifically, the Disclosure Statement fails to provide any information regarding a commitment to reopening Ellwood City Hospital as a going concern, such as projected cash flow or expenses, or resolution of the compliance issues with the Pennsylvania Department of Health. Additionally, the Disclosure Statement fails to detail Third Friday Total Return Fund, LLP's commitment to operating the Ellwood City Hospital for a

6

period of time and in full compliance with all federal and state law as required by the Order of the Lawrence County Court of Common Pleas. The material requirements of the Court's Order approving the original transfer of the charitable assets in 2017 must be fully satisfied in any subsequent transfer to overcome a finding that the transfer of the assets does not constitute an unlawful diversion of the charitable assets under the applicable requirements of Pennsylvania law.

21. Lastly, the Commonwealth respectfully reserves all rights and objections with respect to any consideration and confirmation of any plan of reorganization.

## **CONCLUSION**

The Disclosure Statement fails to adequately disclose the dispute regarding the ownership of the Ellwood City charitable assets. A reasonable investor would find said dispute to be a material fact regarding the accompanying chapter 11 plan. The Disclosure Statement does not contain adequate information as required by 11 U.S.C. § 1125, and therefore it cannot be approved.

Respectfully submitted,

JOSH SHAPIRO
ATTORNEY GENERAL

Dated: July 6, 2020          By:     */s/ Jason L. Swartley*_____
Jason L. Swartley
Chief Deputy Attorney General
PA Attorney No. 78213
Pennsylvania Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Tel: (717) 705-7326
Fax: (717) 772-4526
Email: jswartley@attorneygeneral.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on July 6, 2020, the foregoing *Objection of Commonwealth of Pennsylvania to the Ex Parte Motion to (1) Conditionally Approve Disclosure Statement and (2) Combine Final Hearing on Approval of Disclosure Statement with Hearing on Confirmation of the Plan* was served electronically through the Court's ECF system to all persons receiving electronic notifications in the Chapter 11 cases. Also on July 6, 2020, a copy of said Objection was sent via electronic mail to the legal counsel of record for:

Penn Med, LLC at the email addresses set forth on the docket as referenced below.

    John T. Hamilton on behalf of Creditor Penn Med, LLC
    jhamilton@gmalaw.com

    Jeffrey P. Myers on behalf of Creditor Penn Med, LLC
    jeffrey@jpmyerslaw.com

    Benjamin J. Steinberg on behalf of Creditor Penn Med, LLC
    benjamin@jpmyerslaw.com

Pelorus Equity Group, Inc. at the email addresses set forth on the docket as referenced below.

    Adam Mastin Back on behalf of Creditor Pelorus Equity Group, Inc.
    adam.back@skofirm.com

    Lea Pauley Goff on behalf of Creditor Pelorus Equity Group, Inc.
    lea.goff@skofirm.com

Unsecured Creditors Committee Counsel at the email addresses set forth on the docket as referenced below.

    Frank P. Terzo on behalf of Official Committee of Unsecured Creditors
    frank.terzo@nelsonmullins.com

    Gary M. Freedman on behalf of Official Committee of Unsecured Creditors
    Gary.freedman@nelsonmullins.com

    Adam R. Kegley on behalf of Official Committee of Unsecured Creditors
    akegley@fbtlaw.com

    Michael D. Lessne on behalf of Official Committee of Unsecured Creditors
    Michael.lessne@nelsonmullins.com

United States Trustee at the email addresses set forth on the docket as referenced below.

    John L. Daugherty on behalf of U.S. Trustee
    john.daugherty@usdoj.gov

    Bradley M. Nerderman on behalf of U.S. Trustee
    Bradley.Nerderman@usdoj.gov

Chapter 11 Trustee at the email addresses set forth on the docket as referenced below.

    Carol L. Fox
    cfox@glassratner.com

    Tiffany Payne Geyer on behalf of Trustee Carol L. Fox
    tpaynegeyer@bakerlaw.com

    Elizabeth A. Green on behalf of Trustee Carol L. Fox
    egreen@bakerlaw.com

    Jimmy D. Parrish on behalf of Trustee Carol L. Fox
    jparrish@bakerlaw.com

    Robert T. Razzano on behalf of Trustee Carol L. Fox
    rrazzano_@bakerlaw.com

Third Friday Total Return Fund, LLP Counsel at the email addresses set forth on the docket as referenced below.

    Bradley S. Shraiberg
    bss@slp.law

    Joshua B. Lanphear
    jlanphear@slp.law

                                     Respectfully submitted,

                                     JOSH SHAPIRO
                                     ATTORNEY GENERAL

Dated: July 6, 2020          By:     */s/ Jason L. Swartley*
                                             Jason L. Swartley
                                             Chief Deputy Attorney General
                                             PA Attorney No. 78213
                                             Pennsylvania Office of Attorney General
                                             15th Floor, Strawberry Square
                                             Harrisburg, PA 17120
                                             Tel: (717) 705-7326
                                             Fax: (717) 772-4526
                                             Email: jswartley@attorneygeneral.gov