UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
London Division

| | |
|---|---|
| In re: | |
| Americore Holdings, LLC, et al.,[1] | Case No. 19-61608 |
| Debtors. | Chapter 11 |

**United States Trustee's Objection to the Disclosure Statement in Support of Plan of Reorganization Proposed by Third Friday Total Return Fund, LLP**

Paul A. Randolph, Acting United States Trustee, objects to the approval of the Disclosure Statement in Support of Plan of Reorganization Proposed by the Third Friday Total Return Fund, LLP (the "Third Friday Disclosure Statement") (ECF No.640), and in support states as follows:

*Notice of Hearing*

> Please take notice that this Objection will be heard by the Court on July 29, 2020 at 9:00 a.m. in the Second Floor Courtroom, U.S. Bankruptcy Court, 100 East Vine Street, Lexington, KY 40507.
>
> The parties that appear in court shall comply with physical distancing and other instructions by Court personnel at the hearing. Hearing participants shall wear masks when entering the courthouse and

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

coming to the courtroom. Use of masks during the hearing will depend on the ability to maintain physical distancing. If any hearing participant has a temperature or other health issue or concern, s/he shall notify the Courtroom Deputy as soon as possible so other arrangements may be considered.

All other interested parties may listen to the hearing via telephone by calling in 10 minutes prior to the hearing using the following numbers: Teleconference number: 888-363-4749; Access code: 9735709#.

*Jurisdiction and background*

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 Venue is proper pursuant to 28 U.S.C. § 1409. This matter is a core proceeding.

2.  The United States Trustee has standing to appear and be heard on this matter pursuant to 11 U.S.C. § 307.

3.  On June 10, 2020, Third Friday Total Return Fund, LLP ("Third Friday") filed the Third Friday Disclosure Statement. ECF No. 640. On the same day, Third Friday filed the Joint Plan of Reorganization Proposed by the Third Friday Total Return Fund, LLP (the "Third Friday Plan"). ECF No. 639.

4.  Third Friday is listed within the Debtor's Schedules as a secured creditor with an unknown balance. ECF No. 225, at 13. On June 17, 2020, Third Friday filed a proof of claim listing a $25,780,016 secured debt, consisting of approximately $19 million in principal and $6 million in interest and fees.

5.  According to the proof of claim, Third Friday filed UCC-1 financing statements regarding St. Alexius Hospital Corporation #1 and St. Alexius Properties LLC. Third Friday does not have any security interest in the other debtor entities, including the entities associated with the hospitals located in Ellwood City, Pennsylvania and Izard County, Arkansas.

> I.  *The Court Should Not Hold a Combined Hearing on the Adequacy of the Information Contained Within the Third Friday Disclosure Statement and Confirmation of the Third Friday Plan*

6.  According to the Third Friday Disclosure Statement, "the Bankruptcy Court will schedule a hearing on approval of this Disclosure Statement and on confirmation of the Plan," but does not include a date for any such hearing. ECF No. 640, at 7. The Third Friday Disclosure Statement contemplates a combined hearing on the approval of the disclosure statement and confirmation of the Third Friday Plan.

7.  Before reaching the inadequacy of the Third Friday Disclosure Statement, the United States Trustee objects to a combined hearing on the approval of the Third Friday Disclosure Statement and confirmation of the Third Friday Plan.

8.  Under 11 U.S.C. § 1125(b), "an acceptance or rejection of a plan may not be solicited . . . unless, at the time of or before such solicitation, there is transmitted . . . a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." Similarly, Federal

3

Rule of Bankruptcy Procedure 3017(a) requires at least 28 days' notice on any hearing on the approval of a disclosure statement. While the Bankruptcy Code does allow for conditional approval of a disclosure statement in small business debtors (11 U.S.C. § 1125(f) and Federal Rule of Bankruptcy Procedure 3017.1(a)), the Debtors are not small business debtors.

9.      However, under 11 U.S.C. § 105(d)(2)(B)(vi), the Court, "unless inconsistent with another provision of this title or with the applicable Federal Rules of Bankruptcy Procedure, may issue an order . . . the court deems appropriate to ensure that the case is handled expeditiously and economically" including the power to combine the hearing on "approval of the disclosure statement . . . [and] confirmation of the plan." Based on the circumstances present in the above-captioned case, the United States Trustee believes that combining the hearing on the approval of the Third Friday Disclosure Statement and the confirmation of the Third Friday Plan is inconsistent with 1125(b) and Federal Rule of Bankruptcy Procedure 3017(a). Additionally, the power contained in § 105(d)(2)(B)(vi) is used sparingly, most often in cases where the Court denied approval of a disclosure statement due to a very limited set of issues, and then set a combined hearing on the plan and the amendments to the previously filed disclosure statement. *See In re Grabanski*, 2013 WL 1549147, at *6 (Bankr. D.N.D. 2013).

10.   The above captioned case is a large and complex chapter 11 case with numerous moving parts. The United States Trustee has appointed Carol Fox to act as an independent trustee over the above-captioned cases. The United States Trustee objects to Third Friday's attempt to conditionally approve the disclosure statement and to hold a combined hearing on the Third Friday Disclosure Statement and Third Friday Plan.

   *II. The Third Friday Disclosure Statement Does Not Include Adequate Information Under § 1125(a)(1)*

11.   Disclosure Statements are governed by 11 U.S.C. §1125(a)(1), which requires "adequate information" to include "information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan." "[I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information." *Id.*

12.   "Adequate Information" is not specifically defined within the Bankruptcy Code, but courts within the Sixth Circuit require information sufficient to allow creditors "to make an informed judgment as to the feasibility of the plan." *In re Microwave Prods. of Am., Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989); *see also In re Ban Am Exp., Inc.*, 2014 WL 4658206

5

(Bankr. W.D. Ky. 2014). Specifically, to satisfy the adequate information requirements, a debtor's plan should include "[f]inancial information, data, evaluations or projections relevant to the decision to accept or reject the plan." *In re Microwave Prods.*, 100 B.R. at 378.

13. For the reasons outlined below, the United States Trustee believes the Third Friday Disclosure Statement does not contain adequate information in violation of § 1125(a)(1), and specifically fails to includes adequate information regarding: (A) the financial ability of Third Friday to financially consummate the proposed plan; (B) the problems regarding Third Friday's secured liens on certain portions of the Debtors' property; (C) the fact that Third Friday only potentially has liens on the St. Alexius facility; (D) possible estate actions against Third Friday; (E) the funds Carol L. Fox, the chapter 11 trustee, has on hand; and (F) the Debtors' liquidation value.

    *A. The Third Friday Disclosure Statement Does Not Contain Any Information on Third Friday's Ability to Perform*

14. Paragraph VI.C of the Third Friday Disclosure Statement, titled "Funding the Purchase Price," states that Third Friday will credit bid its entire balance, as well as contribute $22,000,000 in cash. The only statement in the Third Friday Disclosure Statement regarding its ability to financially consummate the transaction is the following: "The Plan Proponent submits that it has sufficient capital to fund the Purchase Price." ECF No. 640, ¶ VI.C.

15. The Third Friday Disclosure Statement does not contain any information regarding Third Friday's current financial position or its ability to financially consummate the transaction. Therefore, the Third Friday Disclosure Statement does not contain adequate information regarding potentially the most important aspect of the entire plan.

> B. *The Third Friday Disclosure Statement Does Not Contain Any Information Regarding Potential Issues with Third Friday's Secured Status on the Debtors' Assets*

16. Paragraph III.E of the Third Friday Disclosure Statement notes that "[Carol Fox's] objection, joined by Third Friday and the [Unsecured Creditors' Committee], raises numerous bases to deny Pelorus the right to credit bid." Pelorus is a large potentially secured creditor in the above-captioned cases and is conflict with Third Friday.

17. However, while Third Friday notes potential issues with the secured status of its rival Pelorus, it does not mention any of the similar issues raised by numerous parties against Third Friday. Third Friday initially filed its Notice of Claim of Lien on May 21, 2020 (ECF No. 584). On June 4, 2020, Toby Mug Financing, LLC ("Toby Mug") and Pelorus filed objections to Third Friday's Notice of Claim of Lien (ECF Nos. 604, 608). Also on June 4, 2020, Carol Fox filed a Reservation of Rights with respect to Third Friday's Notice of Claim of Lien. ECF No. 611. However, instead of defending against these objections, Third Friday withdrew its Notice of Claim of Lien. ECF No. 609.

18. The Third Friday Disclosure Statement fails to include any information regarding potential defects in its secured status, and therefore fails to provide adequate information to creditors.

> C. *The Third Friday Disclosure Statement Does Not Adequately Explain That Its Only Potential Liens are on the St. Alexius Facility*

19. According to Paragraph IV.B, the Third Friday Disclosure Statement proposes substantive consolidation "solely for voting on, confirmation of and distributions [under the Third Friday Plan]." Therefore, because of the substantive consolidation, "the Plan treats Claims against and Interests in each of the eleven separate corporate Debtors as Claims against and Interests in a single debtor entity." *Id.*

20. While the Third Friday Disclosure Statement contemplates the substantive consolidation of all of the Debtors' assets, consisting primarily of the St. Alexius facility, Ellwood City Facility, and Izard County Facility, the Disclosure Statement fails to note that Third Friday only arguably has a security interest in one of the Debtors' hospitals – the St. Alexius facility.

> D. *The Third Friday Disclosure Statement Does Not Disclose Any Potential Estate Actions Against Third Friday*

21. Paragraph IV.I.3 of the Third Friday Disclosure Statement states that the following will occur at confirmation: "the Debtors and their Estates indefeasibly release and discharge Third Friday, its respective agents, attorneys, representatives, employees, officers, directors, members,

8

successors, assigns, parents, subsidiaries, affiliates, heirs, executors, administrators, and each of them from all demands, controversies, actions, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character . . . whether known or unknown, fixed or contingent, and liquidated or unliquidated, in law or in equity, from the beginning of the world to the Effective Date." As is clear by the above language, the Third Friday Disclosure Statement contemplates a very expansive release for Third Friday.

22.  Grant White, who is the primary owner of the Debtors, stated in his first-day affidavit that Third Friday "directed and controlled the Debtors' use of cash," including causing Debtor entities without liability to Third Friday to "make transfers to Third Friday." ECF No. 11, at 10. The same affidavit also alleges improper control of the Debtors by Third Friday. *Id.* at 11–12.

23.  While the United States Trustee does not know the truth of Mr. White's allegations against Third Friday, a thorough disclosure of the Debtors' potential claims against Third Friday are required before any creditor may make an informed decision regarding the bankruptcy estate's waiver of all claims against Third Friday from the "beginning of the world" to the confirmation date.

### E. The Third Friday Disclosure Statement Fails to Account for Carol Fox's Current Cash on Hand

24. According to the Chapter 11 Trustee Status Report filed on June 17, 2020, Carol Fox received $16.4 million in Safety Net Hospital Provider Relief Funds and $5.1 million in PPP funds. ECF No. 665. Together, these two cash infusions essentially equal the entire cash purchase price offered by Third Friday.

25. The Third Friday Disclosure Statement fails to make any note regarding this material changes in the Debtors' current cash balances, and therefore does not contain adequate information.

### F. The Third Friday Disclosure Statement Does Not Contain a Liquidation Analysis

26. The Third Friday Disclosure Statement does not include *any* financial analysis regarding the amounts that may be available to unsecured creditors if the Debtors' assets were liquidated, either through a liquidating chapter 11 plan, an 11 U.S.C. § 363 sale, or conversion to chapter 7. In fact, the Third Friday Disclosure Statement appears to admit that it does not contain adequate information, as it states that Third Friday's financial advisor "is in the process of drafting a liquidation analysis," but that such analysis is currently incomplete. ECF No. 640, at 25. However, even without conducting any analysis, the Third Friday Disclosure Statement states that general

unsecured creditors will be better served by the Third Friday Plan than any other form of asset liquidation.

27. Additionally, the Third Friday Disclosure Statement contemplates substantive consolidation, where each unsecured creditor will be treated the same, regardless of which entity the unsecured creditor has a claim against. If Third Friday ever completes a liquidation analysis, that analysis must include projected distributions to unsecured creditors for each debtor entity.

28. Therefore, because the Third Friday Disclosure Statement does not include a liquidation analysis, it cannot include adequate information.

WHEREFORE, the United States Trustee respectfully requests that the United States Trustee's objection be SUSTAINED, and that the Court find that the Third Friday Disclosure Statement does not contain adequate information as required by 11 U.S.C. § 1125(a)(1).

Dated: July 8, 2020

**Paul A. Randolph**

Acting United States Trustee

By:/s/ Bradley M. Nerderman
John L. Daugherty
Assistant U.S. Trustee
Bradley M. Nerderman
Trial Attorney
Office of the U.S. Trustee
100 E. Vine St., Suite 500
Lexington, KY 40507
(859) 233-2822

## Certificate of Service

I certify that July 8, 2020, I served a copy of the foregoing upon all parties registered to receive notice electronically via ECF noticing.

*/s/Bradley M. Nerderman*
Bradley M. Nerderman