IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| In re: | ) | Case No. 6:19-bk-61608 |
| | ) | Chapter 11 |
| AMERICORE HOLDINGS, LLC,[1] | ) | Judge Gregory R. Schaaf |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**UNITED STATES' OBJECTIONS TO THE MOTION OF THIRD FRIDAY TOTAL RETURN FUND, LLP, TO (1) CONDITIONALLY APPROVE DISCLOSURE STATEMENT AND (2) COMBINE FINAL HEARING ON APPROVAL OF DISCLOSURE STATEMENT WITH HEARING ON CONFIRMATION OF THE PLAN**

The United States, on behalf of its agency, the Internal Revenue Service (the Service), objects to the motion filed by Third Friday Total Return Fund, LLP (Third Friday) to (1) conditionally approve disclosure statement and (2) combine final hearing on approval of disclosure statement with hearing on confirmation of the plan. In addition, the Service objects to the proposed Disclosure Statement.

**Background**

1.  On February 27, 2020, the Service requested the Debtors and/or the Trustee submit all unfiled tax returns and provide information for the Service to determine each entity's filing requirements (i.e., how each entity's income should be reported). The Service received no response.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Elwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

2. According to the Service's records, Debtor Pineville Medical Center, LLC (9435) has not filed Forms 940 for the tax periods ending December 31, 2017, or December 31, 2019. Additionally, according to the Service's records, Debtor Pineville Medical Center, LLC, has not filed Forms 941 for the tax periods ending June 30, 2017; September 30, 2017; December 31, 2017; March 31, 2018; June 30, 2018; June 30, 2019; September 30, 2019; or December 31, 2019.

3. According to the Service's records, Debtor Americore Health, LLC (6554) has not filed Forms 940 for the tax periods ending December 31, 2017; December 31, 2018; and December 31, 2019, nor has Americore Health, LLC, filed Forms 1065 for the tax periods ending December 31, 2017; or December 31, 2018.  Additionally, according to the Service's records, Debtor Americore Health, LLC, has not filed Forms 941 for the tax periods ending June 30, 2017; September 30, 2017; December 31, 2017; March 31, 2018; June 30, 2018; March 31, 2019; June 30, 2019; September 30, 2019; or December 31, 2019.

4. According to the Service's records, Debtor Success Healthcare 2, LLC (8861) has not filed Forms 1065 for the tax periods ending December 31, 2013; December 31, 2014; December 31, 2015; December 31, 2016; December 31, 2017; or December 31, 2019.

5. According to the Service's records, Debtor St. Alexius Hospital Corporation #1 (2766) has not filed a Form 940 for the tax period ending December 31, 2019, nor has St. Alexius Hospital Corporation #1 filed Forms 941 for tax periods ending June 30, 2019; September 30, 2019; or December 31, 2019.  Additionally, according to the Service's records, Debtor St. Alexius Hospital Corporation #1 has not filed Forms 720 for the tax periods ending June 30, 2014; June 30, 2016; June 30, 2017; June 30, 2018; or June 30, 2019.

6. According to the Service's records, Debtor Izard County Medical Center, LLC (3388) has not filed Forms 940 for the tax periods ending December 31, 2017, or December 31, 2019. Nor does the Service's records reflect that Debtor Izard County Medical Center, LLC, filed Forms 941 for the tax periods ending June 30, 2017; September 30, 2017; December 31, 2017; March 31, 2018; June 30, 2018; or December 31, 2018. Additionally, the Service's records show that Debtor Izard County Medical Center, LLC, has not filed Forms 941 for the tax periods ending June 30, 2017; September 30, 2017; December 31, 2017; March 31, 2018; June 30, 2018; or December 31, 2019.

7. According to the Service's records, Debtor Ellwood Medical Center Operations, LLC (5283) has not filed Forms 940 for the tax periods ending December 31, 2017; December 31, 2018; or December 31, 2019. Additionally, the Service's records show that Debtor Ellwood Medical Center Operations, LLC, has not filed Forms 941 for any of the tax periods ending June 30, 2017, through December 31, 2019.

8. On April 22, 2020, the United States Attorney's Office for the Eastern District of Kentucky followed up on this request by sending an email to the counsel for the Chapter 11 Trustee. The United States Attorney's Office again followed up on this request with a call on April 29, 2020.

9. On April 27, 2020, the Chapter 11 Trustee filed a Motion for Order Establishing Bar Dates (Doc. No. 494), which proposed a government bar date as June 26, 2020.

10. On April 30, 2020, at the 341 Meeting, the United States Attorney's Office noted the Service's questions on the record. The Chapter 11 Trustee indicated they would consult with legal counsel on filing the required returns and obtaining answers to the Service's questions.

11. On May 11, 2020, counsel for the United States met telephonically with counsel for the Chapter 11 Trustee to discuss the Service's requests for information and the proposed government bar date. Counsel for the United States explained that the Service needs the requested information and filed tax returns before the Service can submit proofs of claims.

12. The Chapter 11 Trustee agreed to extend the government bar date through December 28, 2020, in order to allow time to provide responses to the Service's requests for information.

13. On May 12, 2020, the Court entered a Scheduling Order setting the Government Claim Bar Date as December 28, 2020. (Doc. No. 544 at ¶ 8.)

14. As of this date, the Service has received no additional information from the Chapter 11 Trustee or the Debtors regarding the unfiled tax returns or the entities' filing requirements.

15. Before the Service can assert proofs of claims with specific numbers, the Chapter 11 Trustee or the Debtors must provide the Service with all unfiled tax returns, whether any of the Debtors have ongoing or prior agreements with Certified Professional Employer Organizations (CPEO), and the additional information requested concerning each Debtor's filing requirements.

16. On June 10, 2020, Third Friday filed its Chapter 11 Plan of Reorganization and Disclosure Statement. (Doc. No. 639; Doc. No. 640.)

17. On June 15, 2020, Third Friday filed a motion to conditionally approve its disclosure statement and a motion to combine the final hearing on approval of the disclosure statement with the hearing on the confirmation of the plan.

**Objections**

I. **The Court should not hold a combined hearing because Third Friday's Motion for Conditional Approval violates 11 U.S.C. § 1125(b), Fed. R. Bank. P. 3017(a), and Local Rule 3017-1.**

18. The Disclosure Statement filed by Third Friday states, "the Bankruptcy Court will schedule a hearing on approval of this Disclosure Statement and on confirmation of the Plan." (Doc. No. 640 at 7.) While Third Friday failed to provide a specific date for such hearing, the Disclosure Statement requests a combined hearing on both the approval of the disclosure statement and confirmation of the plan.

19. A bankruptcy court may hold a combined hearing on the approval of the disclosure statement and confirmation of the plan, unless such a hearing is inconsistent with another provision of Title 11 or the applicable Federal Rules of Bankruptcy Procedure. 11 U.S.C. § 105(d)(2)(B)(vi).

20. The Bankruptcy Code prohibits the solicitation of the acceptance or rejection of a plan until a written disclosure statement has been approved after notice and hearing. 11 U.S.C. § 1125(b).

21. Conditional approval of a disclosure statement may be obtained in small business cases. 11 U.S.C. § 1125(f)(3)(A).

22. Third Friday does not assert that any of the Debtors meet the definition of a small business debtor, as provided in 11 U.S.C. § 101(51D), nor does Third Friday argue that any of these proceedings would be considered small business cases pursuant to 11 U.S.C. § 101(51C). (*See, generally,* Doc. No. 647.) Therefore, conditional approval under 11 U.S.C. § 1125(f)(3)(A) is not applicable, and Third Friday must adhere to the requirements of 11 U.S.C. § 1125(b).

23. Under Fed. R. Bankr. P. 3017(a), the Court must hold a hearing to approve a disclosure statement after at least twenty-eight days' notice to the debtor, creditors, equity security holders, and other parties in interest.

24. Pursuant to this Court's Local Rules, any proponent of a disclosure statement and plan for reorganization must obtain a date and time for a hearing. The proponent must submit a proposed order to include a deadline for filing objections (ordinarilyy seven days prior to the hearing on approval of the disclosure statement). KYEB LBR 3017-1.

25. The times set forth in Fed. R. Bankr.P. 3017 and KYEB LBR 3017-1 may be shortened, but only "for cause." Fed. R. Bankr. P. 9006(c).

26. Third Friday has failed to assert any such good cause, as required by Rule 9006(c). (*See, generally*, Doc. No. 647.)

27. Third Friday's motion for a combined hearing is therefore inconsistent with 11 U.S.C. § 1125, Fed. R. Bankr. P. 3017, and KYEB LR 3017-1. Because it is inconsistent with Title 11 and applicable Federal Rules of Bankruptcy Procedure, the combined hearing provided in 11 U.S.C. § 105(d)(2)(B)(vi) is not an appropriate remedy.

28. Third Friday's motion is entirely bereft of legal argument for why the Court should grant this extraordinary relief for a Debtor that does meet the Title 11 definition of a small business debtor.

29. Thus, the United States objects to Third Friday's motion to conditionally approve the disclosure statement and to hold a combined hearing on approval of its disclosure statement and confirmation of its plan.

**II. The Service objects to the approval of the Disclosure Statement, as the Disclosure Statement contradicts the Court's previously entered Order setting the Government Claim Bar Date.**

30. The Disclosure Statement filed by Third Friday states as follows:

> At the close of business on the date of the Confirmation Hearing, the claims register in each of these Cases shall be closed, and there shall be no further changes in the record holders of any Claims.  The Debtors or the Reorganized Debtors, as applicable, shall have no obligation to recognize any transfer of any Claims occurring after the date of the Confirmation Hearing; *provided, however,* that the foregoing will not be deemed to prohibit the sale or transfer of any Claim subsequent to the date of the Confirmation Hearing and prior to the Effective Date.  The Debtors and the Reorganized Debtors, as applicable, shall instead be entitled to recognize and deal for all purposes under the Plan with only those record holders as of the close of business on the date of the Confirmation Hearing. (Doc. No. 640 at 19.)

31. The Service has not filed proofs of claims because, despite repeated requests from the Debtors and the Trustee, the Service does not yet have sufficient information to file its proofs of claims.  (*See, supra,* ¶¶ 1–14.)

32. The General Claims Bar Date expired on June 17, 2020; however, the Court's Order sets the Government Claim Bar Date as December 28, 2020.  (Doc. No. 544 at ¶¶ 7–8.)

33. The Disclosure Statement provides no relief for the Service if the Confirmation Hearing is held prior to December 28, 2020.  (*See, generally,* Doc. No. 640.)

34. Therefore, the United States objects to the Disclosure Statement to the extent it seeks to circumvent the Court's Order Establishing Bar Dates.

**III.    The Service objects to the approval of the Disclosure Statement for failure to provide sufficient information as required by 11 U.S.C. § 1125, because the Service has not yet received sufficient information to make determinations regarding its proofs of claims.**

35.    The Proposed Plan filed by Third Friday, under Section 4.02. Priority Tax Claims, states that priority tax claims "shall be treated in accordance with the terms set forth in § 1129(a)(9)(C) of the Code" after the later of the "Effective Date" or the "Payment Trigger Date." (Doc. No. 639 at 19.)

36.    The Proposed Plan defines the "Effective Date" as the later of either fourteen days from the date of entry of the Confirmation Order or the satisfaction of Conditions Precedent to Confirmation. (Doc. No. 639 at 9, 36.) The Proposed Plan defines the "Payment Trigger Date" as the date on which such Priority Tax Claim is allowed. (Doc. No. 639 at 19.)

37.    Neither the Proposed Plan nor the Disclosure Statement mention that the Government Bar Date does not expire until December 28, 2020. (*See, generally*, Doc. No. 639 *and* Doc. No. 640.)

38.    It appears that the Proposed Plan provides for regular payments with interest for Priority Tax Claims. However, the Service cannot verify the priority tax claim amounts or file accurate proofs of claims because the Service has not yet received the requested information sufficient to file its proofs of claims. (*See, supra*, ¶¶ 1–14.)

39.    The Proposed Plan, under Section 6.02, also anticipates that each Allowed Other Secured Claim would be paid in full. (Doc. No. 639 at 20.)

40.    However, the Service does not yet have sufficient information to know whether the Service will have a secured claim against the Debtors because the Service has not yet received the requested information sufficient to file its proofs of claims. (*See, supra*, ¶¶ 1–14.)

41. The Service objects to the Disclosure Statement for failure to provide adequate information as required by 11 U.S.C. § 1125.

42. A disclosure statement must include information "sufficient to inform all hypothetical reasonable investors to make an informed judgment about the plan." *In re Ban Am Exp., Inc.*, No. 14-10112(1)(11), 2014 WL 4658206, at *2 (W.D.Ky. Sept. 17, 2014).

43. In this case, the Disclosure Statement fails to mention that the Service has been unable to file proofs of claims for the Debtors' outstanding tax liabilities. The Disclosure Statement provides no protection for the Service if the amounts for the proofs of claims cannot be determined before confirmation of the plan.

44. The Disclosure Statement thus fails to include adequate information regarding the outstanding proofs of claims to be filed by the Service, in particular, whether the Proposed Plan will be adequately funded to pay all potential Priority Tax Claims or whether the Proposed Plan would be sufficient to pay the Service's potential Secured Claims in full.

(*Remainder of page intentionally left blank.*)

## **Conclusion**

Third Friday's motion to conditionally approve the disclosure statement and to hold a combined hearing on approval of its disclosure statement and confirmation of its plan is inconsistent with 11 U.S.C. § 1125, Fed. R. Bankr. P. 3017, and KYEB LR 3017-1.  The Disclosure Statement is also in conflict with the Court's Order Establishing Bar Dates, in particular, the Government Bar Date.  Furthermore, the Disclosure Statement fails to contain adequate information related to the Service's unfiled proofs of claims, as required by 11 U.S.C. § 1125.  Thus, the United States respectfully requests the Court deny Third Friday's Motion (Doc. No. 647), and sustain the United States' objection to the Disclosure Statement for failure to contain adequate information as required by 11 U.S.C. § 1125(a)(1).

Dated: July 20, 2020

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Emily K. Miller*
        EMILY K. MILLER
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, D.C.  20044
        202-353-7509 (v)
        202-514-6866 (f)
        Emily.K.Miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic service of such filing to all those registered to receive service.

                                             */s/ Emily K. Miller*
                                             EMILY K. MILLER
                                             Trial Attorney
                                             United States Department of Justice, Tax Division