**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

| | : | |
|---|---|---|
| IN RE: | : | CASE NO. 19-61608 |
| | : | |
| AMERICORE HOLDINGS, LLC et al, | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| DEBTORS. | : | |
| | : | JUDGE GREGORY R. SCHAAF |

**LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S AMENDED MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS (ST. ALEXIUS)  [Related Doc. 744]**

TO THIS HONORABLE COURT:

Toby Mug Financing LLC ("Toby Mug"), for its Limited Objection to the Chapter 11 Trustee's Amended Motion for Entry of an Order Authorizing the Sale of Substantially All of the Debtors' Assets (St. Alexius) in Accordance with Approved Bid Procedures, as Modified; (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases in Accordance with the Bid Procedures [Doc. 744; the "Amended Sale Motion"].

1.     At the July 16, 2020 hearing on the Trustee's Motion to seek authorization of SA Acquisition Group LLC ("SA") as the "Stalking Horse Bidder" and other related relief [Doc. 737], counsel for the Trustee (Ms. Elizabeth Green) clarified on the record that a material term of the Asset Purchase Agreement previously tendered by SA [Doc. 737-1; the "SA APA") – one which materially affects Toby Mug – had been modified consistent with the parties' direct discussions. Notably, counsel for the Trustee clarified that instead of seeking to "refinance" the debt owed to Toby Mug with the continuation of Toby Mug's liens as "Permitted Exceptions" from the "free and clear" provisions of the proposed sale, SA had instead decided to pay off the

1

Toby Mug secured debt in full at closing as part of the allocated purchase price,[1] and consequently striking the Toby Mug liens from the list of "Permitted Exceptions." This would increase the cash component of SA's stalking horse bid (to approximately $18.62 million, less a handful of other allowances and adjustments as outlined therein)  See Doc. 737-1, p. 6)

2. To date, Toby Mug has not yet seen a final fully-executed version of the SA APA reflecting this modification. While Toby Mug does not doubt the representations of the parties, it must nonetheless reserve its rights based upon these representations which contradict the current form of the SA APA, and any finally executed APA by SA Acquisition that is approved by this Court must reflect this stated modification of terms.

3. As of the time of filing this Limited Objection[2], only one other potential bidder has been identified to the parties-in-interest. Third Friday Total Return Fund, L.P. ("Third Friday"), has apparently submitted an asset purchase agreement (the "Third Friday APA"; *see* Doc. 815-8) to the Trustee. It contains a term that is identical to the SA APA concerning the treatment of Toby Mug (the assumption of the Debtors' obligations to Toby Mug and inclusion of the liens securing such as "Permitted Exceptions" to the otherwise "free and clear" sale[3]).

4. Toby Mug has not reached any agreement with Third Friday concerning this treatment; given that this proposal would exclude Toby Mug from receiving any distribution from the cash sale price offered by Third Friday which includes assets encumbered by Toby Mug's valid liens – in violation of Section 363 and applicable bankruptcy law – <u>the Court cannot</u>

---

[1] For more information, see Toby Mug's OBJECTION AND RESERVATION OF RIGHTS TO "CHAPTER 11 TRUSTEE'S MOTION TO APPROVE DESIGNATION OF STALKING HORSE BIDDER (ST. ALEXIUS) AND BREAK-UP FEE IN ACCORDANCE WITH APPROVED BID PROCEDURES AND SALE MOTION" [Doc. 755], which was withdrawn without prejudice [Doc. 756] based on the subsequent assurances of the involved parties.
[2] As of present, Toby Mug has not been informed of the identity of the successful bidder.
[3] This term appears inconsistent with one of the "conditions" contained in the commitment letters identified by Third Friday. See Doc. 822-4, p. 2 ("Lender shall receive a senior perfected interest in all real estate properties… ."); Doc. 822-5, p. 2 ("Clear title allowing a first mortgage on all properties of St. Alexius Hospital … .").

approve the Third Friday APA as presently authored absent Toby Mug's consent. Moreover, even if Toby Mug does consent, such consent does not waive any other accrued rights *inter alia* the right to act upon the default in the promissory note and enforce its state-court remedies, unless separately agreed to.

5.      Additionally, Toby Mug has previously filed a "Notice of Claim of Lien" [Doc. 553], with the effective date of the **$1,549,849.93** balance due and owing being June 1, 2020. The Notice of Claim of Lien specifically stated that this figure would continue to increase in accordance with the applicable loan documents. Further, both the SA APA and the Third Friday APA specifically label this figure as "estimated." [Doc. 737-1, p. 16; Doc. 815-8, p. 17]

6.      Since June 1, 2020, additional interest[4] and attorneys' fees have accrued on the obligation, which will be at least **$1,623,290.63** as of August 1, 2020, subject to additional estimated sum of attorneys' fees of approximately $10,000.00 through August 1, 2020 (the exact amount of which will be known and precisely calculated by closing). Toby Mug has not agreed to any reduction of its secured claim. Further, no party-in-interest objected to or otherwise challenged either a) the validity of the amounts demonstrated in the Notice of Claim of Lien; or b) the continued accrual of interest and attorneys' fees as part of the Debtors' loan obligations.

7.      In the event that the foregoing term is not ultimately reflected in any transactional document presented to this Court for approval, Toby Mug conditionally objects to any purported allocation of the net sale proceeds. The versions of the SA APA and the Third Friday APA filed with the Court each omit several key schedules, chief among them being a "Schedule 11.5" which purports to assign certain values to assets from the stated purchase price. The most recent known appraisal of the land parcels on which Toby Mug holds a first-priority security interest upon exceeds the amount due and owing to Toby Mug. Further, the Debtors' schedules purport

---

[4] The interest per diem is calculated at $1,041.67.

to value St. Alexius' hospital property (the "Broadway Campus") at $43 million; Toby Mug holds a second-priority security interest upon the remaining parcels comprising the Broadway Campus and the Jefferson Campus, and a proper allocation of the purchase price to these real property assets more than exceeds the amount needed to pay off in full the $9.7 million secured claim of Pelorus Equity Group, LLC, as reached in its compromise with the Trustee.

WHEREFORE, Toby Mug objects to the Amended Sale Motion, on the basis set forth herein; and requests that the Amended Sale Motion be OVERRULED unless the foregoing objections are cured by the Trustee; and Toby Mug requests such further relief as is just and appropriate under the circumstances.

Dated this 28th day of July, 2020.

> **FOWLER BELL PLLC**
>
> */s/ Matthew D. Ellison*
> Taft A. McKinstry, Esq.
> Matthew D. Ellison, Esq.
> 300 West Vine Street, Suite 600
> Lexington, KY  40507-1751
> Telephone:    (859) 252-6700
> Facsimile:    (859) 255-3735
> Email:   MEllison@Fowlerlaw.com
> **ATTORNEYS FOR TOBY MUG FINANCING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this the 28th day of July, 2020, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

> */s/ Matthew D. Ellison*
> **ATTORNEYS FOR TOBY MUG FINANCING, LLC**

4822-4791-5197, v. 1