**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-61608 |
| | ) | |
| **Americore Holdings, LLC,** *et al.*[1] | ) | **Jointly Administered** |
| | ) | |
| Debtors. | ) | **Chapter 11** |
| | ) | |

# CHAPTER 11 TRUSTEE'S MOTION TO APPROVE MODIFIED ASSET PURCHASE AGREEMENT AND ENTER SALE ORDER

Carol L. Fox, the Chapter 11 Trustee ("Trustee") of Americore Holdings, LLC, and its affiliated debtors (collectively, the "Debtors"), files this Motion to Approve Modified Asset Purchase Agreement and Enter Sale Order ("Motion") in connection with the Chapter 11 Trustee's Amended Motion for Entry of an Order: (A) Authorizing the Sale of Substantially All of the Debtors' Assets (St. Alexius) in Accordance with Approved Bid Procedures, as Modified; (B) Authorizing the Assumption and Assignment of executory Contracts and Unexpired Leases in Accordance with the Bid Procedures; and (C) Granting Related Relief and Request for Hearing on July 29, 2020 at 9:00 A.M. Eastern Time (Doc. No. 744) ("Sale Motion"). The Trustee is seeking the relief in this Motion because since the approval of the Sale Motion, the Trustee and SA Hospital Acquisition Group, LLC ("SA Hospital Acquisition") have made modifications to the Asset Purchase Agreement by and among Carol L. Fox as Chapter 11 Trustee of St. Alexius Properties, LLC, St. Alexius Hospital Corporation #1, and Success Healthcare 2, LLC and SA Hospital

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

Acquisition Group, LLC, by and or through its subsidiaries dated July 10, 2020 ("Original APA") to address issues that have arisen since approval of the Sale Motion. In support of the Motion the Trustee respectfully states as follows:

**The Sale Motion**

1.      On July 10, 2020, the Trustee filed her Motion to Approve Designation of Stalking Horse Bidder (St. Alexius) and Break-Up Fee in Accordance with Approved Bid Procedures and Sale Motion (Doc. No. 737) ("Stalking Horse Motion"). The Stalking Horse Motion sought to approve SA Hospital Acquisition as the stalking horse bidder under the approved bid procedures and authorize certain bid protections in favor of SA Hospital Acquisition in connection with the sale procedures. The Stalking Horse Motion attached a copy of the Original APA.

2.      On July 13, 2020, the Trustee filed the Sale Motion seeking approval of the sale of substantially all the assets of St. Alexius Properties, LLC, St. Alexius Hospital Corporation #1, and Success Healthcare 2, LLC (collectively, the "St. Alexius Debtors").

3.      On July 16, 2020, the Court entered its Order Granting Chapter 11 Trustee's Motion to Approve Designation of Stalking Horse Bidder (St. Alexius) and Break-Up Fee in Accordance with Approved Bid Procedures, and Sale Motion, as Amended (Doc. No. 764) ("Stalking Horse Order").

4.      Following the submission of additional bids, the Trustee determined that SA Hospital Acquisition was the only party that submitted a qualified bid in accordance with bid procedures previously approved by the Court.

5.      On July 29, 2020, the Court conducted a hearing on the Sale Motion, the selection of SA Hospital Acquisition as the highest and best bidder for the Debtors' assets, and various objections by parties in interest (the "Sale Hearing").

4828-5078-9328.1

6.     In support of the Sale Motion, the Trustee submitted various exhibits including a copy of the Original APA.

7.     On July 30, 2020, the Court provided its oral ruling approving the Sale Motion and overruling all objections, but subject to ruling on the Objection of the United States Department of Health and Human Services to the Sale Motion (Doc. No. 774) ("HHS Objection").

## HHS Agreement

8.     Following the Sale Hearing, the Trustee and her team have worked closely with SA Hospital Acquisition to resolve the HHS Objection with the United States Department of Health and Human Services ("HHS") and were able to reach an agreement with HHS regarding language which has been added to the proposed order approving the sale, which proposed order is attached to this Motion as **Exhibit "A".**

9.     Notwithstanding the failure of the State of Missouri to object or oppose the Sale Motion, the Trustee and SA Hospital Acquisition have made significant efforts to obtain approval from the State of Missouri (the "State") of language similar to that agreed to by HHS. While the Trustee, SA Hospital Acquisition and the State of Missouri have had productive dialogue, the State has not to date provided the Trustee or SA Hospital Acquisition with any substantive response to the proposed language. The Trustee has included the same language approved by HHS to apply to the State of Missouri in the proposed order.

## Modifications to the APA

10.    Since the approval of the Sale Motion, certain events have created the need for the Trustee and SA Hospital Acquisition to modify the Original APA to create the ("Modified APA"). A black line comparison of the Modified APA to the Original APA is attached to this Motion as **Exhibit "B"**.

11. The Modified APA does not alter in anyway the primary terms of the Original APA and the sale itself.

12. Importantly, under the Modified APA: (i) SA Hospital Acquisition is acquiring all of the real and personal property associated with the Broadway and Jefferson Campuses owned by the St. Alexius Debtors, but specifically excludes the cash on hand at closing and the rights to $2.5 million in proceeds from the Master Agreement For Shared Rotational Arrangements entered into by St. Alexius Hospital Corporation #1, SSM-SLUH, dba SSM Health Saint Louis University Hospital and SSM Health Care St. Louis dba SSM Health St. Mary's Hospital – St. Louis  the ("Residency Slot Agreement"); (ii) a purchase price of $17 million  minus  $1 million for post-closing revenue from the Residency Slot Agreement minus assumption of accrued and other paid time off, not to exceed $500,000.00 minus Cure Costs associated with any Assigned Contract and/or Assigned Leases with approximately $15.5 million net cash paid to the St. Alexius Debtors' collective estates; and (iii) payment in full of the St. Alexius Debtors' obligations to Toby Mug Financing, LLC ($1,656,789.03 plus per diem interest of $1,041.67 after August 21, 2020).

13. While the primary terms of the Original APA are unchanged in the Modified APA, the Modified APA includes new language to address new HHS guidance on the use of funds provided to St. Alexius Hospital Corporation #1 under the CARES Act.

14. This year the federal government allocated $175 billion for the Provider Relief Fund ("PRF") under the CARES Act to support providers with the resources required to face the challenges caused by COVID-19.  The PRF was specifically designed for two primary purposes: (1) to help providers cover the expenses of directly responding to COVID-19, and (2) to provide some relief to providers to help ease the burdens of lost revenues attributable to COVID-19.  The first purpose has remained constant, but on September 19, 2020, HHS changed the guidance on

how providers must calculate lost revenue. Specifically, HHS initially told providers that they would be allowed to use "any reasonable method" to estimate the lost revenues attributable to COVID-19. Indeed, prior guidance suggested that providers may be able to estimate lost revenues by comparing budgeted revenue to actual revenue or comparing current revenues to prior revenues.

15. The General and Targeted Distribution Post-Payment Notice of Reporting Requirements released by HHS on October 22, 2020 (the "Current Guidance") defines "lost revenues attributable to coronavirus, represented as a negative change in year-over-year actual revenue from patient care related sources (i.e. revenue/net charges from patient care).

16. Under the prior guidance from HHS, St. Alexius Hospital calculated a loss of approximately $43.3 million between January 2020 and September 2020 based on comparing gross patient revenue for January 2020 through September 2020 to the same period in 2019.

17. Under the Current Guidance, St. Alexius Hospital calculated significantly less lost revenue attributable to coronavirus of approximately between January 2020 and September 2020 based on comparing net patient revenue from January 2020 through September 2020 to the same period in 2019.

18. Additional uses of the PRF under the Current Guidance includes "healthcare related expenses attributable to coronavirus that another source had not reimbursed and is not obligated to reimburse".

19. As a result, a significant amount of St. Alexius Hospital Corporation #1's stimulus funds remain unspent as of October 1, 2020. Any funds not spent for the benefit of St. Alexius Hospital will be required to be returned to the federal government.

20. In order to provide the maximum benefit to the St. Alexius Hospital, the Trustee and SA Hospital Acquisition have worked together to identify needed expenditures that qualify

4828-5078-9328.1

for use under the CARES Act as intended by the federal government. Total additional CARES Act expenditures are approximately $10 million to $12.5 million

21. Moreover, while the Trustee recognizes that there will be some incremental increase in the value of the St. Alexius Hospital as a result of these expenditures, the Trustee submits that any increase would not warrant a new sales or bidding process. This is particularly true because there have been some significant and adverse medical surveys at the hospital since the sale hearing, as previous noted in the Chapter 11 Trustee's Status Report filed with the Court on September 2, 2020. Moreover, these expenditures will significantly benefit the under-served community who presently rely upon St. Alexius Hospital for their medical needs, including Covid related care and treatment.

22. Use of the PRF for the benefit of St. Alexius Hospital is net neutral to the St. Alexius Debtors' respective estates because such funds can only be used as provided by HHS under the CARES Act or returned to the federal government.

23. In addition, in 2021 all PRF participants must report their PRF expenditures and are required to pay back any amounts that were not used properly according to the two approved purposes (i.e. lost revenue and healthcare related expense attributable to coronavirus).

24. Since the reporting of the PRF expenditures does not occur until after the anticipated sale date of the Hospital, the Modified APA requires SA Hospital Acquisition to indemnify the St. Alexius Debtors for any claim asserted by HHS that any of the expenditures do not qualify under the CARES ACT as appropriate use of PRF payments.

25. The change in guidance from HHS also allows St. Alexius Hospital Corporation #1 to seek forgiveness from the federal government for the PPP Loan it received earlier this year under the CARES Act and the Trustee has already started her efforts to seek forgiveness of that

4828-5078-9328.1

loan. The Modified APA adds a provision that requires SA Hospital Acquisition to pay St. Alexius Hospital Corporation #1 an additional $2.7 million dollars in cash within ninety (90) days of the Trustee providing notice of U.S. Bank or the SBA's denial of the Trustee's request to forgive the PPP Loan.

26. The changes made from the Original APA to the Modified APA do not change the general expectations and understanding of the parties as they previous existed, and do not change the previously anticipated net benefit to the St. Alexius Debtors' respective estates arising from the sale as previously approved by the Court.

27. These changes simply allow the Trustee to use the funds provided under the CARES Act for their intended purpose instead of returning them to the federal government.

28. The modifications are a reasonable use of the Trustee's business judgment under the circumstances and should be approved.

29. A copy of this Motion and all exhibits is being filed and served to participants receiving ECF notices and served by U.S. first class mail to the U.S. Small Business Administration and certified mail to U.S. Bank National Association. In addition, a copy of the Motion, the proposed order, and a blackline comparison of the Asset Purchase Agreement and Modified Asset Purchase Agreement (less the attached schedules) is being served via U.S. first class mail to all (a) all creditors and parties in interest, (b) all parties which, to the Trustee's knowledge, have or have asserted liens on the Debtors' assets, (c) all counterparties to executory contracts and unexpired leases with the Debtors, (d) any party that has expressed an interest to the Trustee in acquiring any of the Debtors' assets. A complete list of all parties served by the mailing agent, BMC Group, Inc. and by the undersigned will be promptly filed upon completion of service.

4828-5078-9328.1

Any party who does not have access to the ECF document and exhibits will be provided copies of all schedules to the Modified Asset Purchase Agreement upon request to dlane@bakerlaw.com.

**WHEREFORE,** the Trustee respectfully request this Court enter the order attached as **Exhibit "A"**: (i) approving the Modified APA; (ii) approving the Sale Motion; and (iii) granting all other relief that is appropriate under the circumstances.

Respectfully submitted this 29th day of October 2020.

*s/ Elizabeth A. Green*
ELIZABETH A. GREEN (*admitted pro hac vice*)
Florida Bar No. 600547
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone 407-649-4000
Facsimile 407-841-0168
egreen@bakerlaw.com
*Counsel to Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2020, I electronically filed the foregoing including all exhibits with the Clerk of Court by using the Court's CM/ECF system, which will provide a Notice of Electronic Filing and copy to all parties requesting such notice. In addition, on October 29, 2020, a copy of the foregoing was served via U.S. First Class Mail to the Small Business Administration and Certified Mail to U.S. Bank and a copy of the foregoing and all exhibits (except schedules to the Modified Asset Purchase Agreement, which are available upon request) via U.S. First Class Mail to (a) all creditors and parties in interest, (b) all parties which, to the Trustee's knowledge, have or have asserted liens on the Debtors' assets, (c) all counterparties to executory contracts and unexpired leases with the Debtors, (d) any party that has expressed an

8

4828-5078-9328.1

interest to the Trustee in acquiring any of the Debtors' assets. A complete list of all parties served by the mailing agent, BMC Group, Inc. and by the undersigned will be promptly filed upon completion of service.

*s/ Elizabeth A. Green*
ELIZABETH A. GREEN

4828-5078-9328.1