IN THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY, PENNSYLVANIA
CIVIL DIVISION

FRANK SBARRA, individually and on behalf of the Estate of Carol Sbarra, deceased,

    Plaintiff,

v.

ELLWOOD MEDICAL CENTER, LLC.,
ELLWOOD MEDICAL CENTER
OPERATIONS, LLC., t/d/b/a
ELLWOOD CITY MEDICAL CENTER,
ANTHONY COLANGELO, M.D., and
AHN EMERGENCY GROUP OF ELLWOOD
CITY, LTD.,

    Defendants.

No. 30004-2020

**JURY TRIAL DEMANDED**

COMPLAINT

Filed on behalf of Plaintiff,
Counsel of record for this party:

John P. Gismondi
PA ID #31200
jpg@gislaw.com

Joseph R. Froetschel
PA ID #203682
jrf@gislaw.com

Gismondi & Associates, P.C.
310 Grant Street
Suite 700
Pittsburgh PA 15219
412-281-2200 - phone
412-281-6302 - fax



FILED
SEP -2 2020
PRO & CLERK

IN THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY, PENNSYLVANIA

| | |
|---|---|
| FRANK SBARRA, Individually and on behalf, ) <br> of the Estate of Carol Sbarra, deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELLWOOD MEDICAL CENTER, LLC. ) <br> ELLWOOD MEDICAL CENTER ) <br> OPERATIONS, LLC., t/d/b/a ) <br> ELLWOOD CITY MEDICAL CENTER, ) <br> ANTHONY COLANGELO, M.D., and ) <br> AHN EMERGENCY GROUP OF ELLWOOD ) <br> CITY, LTD., ) <br> ) <br> Defendants. ) | No. <br><br> JURY TRIAL DEMANDED |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawrence County Government Center
430 Court Street
New Castle, PA 16101
(724) 656-1921

IN THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY, PENNSYLVANIA
CIVIL DIVISION

FRANK SBARRA, individually and on behalf, )
of the Estate of Carol Sbarra, deceased,   )
                                            )
            Plaintiff,                      )
                                            )   No.
     v.                                     )
                                            )   JURY TRIAL DEMANDED
ELLWOOD MEDICAL CENTER, LLC.,              )
ELLWOOD MEDICAL CENTER                     )
OPERATIONS, LLC., t/d/b/a                  )
ELLWOOD CITY MEDICAL CENTER,               )
ANTHONY COLANGELO, M.D., and               )
AHN EMERGENCY GROUP OF ELLWOOD             )
CITY, LTD.,                                 )
                                            )
            Defendants.                     )

## COMPLAINT

Pursuant to Pa. R.C.P. Nos. 1007 *et. seq*, Plaintiff, Frank Sbarra, individually and on behalf of the Estate of Carol Sbarra, deceased, files this action based upon the following:

### PARTIES

1. Plaintiff, Frank Sbarra, is the surviving spouse and personal representative of the Estate of his late wife, Carol Sbarra, who died on September 8, 2018.

2. In addition to Plaintiff, Melissa Clark—Plaintiff's and Deceased's only child—is a Wrongful Death beneficiary and entitled to share in the Estate.

3. Defendants, Ellwood City Medical Center, LLC. and Ellwood City Medical Center Operations, LLC. (hereinafter collectively "Ellwood City Medical Center Defendants") are Delaware limited liability corporations which, at all times relevant

hereto, owned, staffed, managed, and/or operated a medical facility known as Ellwood City Medical Center, providing a wide array of medical services with a principle location at 724 Pershing Street, Ellwood City, PA 16117

4. Defendant, Anthony Colangelo, M.D., is a physician licensed to practice medicine within the Commonwealth of Pennsylvania who, at all times relevant hereto, was practicing as an emergency department physician at Ellwood City Medical Center.

5. At all times relevant, Defendant, AHN Emergency Group of Ellwood City, LTD., was a Pennsylvania limited liability corporation with an address of 4535 Dressler Road NW, Canton OH 44718, and was the employer of Defendant, Dr. Colangelo.

## FACTUAL ALLEGATIONS

6. On September 7, 2018, Carol Sbarra was transported urgently to the Ellwood City Medical Center Emergency Department after collapsing at home.

7. In the Emergency Department, she was admitted under the care of Defendant, Dr. Colangelo, whose services Decedent did not specifically request and with whom she had no current or ongoing relationship.

8. Dr. Colangelo ordered various tests and imaging studies and eventually made a diagnosis of pulmonary embolus.

9. After making the diagnosis of pulmonary embolus, Dr. Colangelo decided to admit the patient to the hospital and treat her with an IV infusion of the anticoagulant (blood thinner) Heparin.

10. Throughout the remainder of September 7, 2018, and in the overnight hours of September 8, the Ms. Sbarra's condition deteriorated with continued or worsening chest pain, shortness of breath and signs of abnormal heart function.

2

11. Because of the inadequate treatment she received at Ellwood City Hospital, Ms. Sbarra continued to accumulate additional clots which led to a further compromise of her status in the form of worsening chest pain, shortness of breath, hypotension, and signs of cardiac dysfunction.

12. On the morning of September 8, the attending physician rounding on the deceased, Dr. Lawrence Rahall, made the decision that, because of the patient's critical condition, she needed to be transferred to a facility that could provide a higher level of care and, therefore, Ms. Sbarra was transferred to Butler Memorial Hospital in the late morning of September 8.

13. After arriving at Butler Memorial Hospital, Ms. Sbarra was assessed, and it was determined that she required urgent and more aggressive treatment for her pulmonary embolus. Therefore, she underwent catheter-directed thrombolysis.

14. Unfortunately, the patient's clot burden was too significant and a few hours after the thrombolysis, the patient became unresponsive and could not be successfully resuscitated and Ms. Sbarra was pronounced dead in the early evening on September 8, 2018.

## COUNT I – NEGLIGENCE

15. Each of the above paragraphs are incorporated by reference.

16. Carol Sbarra's death was caused by the negligence of Defendant, Dr. Colangelo, in the following particulars:

   a. In failing to order thrombolysis as treatment for Decedent's pulmonary embolus;

   b. In failing to provide the patient with a sufficient dosage of Heparin;

3

    c. In failing to review testing and to properly monitor Decedent's medical condition;

    d. In failing to be aware of and/or follow Defendant Westmoreland Hospital's protocols, policies and procedures with respect to pulmonary emboli;

    e. In failing to transfer the patient to a higher skilled medical facility on September 7, rather than admitting her to Ellwood City Hospital; and,

    f. In failing to appropriately adjust the Deceased's Heparin dosing after repeat lab work was done late on September 7.

17. Defendant, AHN Emergency Group of Ellwood City, LTD., is vicariously liable for the conduct of its employee, agent, and/or ostensible agent, Dr. Colangelo.

18. Prior to her treatment in the Emergency Department on September 7, 2018, Ms. Sbarra had no ongoing or present relationship with, nor had any involvement with, Dr. Colangelo. Furthermore, Decedent had no role in selecting him as her treating physician in the Emergency Department. Instead, his services were provided to her as a result of his being a staff physician in the Emergency Department and Decedent completely relied upon the Ellwood City Medical Center Defendants, as an institution, to provide her with necessary and adequate care.

19. As a consequence of the facts alleged in the previous paragraph, Defendant, Dr. Colangelo, was, at all times relevant hereto, the actual or ostensible agent of the Ellwood City Medical Center Defendants, who are vicariously responsible for all aspects of Colangelo's care rendered to Decedent.

20. In addition to the above, or in the alternative, the death of Carol Sbarra was caused by the negligence of the Ellwood City Medical Center Defendants, individually

4

and acting through its agents, employees, and/or ostensible agents, in the following respects:

    a. In failing to adopt and enforce appropriate Heparin protocol for the treatment of patients with pulmonary emboli;

    b. In failing to update its Heparin protocol for treatment of pulmonary emboli;

    c. In failing to properly evaluate, hire, staff, and train medical personnel;

    d. In failing to adequately communicate all test results and imaging results to appropriate members of the treatment team

    e. In failing to increase Decedent's initial dose of Heparin based on repeat lab work done late on September 7; and,

    f. In failing to keep physicians appropriately advised of the patient's condition between the time of admission and the time of discharge from the hospital.

WHEREFORE, Plaintiff demands judgment against each of the Defendants in an amount in excess of the mandatory arbitration limits, exclusive of costs and interest.

## COUNT II - WRONGFUL DEATH ACT

21.    Each of the above paragraphs are hereby incorporated by reference.

22.    As a result of the conduct of Defendants, Plaintiff claims all appropriate damages under the Wrongful Death Act, 42 Pa. C.S. § 8301, including, but not limited to, the following:

    a. Loss of economic contributions;

    b. Loss of society, support, comfort, and companionship;

5

   c. Loss of guidance, tutelage, and moral upbringing;

   d. Loss of household services and consortium;

   e. Medical expenses;

   f. Funeral expenses; and

   g. Estate administration expenses.

23. Plaintiff seeks the aforementioned damages on behalf of himself and those entitled by law to recover damages under the Wrongful Death Act.

WHEREFORE, Plaintiff demands judgment against each of the Defendants in an amount in excess of the mandatory arbitration limits, exclusive of costs and interest.

## COUNT III – SURVIVAL ACT

24. Each of the above paragraphs are hereby incorporated by reference.

25. As a result of the conduct of Defendants, Plaintiff claims all appropriate damages under the Survival Act, 42 Pa. C.S. § 8302, including, but not limited to, the following:

   a. Loss of earnings and earning capacity;

   b. Pain, suffering, and inconvenience; and

   c. Any and all damages which may have been claimed by Ms. Sbarra had she survived.

WHEREFORE, Plaintiff demands judgment against each of the Defendants in an amount in excess of the mandatory arbitration limits, exclusive of costs and interest.

**JURY TRIAL DEMANDED**

Respectfully submitted:

GISMONDI & ASSOCIATES, P.C.

_____
Joseph R. Froetschel
John P. Gismondi
Attorneys for Plaintiff

## VERIFICATION

I hereby verify that the facts in the within ___Complaint___ are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities and is given pursuant to the provisions for verification of pleadings as defined and provided for in Rule 1024 of the Pennsylvania Rules of Civil Procedure.

_[signature]_

Dated: __8/31/20__

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

_____