**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

IN RE

**AMERICORE HOLDINGS, LLC**[1]             **CASE NO. 19-61608**
**DEBTORS**                                **JOINTLY ADMINISTERED**

## ORDER

The Third Friday Total Return Fund, L.P. filed an Emergency Motion to Vacate Sale Order on December 29, 2020. [ECF No. 979.] The Motion seeks to vacate the Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief. [ECF No. 929 (the "Sale Order").] Third Friday alleges there is new evidence it could not have discovered sooner and there is fraud, misrepresentation, or misconduct by an opposing party. FED. R. CIV. PROC. 60(b)(2) (new evidence) and (3) (fraud, misrepresentation, or misconduct), made applicable by FED. R. BANKR. PROC. 9024.

**Background.**

The Trustee requested authority to sell the Debtors' St. Louis hospital assets in the Spring and an evidentiary hearing to approve the sale was held on July 29, 2020. The Trustee's evidence confirmed the sale to the purchaser, SA Hospital Acquisition Group, LLC, was the highest and best offer. [ECF Nos. 842 and 844.] Third Friday failed to prove its alternative

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

proposal would provide a better result or that it had the financial ability to perform. [*Id.*] The sale was approved subject to continued negotiations regarding the objection filed by the United States Department of Health and Human Services. [ECF No. 844.]

The Trustee resolved the issues with HHS and filed the Chapter 11 Trustee's Motion to Approve Modified Asset Purchase Agreement and Enter Sale Order. [ECF No. 913.] The issues involved also affected the rights of the State of Missouri, although the state was not an active objector. The Trustee proposed to treat the State of Missouri in a manner similar to HHS. The Motion was heard on November 5, 2020, and the Sale Order was entered without objection. [*See* ECF No. 923.]

Third Friday filed a Motion to clarify the Sale Order on November 23, 2020. [ECF No. 932.] This Motion was resolved by an Agreed Order entered December 18, 2020. [ECF No. 965.] The Agreed Order clarifies the meaning of the term "Debtor" in one section of the Sale Order.

The Trustee filed an emergency Motion to enforce the Sale Order on December 15, 2020, based on disputes that had arisen with the purchaser. [ECF No. 947.] A hearing was held on December 17, 2020, and the purchaser's request for an evidentiary hearing was granted. Before a scheduling order could enter, however, the Trustee and the purchaser resolved their disputes. [ECF No. 969.] The agreement required the purchaser to perform and provided for an escrow of a portion of the sale proceeds. [*Id.*]

Also as a result of the agreement with the purchaser, the Trustee filed another motion for modification of the Sale Order. [ECF No. 970.] The modification further clarified the agreement regarding the State of Missouri. [ECF No. 973.] The various modifications were not substantive and did not require re-solicitation of bids.

Third Friday appeared at the December 15 hearing to enforce the Sale Order and briefly described a new offer it had presented to the Trustee. [ECF No. 962.] Counsel for Third Friday said the offer provided for a higher price without the contingencies and problems with the current offer from SA Hospital Acquisition Group, LLC. Third Friday indicated it was pushing the Trustee to declare a default and accept its offer.

The Trustee's counsel acknowledged the offer and explained that, if the purchaser does not perform, the Trustee would come back to the Court for authority to take any higher or better offer. [*Id.*] This statement made it clear the Trustee was still pursuing the sale to SA Hospital Acquisition Group, LLC and today's statements confirm this goal.

**Burden of Proof.**

A party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). The Emergency Motion and argument do not suggest there is sufficient evidence to upset the ongoing sale process. Instead, they reflect a not-so-thinly veiled attempt to upset the sale.

**Finality.**

The sale was approved pursuant to § 363(b) and the purchaser was deemed a good faith buyer pursuant to 11 U.S.C. § 363(m). [ECF Nos. 844 and 929.] There is a "strong preference for safeguarding the finality of bankruptcy sales." *In re Nashville Senior Living, LLC v. Anderson Senior Living Property, LLC*, 407 B.R. 222, 230 (B.A.P. 6th Cir. 2009). Once the sale order is entered it is difficult to consider an upset bid. *See In re Sunland, Inc.*, 507 B.R. 753, 761 (Bankr. N.M. 2014). "The cases dealing with upset bids reflect a continuum, along which the bankruptcy court's discretion to reopen the bidding in pursuit of estate maximization diminishes

as the sale comes closer to becoming a fait accompli and as the expectations of the participants solidify." *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 768 (7th 2004).

The record confirms the Trustee and the purchaser have spent substantial time, and certainly money, getting to this point and it is inequitable to stop the sale process at the request of a disappointed bidder.

**Rule 60(b)(2) Does Not Justify Relief from the Sale Order.**

Rule 60(b)(2) grants relief from a judgment where a party obtains "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). To succeed on its Rule 60(b)(2) argument, Third Friday must prove (1) it exercised due diligence in obtaining the information; (2) the evidence is material and controlling; and (3) the information would have produced a different result if presented before the original judgment. *Lyon v. Baker (In re ClassicStar, LLC)*, Case No. 07-51786, Adv. No. 09-5155, 2011 Bankr. LEXIS 2374, at *19 (Bankr. E.D. Ky. June 18, 2011). In addition, the evidence must have existed at the time the trial or pertinent hearing occurred. *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 135 (6th Cir. 1990).

Here, the new offer that Third Friday presented to the Trustee did not exist at the time the court conducted the sale hearing. It does not qualify as newly discovered evidence.

**Rule 60(b)(3) Does Not justify relief from the Sale Order.**

A party seeking to set aside an order under Rule 60(b)(3) must "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding in question." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008). With respect to a Rule 60(b)(3) motion,

> fraud is defined as the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her

detriment. 'Misrepresentation' can be interpreted as an affirmative misstatement. And 'other misconduct' can be interpreted to reach questionable behavior affecting the fairness of litigation other than statements or the failure to make statements.

*Satyam Computer Servs., Ltd. v. Venture Global Engineering, LLC*, 323 F. App'x 421, 429-430 (6th Cir. 2009).

A party's inability to perform under a court-approved agreement, in and of itself, is not evidence of fraud. Third Friday must put forward clear and convincing evidence that the purchaser made a representation of its ability to perform, knew that its representation was false, and intended to deceive in making its representation. The failure to perform, if true, is a breach of the agreement, not evidence of fraud. *CJPS Healthcare Supplies & Equip. v. Ansar Med. Techs., Inc.*, Civil Action No. 12-CV-14885, 2014 U.S. Dist. LEXIS 102154, at *14 (E.D. Mich. July 28, 2014).

Further, considering the need for finality already addressed, the arguments are not new or timely. Problems between the Trustee and the purchaser were raised at the December 15 hearing. Third Friday appeared and publicly aired its counteroffer, although it was clear from all parties' comments that it was merely a back-up offer if the approved sale failed. *See supra*.

Additionally, the possible bad acts involve the purchaser's dealings with the Trustee. Therefore, it is the Trustee's place to seek relief if cause exists. Third Friday does not have standing as a disgruntled purchaser to claim a default under the agreement or claim fault with the Trustee's and purchaser's negotiations. *See*, *e.g.*, *In re New Energy Corp.*, Case No. 12-33866 HCD, 2013 Bankr. LEXIS 1232, at *36-37 (Bankr. N.D. Ind. March 14, 2013) (explaining that a disappointed bidder lacks standing to challenge a § 363 sale and the court's rulings thereon).

Decision.

Based on the foregoing and the record, the Emergency Motion is DENIED. [ECF No. 979.]

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, December 30, 2020**
**(grs)**