UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:                                                                                          Case No. 19-61608-grs

AMERICORE HOLDINGS, LLC, *et al.*,[1]                            Chapter 11
                                                                                                    Jointly Administered
      Debtors.
_____/

### CHAPTER 11 TRUSTEE'S MOTION (I) TO APPROVE COMPROMISE AND SETTLEMENT OF ADVERSARY AGAINST JAMES BIDEN AND (II) TO PERMIT PAYMENT OF CONTINGENCY FEE TO NELSON MULLINS

      Carol L. Fox, as the Chapter 11 Trustee (the "Trustee") of Americore Health, LLC and its affiliated debtors (collectively, the "Debtors") files this motion (the "Motion") seeking the Court's approval of the Trustee's proposed compromise and settlement of Adversary No. 22-6032 against James Biden ("Defendant") pursuant to Rules 9019 and 2002(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9019-1.  Additionally, the Trustee seeks an order to pay Nelson Mullins the contingency fee as set forth by the Court's previous order dated June 4, 2022 (DE No. 1460).  In support thereof, the Trustee states as follows:

### JURISDICTION AND VENUE

      1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766) (collectively, the "Debtors").

2. The statutory predicates for the relief requested herein are Section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 9019 and 2002(a)(3), and Local Rule 9019-1.

## BACKGROUND

3. On December 31, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

4. On February 20, 2020, the Court entered an agreed order for the appointment of a Chapter 11 Trustee and directing the United States Trustee ("UST") to immediately appoint a Chapter 11 Trustee in the Debtors' jointly administered cases. See Doc. No. 258.

5. On February 21, 2020, the UST filed its Notice of Appointment of Ms. Fox as Chapter 11 Trustee (Doc. No. 260), and on February 24, 2020, Ms. Fox filed her Notice of Acceptance of the appointment as Trustee (Doc. No. 269).

6. Prior to the Petition Date, Debtor Americore Health, LLC ("Americore Health") transferred the net amount of $641,000.00 (the "Transfers") to Defendant and Lion Hall, LLC ("Lion Hall").

7. On April 8, 2022, the Trustee initiated an adversary proceeding against Defendant to recover $610,000.00 of the Transfers in accordance with Sections 548 and 550 of the Bankruptcy Code, which is pending before the Court as *Americore Health, LLC v. James Biden*, Adv. No. 22-6032-grs (the "Adversary Proceeding").

8. Pending approval by the Court, the Trustee, Defendant, Lion Hall and Sara Biden (collectively, the "Parties") have entered into a settlement agreement to resolve Defendant's claims with respect to the Transfers (the "Settlement Agreement"). The

Settlement Agreement was reached during mediation on September 15, 2022, with former Bankruptcy Judge John Olson serving as mediator. A copy of the Settlement Agreement is attached hereto as **Exhibit A.**

9. The primary terms of the Settlement Agreement are as follows:[2] (i) Defendant and Lion Hall shall pay the Trustee the sum of $350,000.00 (the "Settlement Amount") in four equal monthly payments commencing on October 15, 2022; (ii) the Parties agree to release each other from all claims related to the Transfers or that otherwise could have been asserted; (iii) Biden, Lion Hall and Sara Biden agree to cooperate with the Trustee as more fully set forth in the Settlement Agreement; and (iv) the Trustee will dismiss the Adversary Proceeding with prejudice, with the Parties to bear their own attorney's fees and costs.

## REQUESTED RELIEF

10. The Trustee seeks the Court's approval of the Settlement Agreement as being fair and equitable and in the best interest of Americore Health's estate. Bankruptcy Rule 9019(a) provides that on motion, and after notice and a hearing, the court may approve a compromise or settlement. In evaluating whether a proposed compromise is fair and equitable, courts consider the following factors: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Bard v. Sicherman (In re Bard)*, 49 F. App'x 528, 530 (6th Cir. 2002) (internal citations and quotations omitted).

---

[2] The following is only a summary of the settlement terms. The Settlement Agreement sets forth the complete terms of the settlement between the Parties and shall be controlling.

11. When exercising its judgment to approve a compromise, the bankruptcy court enjoys significant discretion. *Rankin v. Brian Lavan and Assocs., P.C. (In re Rankin)*, 438 F. App'x 420, 426 (6th Cir. 2011). "The very purpose of such a compromise agreement 'is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims.'" *In re Bard*, 49 F. App'x at 530 (quoting *In re A & C Props.*, 784 F.2d 1377, 1380–81 (9th Cir. 1986)). Indeed, "the law favors compromise and not litigation for its own sake." *Jackson v. Lewis (In re Jackson)*, No. 18-13227, 2020 WL 1466119, at *6–7 (E.D. Mich. Mar. 25, 2020) (internal citations and quotations omitted). Here, the following analysis of each factor demonstrates that the proposed compromise should be approved.

12. The Settlement Agreement will provide the recovery of $350,000.00 for the benefit of Americore Health's estate. Moreover, the Defendant and Lion Hall assert that they have defenses to the Adversary Proceeding including, but not limited to, that they provided consulting and other services to Americore Health, LLC amounting to reasonable equivalent value in exchange for the Transfers. The Trustee believes that those defenses are without merit. Yet, even if the Trustee was successful in the litigation, there is no certainty of the ability to collect on any perspective judgment. In light of a protracted litigation and the uncertainties of a successful outcome and the collectability on any judgement, in her business judgment, the Trustee submits that the Settlement Agreement is in the best interests of the Debtors' creditors as it will maximize the recovery of the Transfer.

13. On June 4, 2022 this Court approved the employment of Nelson Mullins as special litigation counsel and in so doing approved a contingency fee pursuant to 11

U.S.C. § 328(a), which provides that Nelson Mullins is to receive 33 ⅓% of all recoveries on matters for which the Trustee sought the employment of Nelson Mullins. Nelson Mullins represented the Trustee in the instant matter resulting in the proposed $350,000.00 settlement. Thus, the Trustee requests that as the proceeds are paid under the Settlement Agreement, that the Trustee pay Nelson Mullins 33 ⅓% of those payments without the need for a separate fee application.

## NOTICE AND HEARING

14.    In accordance with Local Rule 9014-1, a hearing is scheduled on this Motion at **9:00 a.m. EST on October 18, 2022**, in the U.S. Bankruptcy Court, Community Trust Building, 100 East Vine Street, Second Floor, Lexington, Kentucky. A separate Notice of Hearing will be filed on the docket.

## PROPOSED ORDER

15.    Pursuant to Local Rule 9013-1(d) of the United States Bankruptcy Court for the Eastern District of Kentucky, a proposed order is tendered as an attachment to this Motion.

**WHEREFORE**, the Trustee respectfully requests this Court enter an order: (i) approving the Settlement Agreement between the Parties as proposed herein; (ii) approving the payment of the contingency fee to Nelson Mullins; and (iii) granting all other relief that is appropriate under the circumstances.

**DATED**: September 23, 2022

NELSON MULLINS RILEY & SCARBOROUGH LLP

2 South Biscayne Boulevard - 21st Floor
Miami, FL  33131
Ph. 305-373-9400 | Fax 305-995-6416

100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Ph. 954-764-7060 | Fax 954-761-8135

*/s/ Gary M. Freedman*
Gary M. Freedman
Florida Bar No. 727260
Gary.Freedman@nelsonmullins.com

Frank P. Terzo
Florida Bar No. 906263
Frank.Terzo@nelsonmullins.com

*Special Counsel for Carol Fox, Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on September 23, 2022, a true and correct copy of the foregoing was served by electronic noticing via the CM/ECF System to all parties requesting such notice; via U.S. Mail to all parties on the attached service list; and via email to David Randolph Smith drs@drslawfirm.com on behalf of Adversary Proceeding Defendant James Biden.

*/s/ Gary M. Freedman*
Gary M. Freedman