# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| IN RE:<br><br>AMERICORE HOLDINGS, LLC, et al.[1]<br><br>Debtors. | Chapter 11<br>Jointly administered<br>Case No. 19-61608 |
| CAROL FOX, CHAPTER 11 TRUSTEE OF AMERICORE HEALTH, LLC<br><br>Plaintiff,<br><br>v.<br><br>JAMES BIDEN,<br><br>Defendant. | Adversary No. 22-6032 |

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement"), effective as of 9/19/2022, is made by and between Carol L. Fox, the Chapter 11 Trustee ("Ms. Fox" or the "Trustee") of Americore Health, LLC ("Americore Health"), a debtor (Case No. 19-61607) in the Chapter 11 cases being jointly administered under the lead case of *In re Americore Holdings, LLC* (Americore Health, individually, the "Debtor" and collectively with the jointly administered cases, the "Debtors") James Biden ("Biden"), Lion Hall, LLC ("Lion Hall") and Sara Biden (the Trustee, Biden, Lion Hall and Sara Biden are collectively referred to in this Settlement Agreement as the "Parties" and individually as a "Party").

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC(3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

 Trustee

JB
SB
LH

## RECITALS

### Background

WHEREAS, the Debtor is a for-profit business corporation organized under the laws of Delaware;

WHEREAS, on December 31, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under Chapter 11 of the Bankruptcy Code;

WHEREAS, on February 20, 2020, the Court entered an agreed order for the appointment of a Chapter 11 Trustee and directing the United States Trustee ("UST") to immediately appoint a Chapter 11 Trustee in the Debtors' jointly administered cases. (Doc. No. 258);

WHEREAS, on February 21, 2020, the UST filed a Notice of Appointment of Ms. Fox as Chapter 11 Trustee (Doc. No. 260), and on February 24, 2020 Ms. Fox filed her Notice of Acceptance of the Appointment as Trustee (Doc. No. 269);

WHEREAS, Americore Health's bank records reflect that:

(a) on January 12, 2018, Americore Health wire transferred the sum of $400,000.00 to Biden's bank account at PNC Bank, located in Philadelphia, Pennsylvania.

(b) on March 1, 2018, Americore Health wire transferred the sum of $200,000.00 to Biden's bank account at PNC Bank, located in Philadelphia, Pennsylvania.

(c) on June 4, 2018, Americore Health wire transferred the sum of $10,000.00 to Biden's bank account The wire transfer prepared by Americore Health references the transfer for "Consulting & Marketing – May 2018"

2

 Trustee

 JB
SB
LH

(collectively, the "Biden Transfers"); and

(d) on August 31, 2017, Americore Health transferred $1,000.00 to Lion Hall, on March 23, 2018 Lion Hall transferred $20,000.00 to Americore Health, and on April 23, 2018, Americore Health transferred $50,000.00 to Lion Hall, for a net total transfer of $31,000 to Lion Hall

(the "Lion Hall Transfers," and collectively with the Biden Transfers, the "Transfers");

WHEREAS, on December 22, 2021, in an effort to avoid the costs and uncertainty associated with litigation, the Trustee sent Biden a demand letter identifying the Biden Transfers (the "Dispute");

WHEREAS, the Trustee has sued Biden in the above-captioned adversary proceeding for repayment of the Biden Transfers, plus interest (the "Proceeding");

WHEREAS, Biden has contested the Trustee's allegations in the Proceeding and Biden and Lion Hall deny that they have any liability to the Trustee with respect to the transfers and expressly deny any liability on the grounds, inter alia, that at all times they Biden/Lion Hall provided financial and consulting services to Americore and that Americore received reasonably equivalent value for the work and services provided by Biden/Lion Hall.

WHEREAS, the Trustee, Biden and Lion Hall have mutually agreed to settle the Dispute, Proceeding and any claims arising from the Transfers, subject to the terms and conditions set forth in this Agreement;

 Trustee

3

/s/ JB
/s/ SB
/s/ LH

WHEREAS, this Agreement is not intended and should not be construed as an admission of any liability regarding any claims or allegations of the Trustee with respect to Biden and Lion Hall but is in settlement of contested litigation and claims;

WHEREAS, the Trustee has not alleged or been provided any evidence that Biden engaged in fraud with respect to Americore Health;

### The Settlement Negotiations

WHEREAS, during mediation on September 15, 2022, with former Bankruptcy Judge John Olson serving as mediator, the Parties agreed to fully resolve and settle the Dispute on the terms set forth in this Agreement; and

WHEREAS, the Parties have negotiated and reached this Agreement in good faith as a means to avoid costly litigation.

### THE AGREEMENT

NOW THEREFORE, in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by Biden and Lion Hall to the Trustee, which the Parties agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, the Parties hereby agree as follows:

1. This Settlement is subject to entry of an order approving this Agreement (the "Approval Order") by the United States Bankruptcy Court overseeing the Americore Health bankruptcy case (the "Bankruptcy Court").

2. **Settlement Payment.** Biden and Lion Hall shall pay the Trustee the total sum of $350,000.00 (the "Settlement Payment"). The Settlement Payment shall be made in four equal payments as follows: $87,500 on October 15, 2022; $87,500 on

 Trustee


JB
SB
LH

November 15, 2022; $87,500 on December 15, 2022; and $87,500 on January 15, 2022 (the "Payments"). The Payments shall be made payable to **Carol L. Fox, the Chapter 11 Trustee for the estate of Americore Health, LLC** and delivered to the attention of Gary M. Freedman, Nelson Mullins Broad and Cassel, 2 South Biscayne Blvd, Suite 2100, Miami, FL 33131.

3. **Cooperation**. As a condition of this Agreement and as consideration for the releases provided in Section 4 below, Biden, Lion Hall, and Sara Biden (collectively, the "Biden Parties") agree to cooperate with the Trustee and her counsel by (a) providing all documents in their possession, custody and control relating in any way to the Debtors not previously provided not otherwise subject of a valid privilege, (b) providing a transcribed sworn statement, which sworn statement shall be designated as the Trustee's work-product and not subject to discovery, and (c) any other reasonable request by the Trustee relating to the affairs of the Debtors. The Biden Parties agree that the information requested by the Trustee and the questions asked by the Trustee, including during any sworn statement shall remain confidential.

4. **Release by Trustee**. Subject to receipt of the full amount of the Settlement Payment, the Trustee, hereby releases and forever discharges the Biden Parties from each and every right, claim, debt, cause of action, demand, suit for damages, liability, act or right of action of any nature whatsoever arising from or related to the Dispute, the Proceeding, the Transfers, or the Debtors, whether asserted or unasserted, known or unknown against the Biden Parties existing as of the date of the execution of this Agreement.

5

 Trustee

 JB
SB
LH

5. **Release by Biden Parties**. The Biden Parties release and forever discharge the: (i) Trustee, (ii) Debtors, and (iii) their agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives from each and every right, claim, debt, cause of action, demand, suit for damages, liability, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, against the Debtors or the their Estates, including any entitlement to file a proof of claim or receive a distribution by the Trustee.

6. **Dismissal of Litigation**. Upon entry of the Approval Order approving this Agreement, the Trustee shall file a notice dismissing this Proceeding with prejudice, with each party to bear their own attorney's fees and costs incurred with respect to the Proceeding, and with the Bankruptcy Court reserving jurisdiction to enforce the terms of this Agreement.

7. **Predecessors, Successors, and Assigns**. All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

8. **Representations and Warranties**. The Parties warrant and represent that (a) each is the sole owner of the Parties' respective rights and claims against any of the other Parties, and they have not assigned, transferred, or conveyed any rights or claims they may have against any of the other Parties to any other person or entity; and (b), each of the Parties has full power and authority to enter into and perform this

6

 Trustee

JB
SB
LH

Agreement without the consent of or duty to notify any other person, entity, or regulatory authority.

9. **Legal Fees and Costs**. Each of the Parties shall pay its own respective costs and attorney's fees incurred with respect to the Dispute and this Agreement.

10. **Amendments**. This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

11. **Notice of Default**. If Biden and Lion Hall fail to make any of the Payments required under Section 2 above, Trustee shall provide Biden's counsel, David Randolph Smith, David Randolph Smith & Associates, 1913 21st Avenue South, Nashville, Tennessee 37212, office:(615) 742-1775, e-mail drs@drslawfirm.com, via email and U.S. Mail, written notice of default ("Notice to Smith"). Biden and Lion Hall shall have ten (10) business days after receipt of such notice to pay the delinquent Payment.

12. **Entitlement to Judgment/Claim**. If the Biden and Lion Hall fail to cure in full the default as provided in Section 11 above, the Trustee shall be entitled to a final judgment, jointly and severally, against the Biden Parties in the sum of $641,000, less any payments actually made under the terms of this Agreement.

13. **Litigation Standstill**. As of the date of this Agreement, the Trustee and Biden agree to extend all discovery deadlines, court hearings, and other deadlines that fall (or will fall) between the date of this Agreement and the Approval Order (as defined below). Moreover, as of the date of this Agreement until the Approval Order, the Trustee agrees not to serve discovery requests or seek deposition testimony from any person or entity in the proceedings and Biden agrees not to serve discovery requests or

7

 Trustee

 JB
SB
LH

seek deposition testimony from any person or entity in the Proceeding and agrees to extend any pending deadlines relating to same. If for any reason this Agreement is not approved, the agreements described in this paragraph shall become null and void with the exception of any discovery or other deadlines. In addition, any Payments made to the Trustee under this Agreement will be returned to the remitter.

14. **Best Efforts**. The Parties shall use their best efforts to obtain Bankruptcy Court approval of this Agreement. Without limiting the foregoing, none of the Parties hereto shall take, or cause any other persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval.

15. **Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Agreement and shall have exclusive jurisdiction to resolve any disputes or controversies in connection therewith.

16. **Successors and Assigns**. This Agreement shall be binding upon and inure to the benefit of the signatories to this Agreement and each of their respective successors and assigns. The obligations of the signatories to this Agreement shall not be delegated or assigned.

17. **Entire Agreement**. This Agreement constitutes the entire agreement among the Parties hereto and supersedes all prior agreements, understandings, negotiations and discussions, both written and oral, among the parties hereto with respect to the subject matter hereof, all of which prior agreements, understandings, negotiations and discussions, both written and oral, are merged into this Agreement.

18. **Time of Essence**. Time is of the essence under this Agreement and each of the transactions contemplated to be consummated hereunder.

8

 Trustee

/s/ JB
/s/ SB
/s/ LH

19. **No Oral Modifications**. This Agreement may not be amended or modified in any way except by a written instrument executed by all of the parties hereto.

20. **No Reliance; Construction**. Each of the Parties hereto hereby declares that, prior to the execution of this Agreement, they have apprized themselves of sufficient relevant data (including consultation with their respective counsel) in order that they might intelligently exercise their own judgments in deciding on the contents of this Agreement and whether to execute this Agreement. Each Party hereto further declares that its decision to execute this Agreement is not predicated on or influenced by any declarations or representations not set forth in this Agreement, by any other person or Party or any predecessors in interest, successors, assigns, officers, directors, employees, agents or attorneys of any said person or Party. Each of the Parties hereto hereby further acknowledges and agrees that each of them has had significant input in the development of this Agreement and this Agreement shall not, therefore, be construed more strictly against any party responsible for its drafting.

21. **Litigation; Attorney's Fees**. If any Party seeks enforcement of this Agreement, the prevailing Party shall be entitled to their expenses relating thereto, including reasonable attorney's fee at all levels.

22. **Notices**. Any notice to any of the Parties must be in writing and shall be deemed sufficiently given if: (a) given by personal delivery; (b) mailed by United States registered or certified mail, postage prepaid; or (c) sent by overnight air courier service, with proof of receipt, in each case addressed as follows:

9

 Trustee

 JB
SB
LH

If to Biden:

David Randolph Smith & Associates

David Randolph Smith
drs@drslawfirm.com
1913 21st Avenue South
Nashville, Tennessee 37212
office:(615) 742-1775
cell: 615-957-0912
fax: (615) 742-1223

If to the Trustee:

Nelson Mullins Riley & Scarborough LLP

Gary M. Freedman
Florida Bar No. 727260
Gary.Freedman@nelsonmullins.com
2 South Biscayne Boulevard - 21st Floor
Miami, FL  33131
Phone: 305-373-9400
Fax: 305-995-6416

and

Frank P. Terzo
Florida Bar No. 906263
Frank.Terzo@nelsonmullins.com
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Phone: 954-764-7060
Fax: 954-761-8135

23. **Headings**. All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

24. **Waiver and Modification**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a

10

 Trustee


JB
SB
LH

relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

25. **Jurisdiction and Choice of Law**. By this Agreement, each of the Parties submits to the jurisdiction of the United States Bankruptcy Court for the Eastern District of Kentucky for any action to enforce or interpret this Agreement. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida (regardless of the laws that might otherwise govern under applicable Florida principles of conflicts of law) as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies.

26. **Counterparts and Facsimile Signatures**. This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties. This Agreement may be executed by facsimile or electronic copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

27. **Further Necessary Actions**. To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document to the requesting Party.

11

 Trustee

\_\_\_\_ JB
\_\_\_\_ SB
\_\_\_\_ LH

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement under seal on the day and year set forth above.

*[signature]*
Carol L. Fox, the Chapter 11 Trustee
Date: 9/20/22

*[signature]*
James Biden
Date: 9/20/2022

*[signature]*
Sara Biden
Date: 9/20/2022

*[signature]*
Lion Hall, LLC
By: JAMES BIDEN
Its: Managing Member
Date: 9/20/2022