UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| IN RE: | Case No. 19-61608-grs |
| AMERICORE HOLDINGS, LLC, *et al.*,[1] | Chapter 11 |
| | Jointly Administered |
| Debtors. | |

**CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER HOLDING MICHAEL E. LEWITT, INDIVIDUALLY AND ON BEHALF OF THE THIRD FRIDAY TOTAL RETURN FUND, L.P. AND THIRD FRIDAY GP, LLC IN CONTEMPT FOR THE DIRECT VIOLATION OF A LAWFUL ORDERS OF THIS COURT**

The Chapter 11 Trustee ("**Trustee**") and the Official Committee of Unsecured Creditors ("**Committee,**" and collectively with the Trustee, "**Movants**"), by undersigned counsel and pursuant to 11 U.S.C. § 105, file this Motion for Order Holding Michael E. Lewitt, individually and on behalf of The Third Friday Total Return Fund, L.P. and Third Friday GP, LLC (collectively, the "**Lewitt Parties**") in Contempt for the Direct Violation of a Lawful Orders of this Court (the "**Motion**"), and as good cause state:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766) (collectively, the "Debtors").

**Original Discovery Background**

3.      On December 31, 2019, the Debtors filed Chapter 11 Voluntary Petitions. According to the *Declaration of Grant White* [ECF No. 11] (the "**Declaration**"), the filings were precipitated by the actions of The Third Friday Total Return Fund, LP ("**Third Friday**"), through its principal Michael E. Lewitt ("**Lewitt**"), directing and controlling the Debtors' cash, including the "transfer of $130,000 out of the Debtors' accounts on December 30, 2019…." (Declaration, ¶ 24.)

4.      On February 7, 2020, Third Friday filed a *Motion to Remove Grant White as Chief Executive Officer for the Debtors and for Appointment of Trustee* [ECF No. 191] along with a supporting *Affidavit* [ECF No. 192] in which Lewitt states that he is an attorney and manager of Third Friday and claim that the Debtor, Americore Holdings, LLC, and its affiliates, owe Third Friday approximately $25 million dollars, making it the Debtors' putative largest creditor.

5.      Of note, although Lewitt claimed that the two St. Alexius Debtors are obligors under the Third Friday debt facilities, not a single document attached to or referenced in his Affidavit evidenced such an undertaking. Nevertheless, Lewitt, on behalf of Third Friday, filed a UCC financing statement with the Missouri Secretary of State on December 10, 2019, reflecting St. Alexius Properties, LLC as the debtor and a UCC financing statement with the Missouri Secretary of State on December 16, 2019, reflecting St. Alexius Hospital Corporation #1 as the debtor, seeking to encumber all of their respective assets.[2]

---

[2] Nor has Lewitt provided any support that any of the other Debtors other than Americore Holdings, LLC and Americore Health, LLC have any written undertaking for the benefit of Third Friday.

2

6. Indeed, it was under the pretense of the St. Alexius Debtors' obligations to Third Friday that Lewitt allegedly put his own man into St. Alexius Hospital (Jack Schneider) to control its cash and transfer St. Alexius's funds to Third Friday to apply to the Third Friday debt. To facilitate this process, Lewitt also put his own collection agency into St Alexius Hospital (Brian Meredith and Lone Star), but it is the Movants' understanding both from conversations with Grant White and the Chapter 11 Trustee, that the collections were not run through the Hospital or otherwise accounted for. Grant White represented in his Declaration that it was these actions by Lewitt—including seizing $130,000 crucial to maintaining ongoing operations--that caused the emergency bankruptcy filings on New Year's Eve.

7. In addition, through the Lewitt Affidavit and emails and conferences between Lewitt and Committee counsel, Lewitt claimed to be a 35% owner of Americore Holdings, LLC, the parent company.

8. Moreover, without any identifiable consideration, the following Debtors made transfers to Lewitt, individually: (a) Americore Holdings, LLC in the total amount of $950,000; (b) St. Alexius Hospital Corporation #1 in the total amount of $130,000; and (c) Ellwood Medical Center Operations, LLC in the total amount of $7,500, for a total of fraudulent transfers of $1,087,500 (the "**Transfers**").

9. It was in the face of this background that caused the Committee (under the direction of the Chapter 11 Trustee) to investigate: (a) the legitimacy of Lewitt's claims in respect of the Debtors and their purported obligations to Third Friday; (b) Lewitt and Third Friday's control of the Debtors while in the zone of insolvency and insolvent; and (c) the Transfers.

10. On March 3, 2020, the Committee served Lewitt, individually and on behalf of Third Friday and Third Friday GP, LLC with subpoenas for Rule 2004 Examination *Duces Tecum* [*see* ECF Nos. 315, 316 and 317] (collectively, the "**Subpoenas**").

### The First Motion to Compel and Resulting Order

11. As a result of the Lewitt Parties' failure and refusal to comply with the Committee's Subpoenas, the Committee was forced to file its Motion to Compel the Lewitt Parties [ECF No. 416] (the "**First Motion to Compel**").

12. Because at the same time Lewitt was claiming that he would be the Debtors' white knight coming in with his own plan to pay creditors, the Committee agreed to resolve the First Motion to Compel by staying the discovery to allow Lewitt to formulate and advance such a plan. Accordingly, the Committee presented and on April 28, 2020 the Court entered an *Agreed Order Granting the First Motion to Compel* [ECF No. 498] (the "**Agreed Order**"), providing definitive dates by which the Lewitt Parties were required to produce the subpoenaed documents and sit for the depositions. However, paragraph 4 of the Agreed Order provided a stay of those Court ordered directives as follows:

> As long as the Committee and Lewitt continue to negotiate an exit plan in good faith, and neither has informed the other in writing of an impasse, the dates set forth in paragraphs 2 and 3 shall each be continued and reset (a) to fourteen (14) days from such notice of impasse or (b) to a date that is mutually convenient to the parties.

13. The Lewitt proposed plan ended up being illusory and any such discussions ceased in 2020.

14. After that point, efforts were directed at selling the Debtors' hospital operations.

15. Once those efforts came (or were coming) to fruition, efforts shifted to potential litigation claims and recoveries,[3] and after extensive coordination, Lewitt ultimately agreed to have his deposition taken on September 7, 2022 in Miami.

16. Thereafter, Lewitt advised that he had contracted COVID and would be unable to attend his deposition. Again, undersigned counsel began to coordinate a new deposition date. In addition, production by Lewitt has always been deficient.

### The Second Motion to Compel and Resulting Order

17. On September 6, 2022, after many unsuccessful communications between Lewitt and Movants' counsel, Movants filed a Second Motion to Compel the Lewitt Parties [ECF No. 1570] (the "**Second Motion to Compel**") seeking, among other things, the Court's assistance with respect to the Subpoenas:

    a. requiring the Lewitt Parties be compelled to (i) cooperate with the Committee in all respects with regard to the Subpoenas; (ii) produce the requested documents and information forthwith; (iii) commit to and appear by September 30, 2022 for the Rule 2004 examinations;

    b. holding Lewitt liable for sanctions; and

    c. awarding reasonable expenses to the Committee associated with seeking Lewitt's compliance with the Court's Order and in the bringing of this Motion.

18. The hearing on the Second Motion to Compel was originally set for September 22, 2022. Bart Houston, a Fort Lauderdale attorney ("**New Counsel**"),

---

[3] On May 12, 2022, the Trustee filed an *Application for Authorization to Retain and Employ Nelson Mullins Riley & Scarborough LLP as Special Litigation County, Effective April 1, 2022* [ECF No. 1425], and on June 4, 2022, the Court entered its Order granting the same [ECF No. 1460].

5

reached out to Movants' counsel stating that he would be filing a notice of appearance and a motion for pro hac vice appearance on behalf of the Lewitt Parties, he would be responsible for running the search terms provided by Movants' counsel on the Lewitt Parties' systems within a week, certifying that the search terms were run and on what systems and then coordinate Lewitt's Rule 2004 examination on a date after Movants' counsel had an opportunity to review the production. Based on the proposal, Movants filed a Motion to Continue Hearing [ECF No. 1601] to the next hearing date on October 18, 2022, and as a result, the Court granted the Motion, rescheduling the hearing on the Second Motion to Compel to October 18, 2022 [ECF No. 1602].

19.  Ultimately, because of Lewitt's continuing lack of cooperation, including lack of fulfilling the commitments made by his New Counsel,[4] the Movants proceeded with the hearing on the Second Motion to Compel on October 18, 2022, at which neither New Counsel nor Lewitt appeared.

20.  On October 19, 2022, the Court entered an Order Granting the Second Motion to Compel [ECF No. 1665] (the "**Second Compel Order**"), providing in part:

> 2. Michael E. Lewitt, individually and on behalf of The Third Friday Total Return Fund, L.P. and Third Friday GP, LLC is required to:
>
> (i)  cooperate with the Committee and the Chapter 11 Trustee in all respects with regard to the Subpoenas;[2]
>
> (ii)  produce all requested documents and information employing the Committee and the Chapter 11 Trustee's ESI protocol and search terms forthwith;

---

[4] On October 11, 2022, Movants' counsel received a thumb drive directly from Lewitt providing additional production, but with no explanation as to its origin, methodology or provenance. This was reported to the Court at the October 18, 2022 hearing.

6

>    (iii) and appear for the Rule 2004 examinations in Miami, Florida on a date designated by the Committee and the Chapter 11 Trustee.
>
> 3. Because of their failure to comply with this Court's Agreed Order, Michael E. Lewitt, individually and on behalf of The Third Friday Total Return Fund, L.P. and Third Friday GP, LLC are liable for sanctions.
>
> 4. Michael E. Lewitt, individually and on behalf of The Third Friday Total Return Fund, L.P. and Third Friday GP, LLC shall pay Nelson Mullins Riley & Scarborough, LLP reasonable attorney's fees in the sum of $30,000 associated with seeking Lewitt's compliance with the Court's Agreed Order and in the bringing of this Motion that were incurred by the Official Committee of Unsecured Creditors and the Chapter 11 Trustee.
>
> 5. The Court reserves jurisdiction to:
>
>    (i) hold a status conference on shortened notice, or
>
>    (ii) enter a further order granting alternative relief,
>
> upon the Committee and the Chapter 11 Trustee's application including, but limited to, holding Lewitt in contempt.

Second Compel Order, pp. 2-3.

21.    Since the Court entered the Second Compel Order, Movants' counsel has emailed New Counsel twice, on October 17, 2022 and again on October 25, 2022 (*see* **Exhibit A**) seeking Lewitt's compliance with the Second Compel Order and his discovery obligations.[5] As of the filing of this Motion, the Lewitt Parties have failed to respond or otherwise address their obligations under Second Compel Order.

---

[5] Lewitt has directed Movants' counsel to direct all communications to New Counsel.

7

## Relief Sought

22. The Lewitt Parties' blatant disregard for two orders of this Court demonstrates Lewitt's grave indifference to and disrespect of this Court as well as the dignity of the Court and the law. Movants now respectfully call upon this Court as provided in the Second Compel Order to set a status conference on shortened notice and enter an order holding Lewitt individually and on behalf the Third Friday Entities, in contempt of Court, providing for his incarceration pending his compliance with the outstanding discovery obligations and his obligations under the Second Contempt Order and award Movants an award of additional expenses, including attorney's fees incurred by Movants in respect to the continuing efforts in seeking the Lewitt Parties' compliance.

## Good Faith Certification

Undersigned counsel for Movants certifies of their continued efforts to meet and confer with the Lewitt Parties through New Counsel with respect to their compliance with this Court's Second Compel Order and the Lewitt Parties' discovery obligations, but the Lewitt Parties have failed and refused to respond.

## Proposed Order[6]

Pursuant to Local Rule 9013-1(d) of the United States Bankruptcy Court for the Eastern District of Kentucky, proposed orders addressing the relief requested in the instant Motion are tendered as an attachment hereto.

**WHEREFORE**, Movants seek the entry of an Order setting a status conference on shortened notice for the Lewitt Parties to show cause in the form attached hereto and

---

[6] As the instant Motion requests a hearing date on shortened notice, Movants attach two proposed orders, one scheduling the hearing, and the other granting the Motion, and assert that at the time of the filing of the Motion, the need for a notice of hearing, in accordance with Local Rule 9014-1, is moot.

after a hearing on the issues raised in the instant Motion, enter an Order: (a) granting the Motion; (b) holding Lewitt, individually and on behalf of the Third Friday Entities in contempt of Court, including providing for his incarceration pending his compliance with the outstanding discovery obligations and the Second Contempt Order; (c) awarding Movants an award of additional expenses, including attorney's fees incurred by Movants in respect to the continuing efforts in seeking the Lewitt Parties' compliance; and (d) for such other and further relief as the Court deems just and proper.

**DATED**: November 3, 2022

NELSON MULLINS RILEY & SCARBOROUGH LLP

2 South Biscayne Boulevard - 21st Floor
Miami, FL  33131
Ph. 305-373-9400 | Fax 305-995-6416

100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Ph. 954-764-7060 | Fax 954-761-8135

*/s/ Gary M. Freedman*
Gary M. Freedman
Florida Bar No. 727260
Gary.Freedman@nelsonmullins.com
Frank P. Terzo
Florida Bar No. 906263
Frank.Terzo@nelsonmullins.com

*Counsel for Carol Fox, Chapter 11 Trustee and the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or *pro se* parties identified on the CM/ECF service list maintained by the Court and via e-Mail to **Michael E. Lewitt** at mlewitt@thirdfriday.com, and **Bart Houston** at bhouston@thehoustonfirm.com on November 3, 2022.

*/s/ Gary M. Freedman*
Gary M. Freedman