**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Americore Holdings, LLC, *et al.*,[1] | Case No. 19-61608 |
| | (Jointly Administered) |
| Debtors. | |

_____/

**MOTION FOR RECONSIDERATION OF ORDER GRANTING SECOND MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL MICHAEL E. LEWITT, INDIVIDUALLY AND ON BEHALF OF THE THIRD FRIDAY TOTAL RETURN FUND, L.P. AND THIRD FRIDAY GP, LLC TO PRODUCE DOCUMENTS AND APPEAR FOR 2004 EXAMINATION AND FOR SANCTIONS**

Michael E. Lewitt ("**Lewitt**"), individually and on behalf of Third Friday Total Return Fund, L.P. and Third Friday GP (collectively, "**Third Friday**"), by and through undersigned counsel, files this Motion for reconsideration of the Court's *Order Granting Second Motion of the Official Committee of Unsecured Creditors to Compel Michael E. Lewitt, Individually and on Behalf of the Third Friday Total Return Fund, L.P. and Third Friday GP, LLC to Produce Documents and Appear for 2004 Examination and for Sanctions* (ECF No. 1665) (the "**Motion for Reconsideration**").

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this Motion for Reconsideration pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion for Reconsideration is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Healther Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766).

**Preliminary Statement**

3.      Third Friday seeks an order of the Court to reconsider the sanctions and award of attorneys' fees granted to the Committee in the *Order Granting Second Motion of the Official* Committee *of Unsecured Creditors to Compel Michael E. Lewitt, Individually and on Behalf of the Third Friday Total Return Fund, L.P. and Third Friday GP, LLC to Produce Documents and Appear for 2004 Examination and for Sanctions* (ECF No. 1665) (the "**Order to Compel**") pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Civil Procedure 60 ("**Rule 60**") made applicable to the current proceeding pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      The attorneys' fees as set forth in the *Notice of Filing Attorneys' Fee Affidavit with Respect to ECF No. 1572* (ECF No. 1600) (the "**Attorneys' Fee Affidavit**") are patently unreasonable and do not relate to the time period that would encompass any alleged discovery dispute.  The time entries stemming from July 15, 2022 (the date at which Lewitt first produced ESI) through and including August 22, 2022 (the time at which Gary Freedman ("**Freedman**") began drafting the Second Motion to Compel and Appendix), relate to the Official Committee of Unsecured Creditors (the "**Committee**") and Carol J. Fox, the Chapter 11 Trustee (the "**Trustee**"), ascertaining whether there even was an alleged dispute.  *See* Attorneys' Fee Affidavit, Ex. A at 1 (totaling $14,671.00 in attorneys' fees).  Further, the Committee and Trustee in their sole discretion determined there was an alleged dispute while trying to resolve the issues with a *pro se* litigant. Furthermore, most of the time entries related to that period of time relate to attorneys' fees that are the bankruptcy estate's sole financial obligation since the description of work done is normally that for which the bankruptcy estate is responsible for paying, i.e., reviewing documents produced in the normal course of discovery.

5.      Moreover, at all times relevant to the alleged discovery dispute, Third Friday complied with its discovery obligations.  As a result, the Committee and Trustee are not entitled to attorneys' fees.

6.      Given the context in which Third Friday did not participate in the October 18, 2022 hearing, as set in further detail below, the Court should grant the Motion for Reconsideration.

## **Relevant Background**

7.      On March 3, 2020, the Committee filed the *Subpoena for Rule 2004 Examination* Duces Tecum (ECF No. 315), *Subpoena for Rule 2004 Examination* Duces Tecum (ECF No. 316); and *Subpoena for Rule 2004 Examination* Duces Tecum (ECF No. 317) (collectively, the "**Subpoenas**").

8.      On April 1, 2020, the Committee filed its *Motion to Compel the Lewitt Parties* (ECF No. 416) (the "**First Motion to Compel**").

9.      On April 28, 2020, in light of discussion between Third Friday and the Committee, the Court entered the *Agreed Order Granting the First Motion to Compel* (ECF No. 498) (the "**Agreed Order**").[2]

10.     On June 30, 2022, the Committee emailed Third Friday to inform Third Friday of an "impasse," to request production of documents, and set a date for Third Friday's deposition. Second Motion of the Official Committee of Unsecured Creditors to Compel Michael E. Lewitt, Individually and on Behalf of Third Friday Total Return Fund, L.P. and Third Friday GP to

---

[2] The Agreed Order provides in pertinent part:

> As long as the Committee and Lewitt continue to negotiate an exit plan in good faith, and neither has informed the other in writing of an impasse, the dates set forth in paragraphs 2 and 3 shall each be continued and reset (a) to fourteen (14) days from such notice of impasse or (b) to a date that is mutually convenient to the parties.

Agreed Order, ¶ 4.

Produce Documents and Appear for 2004 Examination and for Sanctions, ¶ 14 [hereinafter, the "**Second Motion to Compel**"].

11.     Between June 30, 2022 and August 22, 2022, Third Friday and the Committee engaged in discussions regarding a consensual resolution of the alleged discovery disputes, specifically with a focus on the setting of a mutually convenient deposition date. *See generally Appendix to Second Motion of the Official Committee of Unsecured Creditors to Compel Michael E. Lewitt, Individually and on Behalf of the Third Friday Total Return Fund, L.P. and Third Friday GP, LLC to Produce Documents and Appear for 2004 Examination and for Sanctions* (ECF No. 1571) [hereinafter, the "**Second Motion to Compel Index**"]

12.     On July 15, 2022 and July 29, 2022, Third Friday produced documents by sending a flash drive to the Committee.  Second Motion to Compel, ¶ 25.

13.     In August of 2022, Third Friday and the Trustee, entered into a tolling agreement (the "**Tolling Agreement**") to extend the time in which the Trustee may file a claim under 11 U.S.C. §§ 542, 544, 547, 548, 550, or 553 (the "**Litigation Claims**").  Specifically, Third Friday voluntarily offered and entered into the Tolling Agreement to provide the above-captioned debtor entities time to pursue its Litigation Claims.

14.     On August 22, 2022, Lewitt emailed Freedman to inform Freedman of an "impasse." *See* Second Motion to Compel, ¶ 37 ("My production is complete.").

15.     On September 6, 2022, the Committee and Trustee filed their Second Motion to Compel and Second Motion to Compel Appendix (collectively, the "**Second Motion to Compel and Appendix**").  *See generally* Second Motion to Compel and Appendix.

16.     On September 19, 2022, Lewitt filed his *pro se Motion in Opposition to Second Motion of the Official Committee of Unsecured Creditors to Compel Michael E. Lewitt,*

*Individually and on Behalf of the Third Friday Total Return Fund, L.P. and Third Friday GP to*

*Produce Documents and Appear for 2004 Examination and for Sanctions* (ECF No. 1625) (the

"**Response**").  *See generally* Response.

17.     On or around September 19, 2022, Third Friday retained The Houston Firm, P.A.

(the "**Houston Firm**") to represent it in the above-captioned bankruptcy case.  *See Chapter 11*

*Trustee and the Official Committee of Unsecured Creditors' Motion for Order Holding Michael*

*E. Lewitt, Individually and on Behalf of the Third Friday Total Return Fund, L.P. and Third Friday*

*GP, LLC in Contempt for the Direct Violation of a Lawful Orders of this Court*, Ex. A. at 6 (ECF

No. 1691) [hereinafter the "**Contempt Motion**"].

18.     On September 20, 2022, the Committee and Trustee filed their Attorneys' Fee

Affidavit.

19.     Between September 20, 2022 and September 21, 2022, the Houston Firm

exchanged various emails regarding potential resolution of the alleged discovery dispute set forth

in the Second Motion to Compel and Appendix and Response.  *See* Contempt Motion at Ex. A, 6–

10 (ECF No. 1691).  As part of that agreement, the Houston Firm would perform the ESI search

using the search terms provided by Freedman. The Houston Firm committed to perform the search

and report the results within a week from September 21, 2022.  Contempt Motion, Ex. A at 8.

20.     On September 21, 2022, the Committee and the Trustee filed their *Official*

*Committee of Unsecured Creditors'* Ex Parte *Motion to Continue Hearing* (ECF No. 1601) (the

"**Continuance**") on the Second Motion to Compel and Appendix and Response seeking to

continue the September 22, 2022 hearing to October 18, 2022.

21.     On September 21, 2022, the Court entered its *Order Granting Official Committee of Unsecured Creditors'* Ex Parte *Motion to Continue Hearing* (ECF No. 1602) granting the relief sought in the Continuance.

22.     On September 30, 2022, Freedman reached out to the Houston Firm to check in on the status of the production requested by the Committee and Trustee, and the Houston Firm informed Freedman of some complications in meeting the agreement due to the impact Hurricane Ian had on his ability to meet the terms of the agreement.[3]  Contempt Motion, Ex. A at 5–6.

23.     On October 5, 2022, Freedman reached out to the Houston Firm again to check in on the status of the production request and the Houston Firm informed Freedman that more time was needed to complete production due to Hurricane Ian.  Contempt Motion, Ex. A. at 2–3.

24.     On October 10, 2022, the Houston Firm sent Freedman a partial production via zip-drive that was organized by the email address that was searched and dates searched.  The Houston Firm requested that Lewitt send out this production by mail that at all times was in accordance with the terms of the agreement to resolve the alleged discovery dispute.  A copy of the Fedex receipt as well as screenshots of the folders provided in the zip-drive is attached hereto as **Exhibit A** and **Exhibit B**, respectively.

25.     On October 17, 2022, Freedman reached out to the Houston Firm seeking an update regarding the status of the production request in light of the October 18, 2022 hearing.  Contempt Motion, Ex. A at 3.  The Houston Firm in response provided that additional time was needed to finish production, which included running all the search terms and finalize a privilege log and list

---

[3] Bart A. Houston ("**Houston**") is the principal member of the Houston Firm.  His stepson lives in Ft. Meyers, and it was necessary for Houston to travel to Ft. Meyers, Florida and remain there to assist his stepson in collecting his personal belongings that were damaged by the hurricane.

of privileged electronically stored information ("**ESI**") inadvertently disclosed.  Contempt Motion, Ex. A at 2–3.

26.     In response, Freedman led the Houston Firm to believe that Freedman would inform the Court of the partial production and status of the production and seek to adjourn the hearing to conclude the resolution  of the dispute.  Contempt Motion, Ex. A at 2 ("We will proceed with tomorrow's hearing and *discuss thereafter what if anything can be done to resolve the situation*.") (emphasis added).  The discussions between the Houston Firm and Freedman were not limited to emails but also a telephone conversation Houston had with Freedman.

27.     On October 19, 2022, the Court entered its Order to Compel providing among other things, the payment of Freedman's attorneys' fees in the sum of $30,000.00.

28.     At all times relevant to this Motion for Reconsideration and thereafter until November 1, 2022, the Houston Firm in conjunction with Third Friday spent a minimum of one hundred (100) hours reviewing Third Friday's systems under each search term requested by the Committee and Trustee and producing ESI related thereto.

29.     Third Friday uses a computer system that is at a minimum of ten (10) years old and searching the system under the search terms provided by the Committee and Trustee and placing them in a folder that could be produced to the Committee and Trustee required, in regards to emails, downloading each document separately from outlook and placing it into a folder that was organized by email address, search term, year, and date.  A copy of screenshots showing how the documents were certified and delivered to Freedman is attached hereto as **Exhibit C**.

30.     On November 3, 2022, the Houston Firm and Third Friday finished production of ESI and sent a zip-drive via Fedex to Freedman.  A copy of the email from Fedex confirming delivery of the zip-drive is attached hereto as **Exhibit D**.

31.     On November 4, 2022, the Houston Firm sent an email to the Committee with a letter containing a privilege log (the "**Privilege Log**") and list of ESI inadvertently disclosed (the "**Clawback List**").  A copy of the letter containing the Privilege Log and Clawback List and email from the Houston Firm containing said letter is attached hereto as **Exhibit E** and **Exhibit F**, respectively.

## Legal Standard

32.     Rule 9024 of Bankruptcy Rules provides that, except in limited circumstances, Rule 60 is applicable in cases under the Bankruptcy Code.  FED. R. BANK. P. 9024.

33.     Rule 60 provides, in pertinent part, on motion from a party and upon such terms that are just, the court may relieve a party from an order if there is a finding of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or (iii) any other reason that justifies relief.  FED. R. CIV. P. 60(b)(1),(3),(6).  Claims brought under Rule 60 motions for reconsideration are not "mutually exclusive." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

34.     Section 105 of the Bankruptcy Code provides, in pertinent part, that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. 105(a).

## Grounds for Reconsideration

### I.     The Order to Compel Should Be Set Aside for Mistake

35.     Courts interpreting whether a plaintiff's Rule 60 motion for mistake hold that:

[A] Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision on the merits of a case, and a . . . slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims . . . . The plaintiff

should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct.

*Rice v. Consol. Rail Corp.*, No. 94-3963, 1995 U.S. App. LEXIS 32118, at \*12–13 (6th Cir. Sep. 27, 1995) (quoting *In re Salem Mortgage Co.*, 791 F.2d 456, 459–60 (6th Cir. 1986) *(*quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980))).

36.     Cases applying this standard to a Rule 60(b) motion will only deny a motion for reconsideration when there is a clear indication that plaintiff's counsel's failure to act amounted to something more than a slight mistake based on the context in which it was made.  *See In re Salem Mortgage Co.*, 791 F.2d at 459–60 (finding that an attorney's failure to raise a defense justified reconsideration).

37.     The clear record of the case provides that the Houston Firm was only engaged by Third Friday within the past approximately forty-five (45) days.  During that period of time, the Houston Firm: (i) engaged with the Committee to resolve the alleged discovery dispute regarding production of ESI; (ii) personally conducted and confirmed the production of ESI that resulted in production of over 7,000 items of ESI, finalized a Privilege Log consisting of over 500 entries, and finalized a Clawback List consisting of over 130 entries; and (iii) consistently communicated with Freedman regarding the status of production and any delays in production.  If not for Freedman misleading the Houston Firm that the October 18, 2022 hearing would be continued so that the Houston Firm and Third Friday may finish production, which was already produced on July 15, 2022, July 29, 2022, and October 10, 2022, and continue discussions regarding any alleged discovery disputes, the Houston Firm would have attended the October 18, 2022 hearing to explain the resolution and the slight delays in production of ESI.

38.     Accordingly, Third Friday's failure to appear at the October 18, 2022 was if anything a slight mistake, therefore, depriving Third Friday of the right to argue whether the Committee and Trustee were in fact entitled to reasonable attorneys' fees.

## II.     The Order to Compel Should Be Set Aside for Misconduct

39.     Courts interpreting a plaintiff's Rule 60 motion for misconduct hold that the "movant must show 'odious behavior on the non-moving party.'" *In re Afshari*, No. 14-51879, 2017 Bankr. LEXIS 4593, at *10 (Bankr. E.D. Ky. July 18, 2017) (quoting *Jordan v. Paccar Inc.*, No. 95-3478, 1996 U.S. App. LEXIS 25358, at *7 (6th Cir. Sept. 17, 1996)).  In proving odious behavior on a non-moving party, the movant "must prove the non-moving party's intent in order to merit relief." *Jordan v. Paccar Inc.,* 1996 U.S. App. LEXIS 25358, at *10–11.

40.     It is quite clear from the record established in the above-captioned bankruptcy case that Freedman's actions towards Third Friday, one of the its largest secured creditors and equity holders, show an intent to engage in consistent and unrelenting unprofessional conduct.  Rather than make this Motion for Reconsideration longer than necessary, Third Friday incorporates by reference all the allegations referenced in the Response.  *See* Response at ¶¶19–27 (establishing the professional misconduct of Freedman).  Furthermore, the evidence attached as exhibits to this Motion for Reconsideration and email exhibits attached to the Motion for Contempt provides the Court with ample evidence of Freedman's odious conduct especially when proceeding against Third Friday on unsubstantiated claims entitling the Committee and Trustee to reasonable attorneys' fees.

41.     Accordingly, Third Friday's failure to appear at the October 18, 2022 was a slight mistake resulting from improper behavior depriving Third Friday of the right to argue whether the Committee was entitled to reasonable attorneys' fees.

### III.    The Order to Compel Should Be Set Aside Because Justice So Requires

42.    Courts when interpreting whether a plaintiff's Rule 60 motion based on principles of equity should be granted hold that "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *In re Afshari*, 2017 Bankr. LEXIS 4593, at *20 (citing *McCurry v. Adventist Health Sys. / Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. Of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001))).  When extreme circumstances are found the movant must also show (i) lack of prejudice to the non-moving party; (ii) a meritorious defense; and (iii) lack of culpability for the adverse judgment. *See, e.g., Ex.-Im. Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (providing additional factors courts consider when granting a Rule 60(b)(6) motion).  Furthermore, Rule 60(b)(6) motions require proof by clear and convincing evidence. *Blue Diamond Coal Co. v. Trs. Of UMWA Combined Ben. Fund*, 249 F.3d 519, 529 (6th Cir. 2001) (citations omitted).

43.    It is quite clear that this is an unusual and extreme situation that limited Third Friday's ability to produce documents in a reasonable time frame based on the agreed terms to resolve the alleged discovery dispute, which was extended by Freedman's waiver of the initially agreed upon time frame because of the unforeseen circumstances of Hurricane Ian and sheer amount of work necessary to produce all documents pertaining to the discovery requests. Therefore, Third Friday was led to believe that Freedman by his own words and course of conduct would continue the October 18, 2022 hearing.

44.    Moreover, reconsidering the Order to Compel would not (i) prejudice the Committee or the Trustee since the ESI was produced and Third Friday sent an email to set a time for Lewitt's deposition; (ii) Third Friday is entitled to question whether the Trustee and Committee

are entitled to reasonable attorneys' fees and, if so, whether the fees as set forth in the Attorneys'

Fees Affidavit are in fact reasonable; and (iii) Third Friday is not culpable for the adverse judgment

since the Houston Firm was led to believe the hearing would be continued by Freedman.

45.    Accordingly, Third Friday's failure to appear at the October 18, 2022 was

perpetrated by a slight mistake and odious behavior by Freedman, it deprived Third Friday of the

right to argue whether the Committee is entitled to reasonable attorneys' fees and at the very least,

justice requires Third Friday to be given the right to argue whether the Committee's and Trustee's

fees are in fact reasonable.

## IV.    The Court Should Set Aside the Order to Compel Under Section 105 of the Bankruptcy Code

46.    This Court has the inherent power under Section 105 of the Bankruptcy Code to

"issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of this title."  11 U.S.C. § 105(a).  Under Section 105 of the Bankruptcy Code, bankruptcy courts

have the power to reconsider its own orders either *sua sponte* or upon request by a party-in-interest.

*See, e.g.*, *In re DeLorean Motor Co.*, 991 F.2d 1236, 1242 (6th Cir. June 17, 1993) ("The basic

purpose of [section 105] is to enable the court to do whatever is necessary to aid its jurisdiction,

*i.e.*, anything arising in or relating to a bankruptcy case." (quoting Collier on Bankruptcy P105.02

at 105–03 (15th ed. 1987))).

47.    In addition to the arguments outlined above providing the Court more than ample

justification to grant this Motion for Reconsideration, courts hold that a "bankruptcy court's entry

of an amount of attorney's fees and expenses without providing an opportunity to [] [a

party-in-interest] to respond and challenge the reasonableness of the fee [] [is] error."  *W.S.

Badcock Corp. v. Beaman*, 531 B.R. 576, 582 (E.D.N.C. 2015); *see also Woods v. Willis*, 631 F.

App'x 359, 366 (6th Cir. 2015) (holding that a courts failure to go through an analytical process of

the attorneys' application in detail and state with some particularity which hours it was accepting

and rejecting was an abuse of discretion); *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d

588, 594 (6th Cir. 2008) ("Objective reasonableness is not an impenetrable shield against fees and

costs."); *Gen. Envtl. Sci. Corp. v. Horsfall*, Nos. 92-4110, 92-4111, 92-4112, 92-4113, 92-4114,

1994 U.S. App. LEXIS 13398, at *37 (6th Cir. May 25, 1994) ("Because the costs and fees

awarded were not properly segregated to those expenses caused by the failure to obey court orders

. . . we remand to the district court with directions to adjust the award of monetary sanctions

accordingly." (quoting *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1386 (9th Cir. 1998)));

*Hogan v. George (In re George),* Nos. 09-50847, 09-5065, 2012 Bankr. LEXIS 632, at *10 (Bankr.

E.D. Ky. Feb. 1, 2012) ("The reasonableness of fees has two facets. First, the Court must determine

whether the actions taken by the creditor were reasonable. If not, the fees must be disallowed in

full. If the actions were reasonable, the Court must then determine whether the itemized fees are

reasonable.") (citation omitted).

48.     Furthermore, the Subpoenas were issued under Federal Rule of Civil Procedure

45 ("**Rule 45**").  *See generally* Subpoenas.  Courts interpreting whether reasonable attorneys' fees

can be awarded hold that Federal Rule of Civil Procedure 37 "does not appear to govern motions

to compel production of documents pursuant to Rule 45." *Bailey Indus. v. CLJP, Inc.*, 270 F.R.D.

662, 672-73 (N.D. Fla. 2010); *see also, e.g.*, *Kona Spring Water Distrib., Ltd. v. World Triathlon

Corp.*, Case No. 05-CV-119, 2006 U.S. Dist. LEXIS 22323, 2006 WL 905517, at *2 (M.D. Fla.

Apr. 7, 2006) (court granted in part and denied in part motion to compel compliance with subpoena

under Rule 45 and denied motion for sanctions, finding "to the extent that Defendant seeks

sanctions under Rule 37, . . . the rule [is] inapposite") (*citing Davis v. Speechworks Int'l, Inc.*, Case

No. 03-CV-533, 2005 U.S. Dist. LEXIS 42527, 2005 WL 1206894, at *5 (W.D.N.Y. May 20,

2005))); *Peacock v. Merrill*, Case No. 08-01-B-M2, 2008 U.S. Dist. LEXIS 18337, at *4 (M.D. La. Mar. 10, 2008) (holding that plaintiff's request for attorneys' fees in connection with motion to compel should be denied because Rule 45 does not provide for attorneys' fees against persons who fail to produce subpoenaed documents); *NLRB v. Midwest Heating and Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007) ("Unlike Rule 37, Rule 45 contains no express provision for attorneys' fees or sanctions to a party that has prevailed on a motion to compel compliance with a subpoena duces tecum."); *SEC v. Kimmes*, Case No. M18-304, 1996 U.S. Dist. LEXIS 19049, at *7 (S.D.N.Y. Dec. 24, 1996) ("[T]he authority [based on case law] that does exist suggests that Rule 37(a)(4) is inapplicable to motions to compel under Rule 45.").

49.     Accordingly, the Court should grant this Motion for Reconsideration under Section 105 of the Bankruptcy Code.

## Conclusion

50.     For the reasons set forth above, Third Friday respectfully requests that the Court enter an order (i) setting aside the Order to Compel; (ii) resetting the hearing on the Second Motion to Compel and Appendix and Response to provide Third Friday with an opportunity to contest whether the Committee is entitled to reasonable attorneys' fees and, if so, what fees are reasonable; and (iii) for such other and further relief as the Court deems just and proper.

**Dated:** November 7, 2022

*/s/ Bart A. Houston*
Bart A. Houston, Esq.
Florida Bar No. 623636
**THE HOUSTON FIRM, P.A.**
*Counsel for Third Friday*
633 S.E. Third Avenue, Suite 4R
Fort Lauderdale, Florida 33301
Telephone: (954) 900-2615
Facsimile: (954) 839-9068
bhouston@thehoustonfirm.com

dschena@thehoustonfirm.com

### Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via transmission of Notice of Electronic Filing on all counsel of record identified on the CM/ECF

service list maintained by the Court and via e-mail to Gary.Freedman@nelsonmullins.com and

Frank.Terzo@nelsonmullins.com.

*/s/ Bart A. Houston*
Bart A. Houston, Esq.

## **Exhibit A**

Fedex Receipt

(October 10, 2022)



**FedEx.**

Address:

1101 CUNT MOORE
ROAD
BOCA RATON
Location:      FL 33487
Device ID:     BCTA
Transaction:   -BTco,
               940347752317

**TFedEx Standard Overnight**

racking Number:
278972272089
              .  0.10 lb (S)        31.40
    eclared Value    0
Recipient Address:
    Mr Gary Freedman
    NELSON MULLINS
    2 S BISCAYNE BLVD
    21st Floor
    MIAMI, FL 33131
    3053739479

Scheduled Delivery Date 10/11/2022

Pricing option:
    ONE RATE

Package Information:
    FedEx Envelope

        Shipment subtotal:        $3'   1.40

            Total Due:        $3, .-\0

    M: Weight entered manual\t
    S = Weight **read** from **scale**

**Exhibit B**

Screenshots of Disclosed Materials

(October 10, 2022)















## **Exhibit C**

Screenshots of Disclosed Materials

(November 3, 2022)













## **Exhibit D**

Fedex Receipt

(November 4, 2022)

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **To:** | dschena@thlglaw.com |
| **Subject:** | FedEx Shipment 770397225234: Your package has been delivered |
| **Date:** | Friday, November 4, 2022 9:37:20 AM |



# Hi. Your package was delivered Fri, 11/04/2022 at 9:30am.



Delivered to 2 S BISCAYNE BLVD 21, MIAMI, FL 33131
Received by E.ESTRADA

**OBTAIN PROOF OF DELIVERY**

| | |
|---|---|
| **TRACKING NUMBER** | 770397225234 |
| **FROM** | Houston Law Firm |
| | 633 S.E. Third Avenue |
| | Suite 4R |
| | Ft. Lauderdale, FL, US, 33301 |
| **TO** | Gary M. Freedman, Esq. |
| | Two South Biscayne Blvd. |
| | One Biscayne Tower, 21st Floor |
| | MIAMI, FL, US, 33131 |
| **REFERENCE** | Lewitt/Americore |

| | |
|---|---|
| **SHIPPER REFERENCE** | Lewitt/Americore |
| **SHIP DATE** | Thu 11/03/2022 06:12 PM |
| **DELIVERED TO** | Mailroom |
| **PACKAGING TYPE** | FedEx Envelope |
| **ORIGIN** | Ft. Lauderdale, FL, US, 33301 |
| **DESTINATION** | MIAMI, FL, US, 33131 |
| **SPECIAL HANDLING** | Deliver Weekday |
| **NUMBER OF PIECES** | 1 |
| **TOTAL SHIPMENT WEIGHT** | 0.50 LB |
| **SERVICE TYPE** | FedEx Priority Overnight |

## Get the FedEx® Mobile app

Create shipments, receive tracking alerts, redirect packages to a FedEx retail location for pickup, and more from the palm of your hand - **Download now**.

**FOLLOW FEDEX**



Please do not respond to this message. This email was sent from an unattended mailbox.

This report was generated at approximately 8:36 AM CDT 11/04/2022.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2022 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our privacy policy. All rights reserved.

Thank you for your business.

## **Exhibit E**

Letter to Freedman

(November 3, 2022)

# THE HOUSTON FIRM

**633 S.E. Third Avenue**
**Suite 4R**
**Ft. Lauderdale, Fla. 33301**

BART A. HOUSTON
DIRECT: 954.900-2615
EMAIL: bhouston[at]thchoustonfirm.com

November 3, 2022

_**By Email (011M**_

Gary M. Freedman, Esq.
_Counsel to Off"icial Committee of_
_Unsecured Creditors_
Two South Biscayne Boulevard
One Biscayne Tower, 21st Floor
Miami, FL 33131

**Re:     In re Americore Holdings, LLC, _et al.,_ Case No. 19-61608 IThird Friday's Privilege
Log and Clawback List**

Gary,

As you know, I represent Michael E. Lewitt, Third Friday Total Retw11 Fund, L.P. and
Third Friday GP, LLC (collectively, **"Third Friday")** in the above-referenced bankruptcy case.
As of the date of this Letter, the electronically stored information **("ESI")** requested by the Official
Committee of Unsecured Creditors (the **"Committee")** in its _Subpoena for Rule 2004 Examination_
Duces Tecum (ECF No. 315), _Subpoena for Rule 2004 Examination_ Duces Tecum (ECF No. 316),
and _Subpoena for Rule 2004 Examination_ Duces Tecum (ECF No. 317) (collectively, the
**Subpoenas")** was sent by Fedex to you at the address listed above, in your capacity as counsel to
the Committee.

As part of that production request by the Committee, and in furtherance of a good faith
effort to resolve any potential discovery dispute, it has come to the attention of Third Friday that
certain privileged ESI was inadvertently disclosed to the Committee (the **"Privileged Materials").**
Pursuant to Federal Rule of Civil Procedure 26 and 502, Third Friday hereby demands that any
copies of previously inadvertently produced ESI be promptly returned, sequestered, or destroyed.

A list of the Privileged Materials inadvertently disclosed (the **"Clawback List")** is
enclosed herewith together with a Privilege Log. [1]

Third Friday reserves all rights to amend, modify, and/or supplement the Privilege Log
and/or Clawback List for any ESI w1intentionally or inadve1tently disclosed, which would

---

[1] Any previously inadvertently disclosed and privileged ESI is included in the Privilege Log enclosed herein.

otherwise be privileged under the attorney-client privilege and/or work product doctrine, pursuant to Federal Rule of Civil Procedure 26 and 502.

To the extent the Committee seeks to challenge whether any of the inadvertently disclosed ESI was waived or whether any of the information listed in the Privilege Log is not subject to a privilege, Third Friday requests the Committee reach out to me to resolve any such dispute in order to conserve juridical resources.

Best regards,

Bart A. Houston, Esq.

Enclosures:    Privilege Log; Clawback List

**<u>Exhibit F</u>**

Email to Freedman

(November 4, 2022)

| | |
|---|---|
| **From:** | Debbie Schena |
| **To:** | "gary.freedman@nelsonmullins.com" |
| **Cc:** | Frank Terzo; Francis Santelices; Bart Houston |
| **Bcc:** | "mlewitt@thirdfriday.com" |
| **Subject:** | Americore | Third Friday Privilege Log and Clawback List |
| **Date:** | Friday, November 4, 2022 11:47:00 AM |
| **Attachments:** | Letter dated 11.3.2022 to Gary Freedman re Americore.pdf |

Gary,

Please see the attached.

**Thank you,**

**Debbie Schena**
Paralegal to Bart A. Houston
**The Houston Firm, P.A.**
633 S.E. Third Avenue
Suite 4R
Fort Lauderdale, Florida   33301
Phone: 954.900.2615
Facsimile: 954.839.9068
*dschena@thehoustonfirm.com for Debbie Schena*
*bhouston@thehoustonfirm.com for Bart Houston*

*PLEASE note our new email addresses for @thehoustonfirm.com