IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In re:<br><br>AMERICORE HOLDINGS, LLC, *et. al*.<br>                                   Debtors | Chapter 11<br>Jointly Administered<br><br>Case No. 19-61608 |

**OBJECTION TO ORDER ESTABLISHING PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS PERTAINING TO LABORATORY FRAUD**

Comes Fulgent Genetics, Inc. ("Fulgent"), by and through counsel, and for its Objection to the Order Establishing Procedures Governing Adversary Proceedings Pertaining to Laboratory Fraud At Ellwood Medical Center Operations, LLC and Other Designated Causes of Action Involving Laboratory Fraud ("Order") [Doc. No. 1747] and pursuant to the Right to Object set out in Article X of the Order, respectfully states as follows:

**BACKGROUND**

1. The Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 31, 2019 (collectively the "Petition Date").

2. On February 21, 2020, Carol Fox was appointed as the Chapter 11 Trustee ("Trustee") in these cases [Doc. No. 260 and 269].

3. Almost three years after the Petition Date, counsel for the Trustee filed both (i) an adversary complaint exceeding 150 pages including redacted exhibits against more than fifteen defendants [Doc. No. 1 in Adv. Pro. 22-6038] ("Complaint"), and (ii) a Motion to Approve the Mandatory Mediation Procedures Set Out in the Order ("Motion") on or about November 8, 2022. The statutory basis for the mandatory mediation procedures set forth in the Motion was 11 U.S.C.

§ 105. The Motion was set for hearing on November 17, 2022 and no notice of the hearing was given to any of the defendants identified in the adversary proceeding.

4. Because of the lack of notice to the defendants in the adversary, the Court entered the Order providing defendants the right to object to the procedures contained in the Order within thirty (30) days of service of the Complaint.

5. While the procedures set out in the Order are lengthy, the basic elements are as follows:

- All defendants must complete mediation within ninety days of service of the Complaint; although, the Trustee can unilaterally extend this time by an additional thirty days;

- The Trustee has selected a mediator in Florida where both the Trustee and her counsel are located;

- The parties are required to mediate in good faith "with a view toward reaching a consensual resolution" and the attendance of a representative with full settlement authority is required;

- The failure to comply with any of the procedures entitles the Trustee to file a motion for default judgment;

- The Trustee can also seek sanctions from the Court against a party that it believes is not participating in good faith;

- The terms of the Order trump the Local Rules and Rules of Civil and Bankruptcy Procedure; and

- Formal discovery is stayed until after the mediation is complete.

6. As to Fulgent, Count XVI of the Complaint seeks to recover $1,923,300.00 as the mediate transferee of allegedly fraudulent transfers pursuant to 11 USC § 550(a)(2). Paragraphs 74 through 76 and 136 of Trustee's Complaint state that Fulgent was the mediate transferee of the allegedly fraudulent conveyances based on payments made to it by American Express Company ("AmEx") pursuant to charges billed to an AmEx card of Defendant First Choice Laboratory, LLC ("First Choice"). The Complaint alleges that one or more of the Debtors made transfers to First Choice that First Choice then used those funds to pay outstanding amounts owed on its AmEx card. AmEx advanced money on First Choice's credit card to pay Fulgent. AmEx is not named as a defendant in the Complaint.

7. Fulgent accepted service of the Complaint on December 9, 2022. This Objection is timely pursuant to Article X of the Order.

**OBJECTION(S)**

8. Fulgent objects to the Order on the following basis.

9. Fulgent objects to its inclusion in the Order because it is clear the Complaint against it could not survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 7012(b)(6) and (7) made applicable herein by Federal Rule of Bankruptcy Procedure 7012. The Complaint does not state a claim against Fulgent upon which relief can be granted. Fulgent was paid by AmEx when it charged the card of First Choice. According to the complaint, First Choice subsequently paid the debt it owed to AmEx with funds advanced from the Debtors. First Choice's subsequent payment to AmEx was independent from the payment AmEx made to Fulgent. Thus, the Complaint falls well short of the requirements to state a claim that Judge Wise stated in Spradlin v. Pryor Cashman LLP (In re Licking River Mining, LLC), 565 B.R. 794, 805-808 (Bankr. E.D. Ky 2017). Further, even accepting all allegations in the Complaint as true and assuming the

Complaint states a valid claim with respect to Fulgent, the immediate or mediate transferee of the Debtors' payment to First Choice was AmEx, not Fulgent. AmEx paid Fulgent when it charged First Choice's credit card. This was an extension of credit by AmEx to its customer First Choice. The payments from First Choice to AmEx are not the same as the payments AmEx made to Fulgent. At a minimum, AmEx is a necessary party pursuant to Federal Rule of Civil Procedure 19, made applicable herein by Federal Rule of Bankruptcy Procedure 7019.

10.    Fulgent objects to its inclusion in the Order because the Order violates its right to conduct discovery and defend and, as an immediate or mediate transferee, without discovery, it is without sufficient knowledge or information to assess the Trustee's allegations in preparation of mandatory mediation. As drafted, the provisions in the Order violate Fulgent's right to "obtain discovery regarding any non-privileged matter that is relevant" granted by Federal Rule of Civil Procedure 26(b)(1) and made applicable in both the adversary and contested matters by Federal Rule of Bankruptcy Procedure 7026 and 9026, respectively. As a statutory basis the Order is based upon the powers granted to the Court in 11 USC § 105, and while the Court has great power to govern its docket and cases, it is black letter law that Section 105 of the Bankruptcy Code does "not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law . . . [.]"[1] Other cases have found that "applicable law" includes not only the Code, but also the Rules of Bankruptcy Procedure.[2] Further, Counsel for the Trustee had three (3) years to review documents from the Debtors and others and prepare its 150 page Complaint. However, Fulgent, as an immediate or mediate transferee, does not have access to the same

---

[1] Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 423 n.1 (6th Cir. 2000), quoting United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986) (citing Southern Ry. Co. v. Johnson Bronze Co., 758 F.2d 137, 141 (3d Cir. 1985)).
[2] "[T]he power granted by this section is unlimited and grants the Bankruptcy court a carte blanche power to enter orders which otherwise do not have any independent statutory basis or authorization by the Rules." In re GGC Assocs., 178 B.R. 862, 864 (Bankr. M.D. Fla. 1995).

information as the Trustee nor the benefit of years in the bankruptcy. In addition, the exhibits attached in support of the Complaint include significant redactions. Presumably, underneath the redactions is information regarding additional transfers and/or payments made by First Choice to AmEx and charges to First Choice's AmEx card. As an alleged immediate or mediate transferee, this information is discoverable and relevant to Fulgent's potential defenses to the Trustee's claim. However, the Order does not provide Fulgent with an opportunity to discover and analyze this information prior to participating in mandatory mediation. The Order fails to provide Fulgent with any meaningful opportunity to discover additional documentation and information in defense of the Trustee's allegations. Instead, in the face of a roughly $2,000,000 claim, Fulgent is expected to mediate in good faith without access to any discovery. This requirement is not workable. In sum, the Order violates Fulgent's right to obtain discovery and defend and impacts Fulgent's ability to meaningfully mediate.

11.     Given the procedural unfairness and prejudice to the rights and privileges provided to Fulgent by applicable law, Fulgent objects to the Order. If Fulgent is required to attend mediation, it could only offer a nominal sum to avoid the costs of litigation as it has no ability to assess the validity of the claims asserted against it or its defenses to those claims. Fulgent's inability to determine the risks and costs of litigating the Complaint is directly due to a lack of discovery of relevant information. Any mediation would be meaningless until this information is compiled.

WHEREFORE, for the foregoing reasons and for the logistical impossibility of requiring fifteen different parties to mediate millions of dollars of claims without the benefit of discovery and without the attendance of necessary parties, the Order should be vacated. Alternatively, as an immediate or mediate transferee, Fulgent should be excused from the Order.

## **NOTICE OF HEARING**

Notice is hereby given that the foregoing Objection will be heard by the Court on January 19, 2023 at 9:00 p.m. (ET) or as soon thereafter as counsel may be heard in the United States Bankruptcy Court, 2nd Floor Courtroom, 100 East Vine Street, Lexington, Kentucky 40507.

Dated:  December 30, 2022

                Respectfully submitted,

                DINSMORE & SHOHL, LLP

                */s/ Sarah S. Mattingly*
                Sarah Mattingly, Esq. [KBA Bar No. 94257]
                Tyler Powell, Esq. [KBA Bar No. 90520]
                Dinsmore & Shohl, LLP
                100 W. Main Street, Suite 900
                Lexington, Kentucky 40507
                Phone: (859) 425-1000
                Facsimile: (859) 425-1099
                Email:   sarah.mattingly@dinsmore.com
                            tyler.powell@dinsmore.com
                **COUNSEL FOR FULGENT GENETICS, INC.**