# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-61608 |
| | ) | |
| AMERICORE HOLDINGS, LLC, *et al.*[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

### CHAPTER 11 TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF AN ORDER PURUSUANT TO 11 U.S.C. § 1112(b) CONVERTING THESE CHAPTER 11 CASES TO A CHAPTER 7 LIQUIDATION

Carol L. Fox, as the Chapter 11 Trustee (the "Trustee") of Americore Holdings, LLC and its affiliated debtors (collectively, the "Debtors"), files this response in opposition to the *Motion for Entry of an Order Pursuant to 11 U.S.C. § 1112(b) Converting These Chapter 11 Cases to a Chapter 7 Liquidation* (Doc. No. 1900) (the "Motion to Convert") filed by the Third Friday Total Return Fund, L.P. ("Third Friday"), and states as follows in support:

## BACKGROUND

1. On December 31, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

2. On February 20, 2020, the Court entered an agreed order for the appointment of a Chapter 11 Trustee and directing the United States Trustee ("UST") to immediately appoint a Chapter 11 Trustee in the Debtors' jointly administered cases (Doc. No. 258). On February 21, 2020, the UST filed its Notice of Appointment of Ms. Fox as Chapter 11 Trustee (Doc. No. 260),

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

608860547.2

and on February 24, 2020, Ms. Fox filed her Notice of Acceptance of the Appointment as Trustee (Doc. No. 269).

3. On February 17, 2023, the Trustee filed a *Motion (I) to Approve Compromise and Settlement with Michael E. Lewitt, The Third Friday Total Return Fund, LP, and Third Friday GP, LLC, (II) Extend the Statute of Limitations and (III) Permit Payment of Contingency Fee to Nelson Mullins* (Doc. 1847) (the "Compromise").

4. The Court approved the Compromise (Doc. 1876), and the first settlement payment from Michael E. Lewitt, The Third Friday Total Return Fund, LP, and Third Friday GP, LLC (collectively, the "Third Friday Parties") was due on April 15, 2023. Instead of making the payment, Third Friday filed the Motion to Convert on April 13, 2023.

## ARGUMENT

5. A chapter 11 case can only be converted or dismissed under Section 1112(b) upon a showing of "cause." Bankruptcy courts have broad discretion to determine whether cause exists to dismiss or convert a chapter 11 case. *In re Mitan*, 573 F.3d 237, 247 (6th Cr. 2009). Section 1112(b)(4) contains a non-exclusive list of sixteen grounds that constitute "cause" to dismiss or convert a case. In addition to the language in the statute, the Court has discretion to determine was constitutes cause on a case-by-case basis. *In re Ban Am Exp., Inc.*, No. 14-10112, 2014 WL 4658206 at *2 (Bankr. W.D. Ky. Sep. 17, 2014). Third Friday has failed to establish cause or demonstrate that conversion is in the best interest of creditors.

6. First, the Motion to Convert was filed as a litigation tactic. The first payment from the Third Friday Parties under the approved Compromise was due on April 15, 2023. Instead of making the required settlement payment, Third Friday filed this Motion to Convert. It is clear the

2

Third Friday Parties have no intention of complying with the terms of the agreed upon Compromise and are pursuing the Motion to Convert with ulterior motives.

7.  Second, the Trustee is in the process of finalizing the proposed Plan and Disclosure Statement with the Court. Based on the terms contained in the proposed Plan and Disclosure Statement, the Trustee believes the creditors and parties in interest in this case would be better served with a confirmed liquidating plan than converting this case to a Chapter 7. As previously reported to this Court, the Trustee has spent a significant amount of time in effort on these cases through challenging and unprecedented times. Among other things, the Trustee has negotiated the sale of significant assets of the bankruptcy estates, continued to pursue complex claims on behalf of the bankruptcy estates for the benefit of the creditors, and continued her investigation and substantial discovery to uncover additional claims. Notwithstanding the Trustee's diligent efforts, the complexities of these cases persist. As a post-petition appointed fiduciary without personal knowledge of the Debtors' pre-petition affairs, the Trustee had to spend time reviewing and analyzing the Debtors' inadequate pre-petition books and records. This time and effort should be capitalized upon by pursuing a liquidating chapter 11 plan rather than replacing the Trustee with another fiduciary who would have to spend substantial time and effort getting involved in the case at this late stage.

8.  Third, Third Friday provided insufficient notice and time for consideration of the Motion to Convert. Third Friday filed its Motion to Convert on April 13, 2023, and scheduled it for hearing on April 27, 2023, just 14 days after the motion was filed. Bankruptcy Rule 2002(a)(4) requires twenty-one (21) days' notice to all creditors and parties in interest for motions to convert. Third Friday did not seek shortened notice for a hearing on the Motion to Convert. In addition, the Certificate of Service to the Motion to Convert indicates that the

Motion was only served on "all counsel of record identified on the CM/ECF service list maintained by the Bankruptcy Court." Bankruptcy Rule 2002(a) requires that a Motion to Convert a case should be served on all creditors and parties in interest. Third Friday has failed to provide adequate notice to all parties in this case for the Court to consider the Motion to Convert.

9. The Trustee reserves the right to supplement this response or raise additional arguments at the hearing on the Motion to Convert currently scheduled for April 27, 2023.

WHEREFORE, the Trustee respectfully requests that this Court enter an order denying the Motion to Convert and granting all other relief that is appropriate under the circumstances.

Dated: April 24, 2023

*/s/ Jimmy D. Parrish*
Elizabeth A. Green, Esq.
Florida Bar No. 0600547
egreen@bakerlaw.com
Jimmy D. Parrish
Florida Bar No. 526401
jparrish@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue,
Suite 2300
Orlando, Florida 32801
Telephone: 407-649-4000
Facsimile: 407-841-0168

*Attorneys for the Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will provide a Notice of Electronic Filing and copy to all parties requesting such notice.

*/s/ Jimmy D. Parrish*
JIMMY D. PARRISH

4878-4821-6415.1