# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Americore Holdings, LLC, *et al.*,[1] | ) | Case No. 19-61608-grs |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### TRUSTEE'S NOTICE OF FILING TRANSCRIPT EXCERPT

PLEASE TAKE NOTICE that Carol L. Fox, the Chapter 11 Trustee of Americore Holdings, LLC and related Debtors (the "Trustee"), through special litigation counsel, gives notice of filing the attached excerpt of the testimony given by Michael Lewitt at a deposition taken on September 12, 2023 under Adversary No. 23-06003-grs, in support of the *Trustee's Motion for Status Conference Requiring the Third Friday Parties to Explain Inconsistent Positions Regarding Collateral and Possible Fraud on the Court* (Doc. No. 2120) (the "Status Motion") which is the subject of a status conference scheduled for September 21, 2023 (Doc. No. 2122), during which Mr. Lewitt invoked the Fifth Amendment in refusing to answer questions regarding one the following Collateral Documents, the Platinum Loan Documents and the Obermeyer APA (as defined in the Status Motion) and for any other matter scheduled to be heard on such a date that is related to the instant case or any other matter that may come before the Court.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

| | |
|---|---|
| Dated: September 18, 2023 | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| | 2 South Biscayne Boulevard - 21st Floor<br>Miami, FL  33131<br>Ph. 305-373-9400 \| Fax 305-995-6416 |
| | 100 S.E. 3rd Avenue, Suite 2700<br>Fort Lauderdale, FL 33394<br>Ph. 954-764-7060 \| Fax 954-761-8135 |
| | */s/ Gary M. Freedman*<br>Gary M. Freedman<br>Florida Bar No. 727260<br>Gary.Freedman@nelsonmullins.com<br>Frank P. Terzo<br>Florida Bar No. 906263<br>Frank.Terzo@nelsonmullins.com |
| | *Special Counsel for Carol Fox, Chapter 11 Trustee* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2023, a true and correct copy of the foregoing has been furnished via transmission of Notices of Electronic Filing on all counsel of record or pro se parties identified on the CM/ECF service list maintained by the Court.

*/s/ Gary M. Freedman*
Gary M. Freedman

Michael Lewitt
September 12, 2023

| | |
|---|---|
| 1 | Q.   Because they can't do math? |
| 2 | MR. HOUSTON:  Object to the form of the question. |
| 3 | THE WITNESS:  They can do math.  I can do math.  You |
| 4 | can do math. |
| 5 | BY MR. FREEDMAN: |
| 6 | Q.   Exhibit 12 -- this is Exhibit 12.  It's a document |
| 7 | titled "second amended purchase and sale agreement by and |
| 8 | between the Third Friday total return Fund LP ("Seller") and |
| 9 | Obermeyer Engineering and Consulting, LLC ("Purchaser").  You're |
| 10 | familiar with this document, aren't you, sir? |
| 11 | (Exhibit No. 12 marked for identification.) |
| 12 | THE WITNESS:  Yes. |
| 13 | BY MR. FREEDMAN: |
| 14 | Q.   And you prepared this document? |
| 15 | A.   I have to take a break and talk to my counsel for a |
| 16 | second before I -- |
| 17 | THE REPORTER:  Shall we go off the record? |
| 18 | MR. FREEDMAN:  That's fine. |
| 19 | THE VIDEOGRAPHER:  Going off video record at 3:13 p.m. |
| 20 | THE REPORTER:  Off record. |
| 21 | (Off the record at 3:12 p.m.) |
| 22 | (On the record at 3:16 p.m.) |
| 23 | THE VIDEOGRAPHER:  And we are back on the video record |
| 24 | at 3:17 p.m. |
| 25 | MR. FREEDMAN:  Jordann, can you read back the last |

```
 1  question, please?
 2            THE REPORTER:  Sure.  Let me find it.
 3            (Last question was read back by the Court Reporter.)
 4            THE WITNESS:  Since you've accused me of criminal
 5  activity with respect to this document, I'm asserting my right
 6  under the Fifth Amendment not to answer any questions about it.
 7  BY MR. FREEDMAN:
 8      Q.   Is that your signature on the last page of the
 9  exhibit?
10            MR. HOUSTON:  Gary.  Can he just say Fifth?
11            MR. FREEDMAN:  No, I have -- you know how the rule is.
12  I have to ask the question.
13            MR. HOUSTON:  I know.  Wait.  You're not listening to
14  me.
15            MR. FREEDMAN: Sorry.  Yes, he can.  Sorry.  Yes, he
16  can.  Sorry.
17  BY MR. FREEDMAN:
18      Q.   Is that Azzam Rustom's signature under Obermeyer
19  Engineering Consulting, LLC?
20      A.   Fifth.
21      Q.   Did you forge Mr. Rustom's signature on this document?
22      A.   Fifth.
23      Q.   The -- on the first page under the whereas clause at
24  the bottom of the page, it says, "Whereas, upon final review, as
25  of December 31, 2019, the balance owed to seller by Americore
```

Michael Lewitt
September 12, 2023

```
 1  Holdings and Americore Health, including principal, interest,
 2  and forbearance fees and financing costs (but excluding expense
 3  reimbursements)was $26,034,400, per the loan balance."  Did I
 4  read that correctly?
 5       A.   Fifth.
 6       Q.   The loan balance does not include any of the purported
 7  credits for the transfers that are reflected on Exhibit 3 that
 8  were marked today, correct?
 9       A.   Fifth.
10       Q.   And this document says, "Second Amended Purchase and
11  Sale Agreement," but it starts off, "The first amended purchase
12  and sale agreement is dated as of September 1, 2022."  Is this
13  the second amended or the first amended agreement?
14       A.   Fifth.
15       Q.   And was this document accurate as of September 1,
16  2022?
17       A.   Fifth.
18       Q.   Are you planning on appearing in front of Judge Schaaf
19  on September 21?
20            MR. HOUSTON:  You can answer.
21            THE WITNESS:  Yes.
22  BY MR. FREEDMAN:
23       Q.   If he asks you questions about this agreement, are you
24  also going to assert the Fifth at that time?
25            MR. HOUSTON:  Object to -- I'm going to object and
```

```
 1   tell him not to answer that question because that's solely based
 2   upon advice of counsel.
 3           MR. FREEDMAN:  I just want to know because he can't
 4   selectively invoke the Fifth, but you and I are not going to
 5   resolve that today.
 6   BY MR. FREEDMAN:
 7       Q.   Mr. Lewitt, you will agree that this is one of the
 8   documents you provided to us in respect to the settlement the
 9   trustee reached with you and the fund, also known as collateral
10   document, correct?
11       A.   Yes.
12       Q.   Did Obermeyer Engineering Consulting LLC agree to the
13   terms of this agreement?
14       A.   Fifth.
15       Q.   It didn't, did it?
16       A.   Fifth.
17       Q.   This entire agreement's a fraud, correct?
18       A.   Fifth.
19       Q.   And in providing it to the trustee as part of the
20   settlement, you defrauded the trustee, correct?
21       A.   Fifth.
22           MR. HOUSTON:  That's your burden.  You're not going to
23   get a negative inference on that.
24           MR. FREEDMAN:  I'm not going to debate with you, Mr.
25   Houston.  That's for the Court to decide, not you.  And the
```

1      Q.    I'm confused.  How did you end up giving him a
2   different signature page?
3      A.    I don't know.
4      Q.    How could that possibly happen?
5      A.    It happen very easily.  I just pulled the signature
6   page and said sign this.
7      Q.    Off of the --
8            THE REPORTER:  Wait.  Just pulled the signature page
9   and said sign this?
10           THE WITNESS:  I just pulled the -- I said I pulled the
11  signature page and said sign it.
12           THE REPORTER:  Okay.
13  BY MR. FREEDMAN:
14     Q.    You pulled the signature page off of the consultant
15  employment and compensation agreement and ask him to sign it?
16     A.    I don't know where I pulled it from.  It was a
17  signature page.  I asked him to sign it, and he signed it.  And
18  I said this is for the -- this is for the consulting agreement,
19  and he signed it.
20     Q.    Why wouldn't you give him the actual signature page?
21     A.    I don't remember.  Who knows?
22     Q.    Did you forge this document?
23     A.    Of course not.
24     Q.    Did you forge the Obermeyer agreement?
25     A.    Fifth.

Michael Lewitt
September 12, 2023

```
1      Q.    Did you forge the Platinum agreement?
2      A.    Fifth.
3            MR. FREEDMAN:  Keep that.  I need Exhibit 20.
4            (Exhibit No. 20 marked for identification.)
5  BY MR. FREEDMAN:
6      Q.    Do you recognize this document, Exhibit 20?
7      A.    Yes.  Yes.
8      Q.    What is it?
9      A.    Loan agreement.
10     Q.    It's an Amended and Restated Loan and Security
11 Agreement between Americore Holdings, L.L.C. and The Third
12 Friday Total Return Fund, LP, correct?
13     A.    Yes.
14     Q.    If you flip to the last page -- hold on with me for a
15 second, sir.  Sir.  Hold on.  I have a question pending.
16     A.    I'm listening.  Go ahead.
17     Q.    Let me have the exhibit back.  I want you to focus on
18 my question.
19     A.    Just ask your question.
20     Q.    Give me the document.
21     A.    Ask your question.
22     Q.    It's my document, please.  Give it to me.
23     A.    It's not your document.  Ask your question.
24     Q.    I'm asking for the -- I'm asking for the exhibit back.
25     A.    Have them all.
```