UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 19-61608 (GRS) |
| Americore Holdings, LLC, *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: Docket No. 2409 |
| | ) | |

### RESPONSE OF LIFE INSURANCE COMPANY OF NORTH AMERICA IN OPPOSITION TO LIQUIDATING TRUSTEE'S OBJECTION TO PROOF OF CLAIM NO. 4-1 FILED BY LIFE INSURANCE COMPANY OF NORTH AMERICA

Life Insurance Company of North America ("LINA"), by and through its undersigned counsel, hereby responds in opposition to *Liquidating Trustee's Objection to Proof of Claim No. 4-1 Filed by Life Insurance Company of North America* [Docket No. 2409] ("Objection") and, in support thereof, respectfully states as follows:

### BACKGROUND

1. On or about December 31, 2019 ("Petition Date"), the above-captioned debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. Prior to the Petition Date, Life Insurance Company of North America ("LINA") issued Group Insurance Policies, including all amendments and certificates thereto (collectively, the LINA Policies"), to Americore Health, LLC ("Debtor"), pursuant to which LINA provided basic and voluntary accidental death & dismemberment (OK 969984), basic and voluntary life (FLX 968513), long term disability (LK 965743), and short term disability (LK 752367)

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

insurance coverage to the Debtor's eligible employees pursuant to the terms and conditions set forth in the LINA Policies.

3. The Debtor failed to pay $35,238.36 due under the LINA Policies for services rendered within 180 days prior to the Petition Date ("Priority Claim"). The Priority Claim is entitled to priority status and treatment under 11 U.S.C. § 507(a)(5).

4. The Debtor also failed to pay $168,427.41 due under the LINA Policies for services rendered beyond 180 days prior to the Petition Date.

5. On January 28, 2020, LINA timely filed a proof of claim ("Proof of Claim") against the Debtor asserting a claim in the total amount of $203,665.77 (the "Claim") and asserting priority status under 11 U.S.C. § 507(a)(5) for the Priority Claim.

6. The Objection seeks to have the Claim modified or disallowed. The Objection should be overruled, with prejudice.

**RESPONSE TO THE OBJECTION**

7. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Walston*, 606 F. App'x 543, 546 (11th Cir. 2015). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*." *See In Re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added). To overcome this presumed validity, the Debtors must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re SDF @Hollywood*, 411 B.R. 788, 792 (Bank. S.D. Fla. 2009) (*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)); 9 COLLIER ON BANKRUPTCY,

¶ 3001.09[2], 16th ed.; *see also*, *In re Walston*, 606 F. App'x at 548 ("[The objecting party] cannot overcome the *prima facie* validity of the claim simply by objecting. Instead, he must support his objections with <u>evidence</u> to negate a fact set forth in the proof of claim) (emphasis added; citation omitted).

8. The Proof of Claim was timely filed in accordance with the Federal Rules of Bankruptcy Procedure, and the Trustee does not allege otherwise. Further, the Trustee does not deny the existence of the LINA Policies, or that LINA provided employee benefits thereunder. Indeed, the Trustee does not deny a single fact set forth in LINA's Proof of Claim.

9. The Objection is based on two assertions, but includes no evidence to support either assertion.

10. First, the Objection asserts that the Proof of Claim "may include claims for the employee plans" of debtors other than Americore Health LLC. Objection ¶ 15. The Proof of Claim plainly and unequivocally states that LINA issued the LINA Policies to Americore Health LLC. The Proof of Claim plainly and unequivocally states that LINA provided "insurance coverage for [Americore Health LLC's] employee benefit plan to [Americore Health LLC's] eligible employees." Finally, the e-bill attached to the Proof of Claim clearly states that it was issued to Americore Health LLC. The Objection does not challenge these facts, nor does it allege contrary facts. It merely raises hypothetical facts that "may" exist. This hypothetical does not refute any allegations in the Proof of Claim.

11. The second assertion made in the Objection is that the amount of LINA's Claim "must be adjusted by the total amounts paid to employees or other employee benefit plans." Objection, ¶ 19. However, the Objection does not allege that any such "amounts" have been paid. As with its first assertion, the Objection's second assertion is not supported by any facts,

evidence, or even an affirmative allegation. It merely raises the hypothetical possibility that amounts "may" have been paid. This hypothetical does not refute any allegations in the Proof of Claim.

12. At bottom, the Trustee has not presented any evidence or alleged any facts to refute any of the elements of the Claim. Accordingly, the Trustee has failed to overcome the *prima facie* validity of the Claim, and the Objection must be overruled, with prejudice.

WHEREFORE, LINA respectfully requests that the Court enter an order overruling and denying the Objection with prejudice, and grant such further relief to LINA as the Court may deem just and equitable.

Dated: August 2, 2024

Respectfully submitted,

*/s/ Mary L. Fullington*
Mary L. Fullington (Ky. Bar No. 85335)
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507-1746
Telephone: (859) 288-7424
Facsimile: (859) 259-0649
Email: mfullington@wyattfirm.com

and

Jeffrey C. Wisler (No. 2795)
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email: jwisler@connollygallagher.com

*Counsel for Life Insurance Company of North America*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of August, 2024, I electronically filed the foregoing Response with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all parties designated to received electronic service in this matter.

                                    */s/ Mary L. Fullington*
                                    Mary L. Fullington

101715096.1