*Hearing Date: September 26, 2024*
*Hearing Time: 9:00a.m.*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

| | |
|---|---|
| In re: | |
| AMERICORE HOLDINGS, LLC, *et al.* | Case No. 19-61608-grs<br>Chapter 11<br>(Jointly Administered) |
| Debtors. | |

### OBJECTION OF MICHAEL E. LEWITT AND DELCOTTO LAW GROUP PLLC TO LIQUIDATING TRUSTEE'S MOTION FOR SANCTIONS

### **INTRODUCTION**

Michael E. Lewitt ("Lewitt") and his legal counsel, DelCotto Law Group PLLC ("DLG"), hereby object to the Motion for Sanctions filed on September 13, 2024 (Doc. 2534) (the "Motion"). The Motion contravenes Rule 9011(b) of the Federal Rules of Bankruptcy Procedure in that Carol Fox, in her capacity as the Liquidating Trustee (the "Trustee"), seeks sanctions against Lewitt for not directing DLG to accept service of subpoenas duces tecum (the "Subpoenas") to Lewitt and the Third Friday Total Return Fund, L.P. (the "Fund"). That was Lewitt's choice and he cannot be sanctioned for making the choice.

In a very foolish move, the Trustee also seeks sanctions against DLG for not accepting service of the Subpoenas on behalf of Lewitt and the Fund (the "Two Clients"). DLG cannot be sanctioned for refusing to accept service of the Subpoenas on behalf of the Two Clients because it has not been instructed by the Two Clients to accept service of the Subpoenas on their behalf.

Putting the lack of an instruction to DLG to accept service of the Subpoenas on behalf of the Two Clients to the side, there are two more fundamental reasons why the Motion must be denied. First, the Trustee failed to comply with the notice provisions of Fed. R. Civ. P. 45(a)(4), which required her to serve the Two Clients with a notice of her intent to serve the Subpoenas, together with copies of the Subpoenas. Second, and more importantly, the Trustee failed to comply with Fed. R. Civ. P. 45(b)(2) when she failed to "tender the fees for 1 day's attendance [$40.00] and the mileage allowed by law" to the Two Clients and/or their legal counsel. Both of these sums of money were required to be tendered contemporaneously with the alleged service of the Subpoenas. Failure to tender the monies required by Rule 45(b)(2) nullifies the Subpoenas, making them unenforceable, which moots the question of whether Lewitt or DLG did anything wrong when DLG refused to accept service of the Subpoenas on behalf of the Two Clients.

In support of this Objection, Lewitt and DLG state as follows:

## **FACTUAL BACKGROUND**

1. By an agreement dated September 11, 2023, DLG was engaged by Lewitt, individually and as the Manager of Third Friday GP, LLC, which is the General Partner of the Fund (the "Three Clients"), to represent the Three Clients at a hearing held on September 21, 2023, concerning (i) the Trustee's Motion for Status Conference Requiring the Third Friday Parties to Explain Inconsistent Positions Regarding Collateral and Possible Fraud on the Court (Doc. 2120) (the "Motion to Explain"), and (ii) the Order to Show Cause Why Michael E. Lewitt, Individually, and on Behalf of the Third Friday Total Return Fund, L.P. and Third Friday Management, LLC Should Not be Held in Contempt for Possible Fraud on the Court (Doc. 2122).

2. The Three Clients and the undersigned appeared at the hearing held on September 21, 2023, Lewitt testified, and the Court entered its Order denying the Motion to Explain on

September 22, 2023. *See* Doc. 2161.

3. By letter dated October 3, 2023, DLG disengaged from its attorney-relationship with the Three Clients as a result of the entry of the Court's Order of September 22, 2023 (Doc. 2161).

4. Even though the undersigned ceased representing the Three Clients as of October 3, 2023, he did not file a motion to withdraw from representing them in these jointly administered Chapter 11 cases.

5. On August 30, 2024, the Two Clients engaged the undersigned and DLG to assist them in dealing with a dispute with the Trustee concerning the non-production of original promissory notes.

6. At no time have the Two Clients directed DLG to accept service of any subpoenas on their behalf.

7. Prior to September 12, 2024, the undersigned conferred with Gary M. Freedman ("Freedman"), counsel for the Trustee, and selected October 10, 2024, as the date for post-judgment depositions of the Two Clients to occur at the offices of Nelson Mullins Riley & Scarborough LLC in Miami, Florida (the "Deposition Location"). The undersigned intended to represent the Two Clients at the depositions via Zoom.

8. At no time did Freedman request that DLG accept service of any subpoenas on behalf of the Two Clients.

9. On September 12, 2024, the Trustee filed: (1) the Notice of Taking [sic] Video Deposition *Duces Tecum* of Michael E. Lewitt (Doc. 2528) (the "Lewitt Depo Notice"); and (2) the Notice of Taking [sic] Video Deposition *Duces Tecum* of the Third Friday Total Return Fund, L.P. (Doc. 2529) (the "Fund Depo Notice").

10. Attached to the Lewitt Depo Notice is a Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) (Doc. 2528 pp. 4-18) (the "Lewitt Subpoena").

11. Attached to the Fund Depo Notice is a Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) (Doc. 2529 pp. 4-17) (the "Fund Subpoena").

12. The Lewitt Subpoena and Fund Subpoena (defined as the "Subpoenas" in the first paragraph of the Introduction above) state that Rule 45 of the Federal Rules of Civil Procedure is applicable to the Subpoenas. *See* Doc. 2528 p. 4; Doc. 2529 p. 4.

13. The Subpoenas purport to have been served "via email" to the undersigned and Bart Houston, Esq. ("Attorney Houston"), who Freedman knows no longer represents the Two Clients. *See* Doc. 2528 p. 5; Doc. 2529 p. 5.

14. Less than fifteen minutes after the undersigned received the Subpoenas via the Court's CM/ECF System, he emailed Freedman and informed him that the undersigned had not been authorized by the Clients to accept service of the Subpoenas on their behalf.

15. On the evening of September 12, 2024, the undersigned filed the Notice of Objection to: (1) Subpoena Allegedly Served on Michael E. Lewitt (Doc. 2528); and (2) Subpoena Allegedly Served on The Third Friday Total Return Fund, L.P (Doc. 2529) (the "Original Objection").

16. The basis for the Original Objection was that the Subpoenas allegedly served on the Two Clients had been served via CM/ECF on the undersigned and Attorney Houston on September 12, 2024, and neither the undersigned nor Attorney Houston had been directed by the Two Clients to accept service of the Subpoenas on their behalf.

17. In the Original Objection, the Two Clients reserved all other grounds to object to the Subpoenas under Fed. R. Civ. P. 45. *See* Doc. 2530. This Objection not only opposes the

4

relief sought in the Motion; it supplements the Original Objection and is timely under Fed. R. Civ. P. 45(d)(2)(B).

18. Even though the Subpoenas have not been validly served on the Two Clients, they elect to have this Objection supplement the Original Objection out of an abundance of caution so that the Trustee cannot argue waiver of their objections under Rule 45 of the Federal Rules of Civil Procedure.

**ARGUMENT**

***1. No grounds exist to sanction Lewitt for not directing DLG to accept service of the Subpoenas on behalf of the Two Clients, and no grounds exist to sanction DLG for not accepting service of the Subpoenas on behalf of the Two Clients.***

In the Motion, the Trustee explains why she decided to serve the Subpoenas on the Two Clients. *See* Doc. 2534 pp. 1–3. She casts aspersions on Lewitt, claiming that "[t]he record is replete with factual wrongdoings and shenanigans perpetrated by Mr. Lewitt with respect to the Debtors and these proceedings." *Id.* p. 1 ¶ 1. After hearing Lewitt testify on September 21, 2023, the Court denied the Motion to Explain, which sought civil contempt sanctions against Lewitt. *See* Doc. 2161.

Both Subpoenas state that "Counsel is served pursuant to the request of the witness." *See* Doc. 2528 p. 5; Doc. 2529 p. 5. The Trustee points to emails sent by Lewitt to Freedman in May and June 2023, as the reason she allegedly served the Subpoenas on the undersigned and Attorney Houston, as opposed to having them served directly on the Two Clients. *See* Doc. 2534-3. In the first of these emails, Lewitt threatened to file a bar complaint against Freedman and the managing partner of his firm if another process server showed up at his house. *See* Doc. 2534-1 p. 1. In the second email, Lewitt again threatened Freedman with a bar complaint if he sent another process server to his residence. *Id.* p. 2. An attorney does not violate the bar rules of any state by serving

5

process allowed by law on an individual or entity. Hollow threats of a bar complaint are an insufficient reason for the Trustee not to serve the Subpoenas directly on the Two Clients.

Regardless, Lewitt changed his mind about having all documents served on his counsel since June 2023, and now insists that the Subpoenas be served on him and the Fund, not on their lawyers. That is his choice. The Two Clients have not directed DLG to accept service of the Subpoenas on their behalf. That is their choice. DLG cannot and will not accept service of a subpoena on behalf of any client unless and until the client directs it to do so. That is DLG's choice. Under these circumstances, grounds do not exist to sanction either Lewitt or DLG for its refusal to accept service of the Subpoenas. But it get worse for the Trustee, much worse.

> 2. ***The Subpoenas are a nullity, invalid, and unenforceable because the Trustee contravened two subparts of Rule 45 of the Federal Rules of Civil Procedure.***

Rule 45(a)(4) of the Federal Rules of Civil Procedure provides:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Fed. R. Civ. P. 45(a)(4). The Trustee is of the view that she served the Subpoenas on the Two Clients by filing and serving them via the Court's CM/ECF System. The Trustee violated Rule 45(a)(4) because the Subpoenas command the Two Clients to produce documents and she failed to serve the Two Clients with a notice of her intent to serve the Subpoenas and provide them with copies of the Subpoenas before they were allegedly served. That failure violates that plain language of Rule 45(a)(4) and is inexcusable.

Worse yet, the Trustee violated Rule 45(b)(1) of the Federal Rules of Civil Procedure because she failed to tender to the Two Clients, the undersigned and/or Attorney Houston "the fees

6

for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). This fact is evidenced by the second page of the Subpoenas, which provide:

> Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to **the witness the fee for one day's attendance, and the mileage allowed by law, the amount of $40.00\*\*\***
>
>        \*  \*  \*
>
> **\*\*\*The witness fee check will be sent under separate cover**.

Doc. 2528 at p. 5; Doc. 2529 at p. 5 (emphasis added). Rule 45(b)(1) obligated the Trustee to deliver a $40 witness fee to each of the Two Clients together with "the mileage allowed by law" for roundtrip travel to the Deposition Location. Neither the Two Clients, the undersigned nor Attorney Houston have received the required $40.00 federal witness fee or any money for the mileage allowed by law. Under the plain language of Rule 45(b)(1), this money was required to have been delivered contemporaneously with the alleged service of the Subpoenas but was not, making the Subpoenas a nullity, invalid, and unenforceable. *See, e.g.*, *Shulman v. Amazon.com.KYDC LLC*, No. 5:13-cv-00005-DLB-REW, 2014 WL 4103528, at \*12 (E.D. Ky. Aug. 15, 2014) (treating Amazon's subpoena "as a nullity" where Amazon failed to tender to the individual served with the subpoena the witness fee and mileage required under Fed. R. Civ. P. 45(b)(1) and describing said failure as a "problematic wrinkle"); *Hazelwood v. Webb*, No. 4:06-CV-P107-M, 2007 WL 2815583, at \*2 (W.D. Ky. Sept. 27, 2007) ("Failure to tender fees and mileage renders the subpoena invalid and frees the witness of any obligation to attend."); 9A Wright, Miller, Kane, Marcus & Steinman, *Federal Practice and Procedure* § 2454 ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena."); *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 704 (5th Cir. 2003) (proper service of a federal subpoena requires the "tendering of the witness fee and a reasonable mileage allowance" under

the "plain meaning of Rule 45(b)(1)"); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552–53 (6th Cir. 2015) (ruling that the trial court did not abuse its discretion in quashing a subpoena that "failed several aspects of Federal Rule of Civil Procedure 45," including the failure of the party serving the subpoena to tender the fees required by Fed. R. Civ. P. 45(b)(1)) (further citation omitted).  The Motion must be denied because the Subpoenas are a nullity, invalid, and unenforceable, which moots the question of whether Lewitt or DLG did anything wrong when DLG refused to accept service of the Subpoenas on behalf of the Two Clients.

### THE TWO CLIENTS' NOTICE OF REFUSAL TO COMPLY WITH THE SUBPOENAS

The Two Clients hereby give notice to the Court and Trustee that they: (1) will not comply with the Subpoenas; (2) will not appear at the Deposition Location on October 10, 2024, at 11:00 a.m.; and (3) will not produce any of the documents responsive to the twenty-six requests for production of documents contained in Exhibit A to the Lewitt Subpoena or the twenty-five requests for production of documents contained in Exhibit A to the Fund Subpoena.

### CONCLUSION

For all the foregoing reasons, the Court should enter an order denying the Motion and admonish the Trustee for violating Rule 45(a)(4) and Rule 45(b)(1) of the Federal Rules of Civil Procedure.[1]

---

[1] The is not the first time that the undersigned has called out the Trustee and Freedman for violating Rule 45(b)(1) of the Federal Rules of Civil Procedure.  *See* Doc. 34 filed in *Fox, Trustee v. Innov8ive Exhibitions 1, LLC*, Adversary Proceeding No. 23-06007-grs.

Respectfully submitted,

/s/ Michael J. Gartland
Michael J. Gartland, Esq.
KY Bar No. 91194
DelCotto Law Group PLLC
200 North Upper Street
Lexington, KY  40507
Telephone: (859) 231-5800
mgartland@dlgfirm.com

COUNSEL FOR MICHAEL E. LEWITT AND
THE THIRD FRIDAY TOTAL RETURN FUND,
L.P.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 25, 2024, this document was served electronically via the Court's CM/ECF System.

/s/ Michael J. Gartland
Michael J. Gartland, Esq.
COUNSEL FOR MICHAEL E. LEWITT AND
THE THIRD FRIDAY TOTAL RETURN FUND,
L.P.

Obj to motion for sanctions 20240925