# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

IN RE

AMERICORE HOLDINGS, LLC[1]　　　　　　　　　　　　CASE NO. 19-61608
DEBTORS　　　　　　　　　　　　　　　　　　　　　JOINTLY ADMINISTERED

## SANCTIONS ORDER

　　　　Carol Fox, the Chapter 11 Trustee and now Liquidating Trustee, and Michael E. Lewitt, the Third Friday Total Return Fund, LP and Third Friday GP, LLC (the "Third Friday Parties") reached an agreement to resolve claims held by the Debtor. [ECF Nos. 1847, 1876.] The Third Friday Parties agreed to grant a security interest in certain Collateral described on an exhibit to secure their obligations. [ECF No. 1847-1, ¶¶ 4-5.] The Third Friday Parties did not perform as required, so judgement was entered on May 18, 2023. [ECF Nos. 1976, 1989.]

　　　　The Third Friday Parties did not timely turn over Collateral Documents to the Trustee, resulting in multiple filings and court hearings. [*See, e.g.*, ECF Nos. 2014, 2024, 2041.] Lewitt argued that he did not have original copies of any Collateral Documents, but acknowledged he had additional information to provide. There was a finding of clear and convincing evidence that Lewitt was in contempt of court for failure to comply with clear and unambiguous orders, and Lewitt was ordered to deliver any remaining Collateral Documents in his possession and file an affidavit to confirm his compliance. [ECF No. 2056 (sanctions were not imposed at that time because of promises to cooperate thereafter).]

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

On June 27, 2023, Lewitt filed a Declaration that averred under penalty of perjury that he had provided all Collateral Documents and attached copies. [ECF No. 2061.] Paragraph 3 of the Declaration provides:

> Each and every document representing the Collateral has been delivered to the Escrow Agent and are now attached to this Declaration in the exact form as kept and maintained by Third Friday prior to the entry into the Settlement Agreement. The Collateral documents are not originals and Third Friday does not possess any of the originals of the Collateral documents.

[*Id.*] The Collateral Documents included copies of loan documents involving an obligation due from Platinum Group USA Inc. [*Id.*]

Lewitt also appeared and testified at a hearing on September 21, 2023. [ECF No. 2217.] He testified to the following information:

1. There were never originals of the Platinum Group USA Inc. loan documents. [ECF No. 2217 at p. 8:14-16.]

2. The Collateral Documents were signed but Lewitt does not keep originals. [*Id*. at p. 9:214.]

3. Lewitt only keeps copies and the originals were destroyed. [*Id.* at p. 9:14-21.]

4. The documents were destroyed because Lewitt believes the SEC only requires retention of electronic copies. [*Id*. at p. 10:4-16.]

5. Lewitt's practice is to scan a copy, shred the originals, and keep only the electronic copies. [*Id*. at p. 12:18-20.]

Now there is an email in the record dated August 27, 2024, from Lewitt to Jim Telepman (that copies Amer Rustom) with the subject line "Rocker v. Lewitt/Platinum Group USA Inc." [ECF No. 2534-1.] In that email, Lewitt states:

> I have the original loan documents that Amer signed. The copies submitted to Gary Freedman were re-executed with Amer's knowledge because I had misplaced the original in another file and had to meet a deadline. I subsequently found the records after the issue was resolved in bankruptcy court last September (they were in the possession of another party).

[*Id.*] Lewitt also threatens: "If the loans are not repaid by 12/31/24 and I don' t hear from Amer again by then, my fund will file suit to recover the money." [*Id.*]

The possible existence of original documents was contrary to the previous Declaration and testimony. Therefore, Lewitt was ordered to appear and show cause why he should not be held in contempt of court. [ECF Nos. 2563, 2573.]

Lewitt appeared on November 21, 2024, and provided testimony to attempt to explain the discrepancies. [ECF Nos. 2604, 2605.] Lewitt said he does not have original copies of the Platinum Group USA Inc. loan documents and the words "copies of the" should have preceded the word "originals" in the second paragraph of the August 27 email.

This testimony is hard to accept. It is not natural to refer to copies of original documents; if Lewitt meant to refer to copies, then he would have said "copies of" the documents without any reference to the originals. It is more likely the reference to original documents was intended to support the threat of a lawsuit in the next paragraph of the August 27 email. But the testimony makes one thing clear: Lewitt was not telling the truth to someone, the letter recipient or the Trustee and this Court.

The testimony on November 21 brought out other questionable facts. Lewitt admitted that he recreated at least some of the Platinum Group USA Inc. Collateral Documents submitted with his 2023 declaration. Also, the recreation was wrong because the counterparty for at least some of the Collateral Documents was the Platinum Group Qatar Ltd., an entity that was previously undisclosed. Lewitt admitted he was aware of the existence of Collateral Documents involving Platinum Group Qatar Ltd., but he failed to disclose them to the Trustee and the Court.

Lewitt promised to turnover more documents to the Trustee and acknowledged that he should have turned them over before he provided testimony. Lewitt also reaffirmed his promise

3

to deliver documents to the Trustee by December 9, 2024, and attend a deposition on December 12, 2024. He additionally committed to paying his obligation and said investors would not receive any distributions until the obligation to the liquidating estate is paid in full.

There is new information that allows a finding (and reinforces the prior finding) that there is clear and convincing evidence that Lewitt has not complied with prior orders and has withheld information from the Trustee and this Court. Therefore, it is ORDERED:

1. Lewitt shall comply with his promises to take actions in December 2024 and thereafter as recited above.

2. Lewitt will reimburse the Trustee for the estate's fees and costs incurred dealing with the missing documents and other matters leading to the November 21 hearing, beginning with the events leading up to the filing of the August 27, 2024 email in the record.

3. The Trustee shall deliver a description of the fees and costs to Lewitt and his counsel. If the parties cannot reach agreement within 7 days thereafter, then the Trustee may file the information in the record. Lewitt will have 14 days to file an objection and set a hearing. If there is no objection, the fees and costs shall be deemed accepted and payment shall be made within 14 days thereafter (*i.e.*, on or before 28 days after the cost summary is filed).

4. If Lewitt does not perform as required, then more severe sanctions will follow that could include coercive sanctions beyond monetary repercussions.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Friday, November 22, 2024
(grs)