## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### LONDON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Americore Holdings, LLC, *et al.*,[1] | ) | Case No. 19-61608-grs |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

### RE-NOTICE OF DEPOSITIONS[2]
*(Subpoena Previously Issued Still in Full Force and Effect and is Incorporated by Reference / Date and Time Agreed to by Deponents)*

PLEASE TAKE NOTICE that Carol L. Fox, as Liquidating Trustee ("Trustee"), through undersigned counsel, will take the depositions of **Michael E. Lewitt and Third Friday Total Return Fund, L.P.** under oath on **Tuesday, February 4, 2025 at 11:00 a.m.** at **Nelson Mullins Riley & Scarborough, LLP, 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida, 33394 and via Zoom virtual appearance with a link to be provided by the Court Reporter upon scheduling.** A copy of the Trustee's Subpoenas to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) (Form B2560) is attached.

The deposition may continue from day to day until completed. The deposition is pursuant to Fed. R. Civ. P. 30 will be taken before an officer authorized to record the testimony and will be recorded by this method: Stenographically and by videography.

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

[2] Scheduled pursuant to Doc. No. 2597.

The deposition will be taken before an officer authorized to record the testimony.  The deposition will be taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the applicable Rule of Procedure.

Production:  Michael E. Lewitt and Third Friday Total Return Fund has produced (and permit inspection and copying of) certain of the documents, electronically stored information, or objects described on the Schedule "A" of each of the attached Subpoenas to Testify at a Deposition in a Bankruptcy Case(or Adversary Proceeding) on December 9, 2024.  **Any remaining responsive documents that may be missing from such production are to be produced by no later than Wednesday, January 15, 2025** via e-mail or other electronic means to Frank P. Terzo, frank.terzo@nelsonmullins.com.

**DATED**: December 11, 2024

NELSON MULLINS RILEY & SCARBOROUGH LLP

100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Ph. 954-764-7060 | Fax 954-761-8135

*/s/ Frank P. Terzo*
Frank P. Terzo
Florida Bar No. 906263
Frank.Terzo@nelsonmullins.com

*Special Counsel for Carol Fox, Liquidating Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on December 11, 2024, by electronic transmission through the Court's CM/ECF system upon all Filing Users accepting Notice of Electronic Filing.

*/s/ Frank P. Terzo*
Frank P. Terzo

2

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Eastern _ District of _ Kentucky _____

In re _ Americore Holdings, LLC, et al.,* _____
                              Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _19-61608-grs_____

Chapter _11_____

_____
                              Plaintiff
                        v.
_____
                              Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _ Michael E. Lewitt _____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Nelson Mullins Riley & Scarborough LLP<br>2 South Biscayne Blvd., 21st Floor<br>Miami, FL  33131 | DATE AND TIME<br>Thursday, October 10, 2024 at<br>11:00 a.m. |
|---|---|

The deposition will be recorded by this method:

Stenographically and by videography

☑ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.  Production is commanded by Friday, October 4, 2024 at 5:00 p.m. Eastern Time.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _09/12/2024_____

                    CLERK OF COURT

                                    OR

_____                    /s/ Gary M. Freedman_____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_Carol Fox, Chapter 11 Trustee_____, who issues or requests this subpoena, are:

Gary M. Freedman, Nelson Mullins Riley & Scarborough LLP, 21st Floor, Miami, FL 33131, 305-373-9400, gary.freedman@nelsonmullins.com; and Frank P. Terzo, Nelson Mullins Riley & Scarborough LLP, 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida, 954-764-7060, frank.terzo@nelsonmullins.com.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* Michael E. Lewitt _____

on *(date)* 09/12/2024 .

☑ I served the subpoena by delivering a copy to the named person as follows: via email to counsel for Michael E. Lewitt:

Michael J. Gartland, mgartland@dlgfirm.com and Bart Houston, bhouston@thehoustonfirm.com. **

_____ on *(date)* 09/12/24 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 40.00*** .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 09/12/2024

/s/ Linnea Hann
_____
*Server's signature*

Linnea Hann, Paralegal
_____
*Printed name and title*

Nelson Mullins Riley & Scarborough, LLP
P.O. Box 11070, Columbia, SC 29211
_____
*Server's address*

Additional information concerning attempted service, etc.:

*The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766).

**Counsel is served pursuant to the request of the witness.

***The witness fee check will be sent under separate cover.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding)(Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

For purposes of responding to this subpoena *duces tecum* for deposition, the following definitions shall apply.

A.     "**You**" and "**Your**" means **Michael E. Lewitt** and includes any and all of his agents, attorneys, accountants and representatives.

B.     "**Debtors**" means Americore Holdings, LLC (0115) ("Americore Holdings"); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283) ("Ellwood Hospital"); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766) ("SAHC#1"), the Debtors in the above-referenced chapter 11 bankruptcy case and shall include shall include their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns, and their owners, officers, directors, shareholders, managers, members, employees, agents, representative, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns.

C.     "Trustee" shall mean Carol L. Fox, Trustee for the Chapter 11 bankruptcy case of the Debtors, Americore Holdings, LLC et al. (including the entities listed in Footnote 1 and paragraph B above).

D.     "**Trustee**" shall mean Carol L. Fox, Trustee for the Chapter 11 bankruptcy case of the Debtors, Americore Holdings, LLC et al. (including the entities listed in Footnote 1 and paragraph B above).

E.      "**Affiliate**" includes (a) any entity whose outstanding interests are directly or indirectly owned, controlled, or held by you or by an entity that directly or indirectly owns, controls, or holds the interests of you, (b) any entity that directly or indirectly owns, controls, or holds the interests of you, (c) any entity whose business or substantially all of whose property is operated under a lease or operating agreement by you that operates the business or substantially all of the property of you under a lease or operating agreement, (d) any entity that directly or indirectly controls, is controlled by, or is under common control with another entity, (e) any entity that either directs or causes the direction of management or policies or you, indirectly or directly, (f) any entity that you direct or cause the direction of management or policies, indirectly or directly, (g) an entity related to you by a familial relationship, (h) parents, or (i) subsidiaries

F.      "**Communications**" shall include any correspondence, oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

G.      "**Concerning**" shall mean, directly or indirectly, concerning, regarding, relating to, referring to, reflecting, mentioning, describing, pertaining to, and/or arising out of or in connection with or in any way legally, logically, or factually being connected with the matter discussed.

H.      "**Documents**" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded or stored, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "Documents" shall include correspondence (including e-mail, electronic message,

2

letters, telegrams, telexes, and mailgrams), communications, memoranda (including inter-office

and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations,

including meetings, invoices, reports, receipts and statements of account, ledgers, notes or

notations), notes or memorandum attached to or to be read with any Document, booklets, books,

drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings,

computer programs, printouts, data cards, studies, analysis and other data compilations from which

information can be obtained.  Copies of Documents, which are not identical duplications of the

originals or that contain additions to or deletions from the originals or copies of the originals if the

originals are not available, shall be considered to be separate documents.

I.      **"Documents"** shall also include all electronically stored information (hereinafter

"ESI") including but not limited to computer generated information or data of any kind, stored in

or on any storage media located on computers, file servers, disks, tape or other real or virtualized

devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging,

chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g., Lotus

Domino .NSF or Microsoft Exchange .EDB), Word Processed Documents (e.g., Word or

WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets),

Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile

Files (e.g., .PDF, .TIFF, .JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video

and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data,

SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and

Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary

Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network

Access and Server Activity Logs, Project Management Application Data, Computer Aided

Design/Drawing Files; and Backup and Archival Files (e.g., Veritas, Zip, .GHO). Your search for

3

ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary software and inactive or unused computer disc storage areas. The meaning of "Documents" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure, but is not intended and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond that required by the Federal Rules of Civil Procedure.

J.      "**Entity**" includes an individual, corporation (including a limited liability corporation), partnership (including a general partnership, limited liability partnership, and a limited partnership), estate, or trust.

K.      "**Request**" or "**Requests**" means the Document Requests listed below.

L.      As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall <u>not</u> be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

M.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

N.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall <u>not</u> be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

O.      If You assert that any document called for by a request is protected against disclosure on the grounds of the attorney work product doctrine or by the attorney-client privilege,

4

or any other assertion of privilege, You must provide the following information with respect to such document:

1.   the name and capacity of the person or persons who prepared the documents;

2.   the name and capacity of all addresses or recipients of the original or copies thereof;

3.   the date, if any, borne by the document;

4.   a brief description of its subject matter and physical size;

5.   the source of the factual information from which such document was prepared; and

6.   the nature of the privilege claimed.

P.   You must produce all documents within your possession, care, custody or control that are responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

Q.   All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

R.   Production of electronically stored information (ESI) or any electronically stored data shall be in native format or another electronic format that does not diminish the accessibility or searchability of the information.

S.   Each hard copy document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the

5

Request to which they are responsive. If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced

T.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the entities to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with respondents' name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

U.      If you at any time had possession, custody or control of a document called for under these requests and if such document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

V.      Unless stated otherwise, the request is for documents not previously provided or dated after the last subpoena through the present.


### ESI—Electronically Stored Information

ESI should be produced in its native electronic form (in the format in which it was originally created with all metadata intact).  When producing ESI:

4856-9335-1907 v.4

- For electronic mail systems Microsoft Outlook, IBM Lotus Domino/Notes, and Novell GroupWise, provide all responsive emails and, if applicable, e-mail attachments and any related Documents, in their respective mail container format (i.e.,.PST or .EDB for Outlook, NSF for Lotus Domino / Notes).

- For all other email systems including but not limited to Gmail, Yahoo! Mail, AOL, MSN, and other IMAP or POP based email servers, provide all responsive emails and, if applicable, email attachments and any related documents in multi-mail container files (.PST).

- To the extent any ESI requires redaction prior to production, said ESI should be produced .pdf format.

- To the extent any ESI, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said ESI should be provided in Image (near-paper) format (i.e., .PDF files).

- To the extent any ESI is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (Doc ID) of the corresponding password protected native file.

**PLEASE BRING WITH YOU:**

1.      All financial statements, inventories and schedules reflecting your assets, liabilities, income and net worth, whether prepared by yourself or on your behalf, since January 1, 2020, up to and including the date of the taking of your deposition.

2.      With respect to any account in any bank, savings and loan association, or other financial institution (whether foreign or domestic), maintained in your name or in which you have any interest of any nature, since January 1, 2020, you are to bring with you all statements, passbooks, ledger sheets, account cards, and other written instruments reflecting the nature of Your interest, and the extent and amount thereof at all times from January 1, 2020, up to and including the date of the taking of the deposition.

3.      All Documents reflecting records, including canceled checks, withdrawal or deposit slips, regarding any savings or checking account in which your name has not appeared, but with respect to which you either withdrew, or deposited money at any time from January 1, 2020, up to the date of the taking of the deposition.

4.      All insurance policies in which you have an interest in any nature.

5.      All Documents evidencing, showing, reflecting or relating to all safety deposit boxes in which property owned by you, or in which you have an interest has been stored at any time since January 1, 2020, such records to include all documents that indicate the name and address of the institution where maintained and the schedule of contents thereof beginning January 1, 2020, up to the date of the taking of the deposition.

6.      All Documents reflecting records of all charge accounts maintained by you or in your name, or in which you have or have had an interest at any time from January 1, 2020, up to the date of your deposition, including credit cards.

4856-9335-1907 v.4

7.      All Documents evidencing, showing, reflecting or relating to all real property in which you have an interest of any kind or nature at any time and the nature and present status of that interest, whether such property be located within or without the United States of America, and whether or not record title to such property has been in your name, or in any other name or names, including, but not limited to, deeds, mortgages, leases and trust agreements pertaining to such interest.

8.      Pleadings and other documents pertaining to all claims and/or interest presently asserted or previously asserted by you in all legal proceedings, foreign or domestic from January 1, 2020 to date.

9.      True and correct copies of all federal income tax returns and all attached schedules) and all other tax returns (tangible or intangible) filed by you or on your behalf in the years 2020 to date, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country.

10.     All Documents pertaining to all stocks, bonds, or commodities brokerage accounts maintained by you or in which you have an interest from January 1, 2020, up to the date of the taking of the deposition including, but not limited to, monthly statements of account and customer confirmation slips (notifications of purchase or sale).

11.     A schedule of all stocks, bonds, and other securities in which you have an interest or have had an interest of any kind, nature or character from January 1, 2020, to the date of the taking of the deposition, and also, all stock certificates, bonds and other securities or certificates representing an interest, beneficial or otherwise, in any partnership, trust, or corporation.

12.     All Documents evidencing, showing, reflecting or relating to all persons or entities which owe you any money and the amounts thereof, and the dates of such indebtedness and the nature thereof.

4856-9335-1907 v.4

13.    All journals of account, all general ledgers, all subsidiary ledgers, cash disbursements journals, receipt journals, stock transfer books, real and personal property ledgers, tax returns , inventories, financial statements, and all other books of account, work sheets, and accounting Documents from January 1, 2020 to date, of all corporations, limited partnerships, general partnerships, proprietorships, and all other business or income producing ventures in which you have or had any interest since January 1, 2020.

14.    All Documents evidencing, showing, reflecting or relating to all automobiles, boats, airplanes, or other vehicles of transportation in which you have any interest of any kind and nature from January 1, 2020, up to the date of the taking of the deposition and the nature and present status of that interest, whether such vehicles of transportation are located within or without the United States of America, including title and license registration certificates, mortgages, security agreements and mortgage or security payment books pertaining to such interest.

15.    A schedule of all personal property owned by you or in which you have  an interest of any kind (whether legal or beneficial or a combination thereof) at any time from January 1, 2020 up to the date of your deposition; all financial statements and inventories which have been prepared by you or on your behalf pertaining to such personal property and all document showing the nature and status of its interest therein.

16.    A schedule of all interests in personal or real property (whether foreign or domestic) with respect to which you have sold, transferred, deeded, given away or conveyed away any interest of any kind or nature from January 1, 2020, up to the date of the taking of the deposition, together with all receipts, memoranda and other writings, and documents which would show or tend to show the persons or entities to whom such interests were transferred, the dates of transfer, the consideration, if any, paid by the transferee involved and all other circumstances surrounding said transfers,

17.     All Documents of whatsoever kind or nature which evidence, related to or refer to any probate trust agreement in which you were or are a grantor, trustee, or beneficiary, from January 1, 2020, to date.

18.     All Documents evidencing, relating to, or referring to any mortgages or security interests granted by you, alone or in conjunction with other persons or entities, with respect to any real or personal property in which it has owned any interest from January 1, 2020, to the date of the taking of your deposition.

19.     All Documents evidencing, relating to, or referring to any compensation, including salary, bonuses, gifts, gratuities, or fringe benefits of whatever kind or nature, paid to any person, firm, or other business venture in which you, or have had any interest, from January 1, 2020, to date.

20.     All Documents evidencing, relating to, or referring to your employment from January 1, 2020 to date including, but not limited to, any compensation received from employment or consulting and any employment and/or consulting agreements.

21.     All Documents evidencing, relating to, or referring to all businesses, transactions or business ventures, you have been involved in, inquired about, or made offers for, from January 1, 2020 to date.

22.     All Documents evidencing, relating to, or referring to the disposition of the funds from the sale of your residence located at 6024 Le Lac Road, Boca Raton, Florida.

23.     All Documents evidencing, relating to, or referring to all payments made to any attorney, including retainers, from January 1, 2024 to the date of the taking of your deposition.

24.     All Documents evidencing, relating to, or referring to any sources of income from January 1, 2024 to the date of the taking of your deposition.

11

25.     All Documents evidencing, relating to, or referring to any communications with any third parties relating to any obligations owed to you or any Affiliate including, but not limited to, The Third Friday Total Return Fund, L.P., at any time since January 1, 2022.

26.     If you intend on asserting the Fifth Amendment Privilege against self-incrimination during Your deposition, all documents evidencing, relating to, or referring to any potential threat of criminal prosecution that arose since You last provided testimony regarding Your financial status or any matter relating the documents requested herein (including previously produced documents) and all matters related thereto.

4856-9335-1907 v.4

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ __Eastern__ District of __Kentucky__ _____

In re __Americore Holdings, LLC, et al.,*_____

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __19-61608-grs_____

Chapter __11_____

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The Corporate Representative(s) of The Third Friday Total Return Fund, L.P., with knowledge with respect to (a) its financial affairs and (b) the documents requested on the attached Schedule "A" and the related information contained therein
_____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE Nelson Mullins Riley & Scarborough LLP<br>2 South Biscayne Blvd., 21st Floor<br>Miami, FL 33131 | DATE AND TIME<br>Thursday, October 10, 2024 at<br>11:00 a.m. |
|---|---|

The deposition will be recorded by this method:

Stenographically and by videography

☑ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.  Production is commanded by Friday, October 4, 2024 at 5:00 p.m. Eastern Time.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __09/12/2024_____

CLERK OF COURT

OR

_____                     __/s/ Gary M. Freedman_____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Carol Fox, Chapter 11 Trustee_____ , who issues or requests this subpoena, are:

Gary M. Freedman, Nelson Mullins Riley & Scarborough LLP, 21st Floor, Miami, FL 33131, 305-373-9400, gary.freedman@nelsonmullins.com; and Frank P. Terzo, Nelson Mullins Riley & Scarborough LLP, 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida, 954-764-7060, frank.terzo@nelsonmullins.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* Michael E. Lewitt _____

on *(date)* 09/12/2024 .

☑ I served the subpoena by delivering a copy to the named person as follows: via email to counsel for Third Friday Total
Return Fund, L.P.:  Michael J. Gartland, mgartland@dlgfirm.com and Bart Houston, bhouston@thehoustonfirm.com.**
_____ on *(date)* 09/12/24 _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ 40.00*** _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: 09/12/2024 _____

                                                    /s/ Linnea Hann _____
                                                              *Server's signature*

                                                    Linnea Hann, Paralegal _____
                                                              *Printed name and title*

                                                    Nelson Mullins Riley & Scarborough, LLP
                                                    P.O. Box 11070, Columbia, SC 29211 _____
                                                              *Server's address*


Additional information concerning attempted service, etc.:

*The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in
parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises,
LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood
Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center,
LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital
Corporation # 1 (2766).

**Counsel is served pursuant to the request of the witness.

***The witness fee check will be sent under separate cover.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

For purposes of responding to this subpoena *duces tecum* for deposition, the following definitions shall apply.

A. "**You**" and "**Your**" means **The Third Friday Total Return Fund, L.P.** and includes any and all of his agents, attorneys, accountants and representatives.

B. "**Debtors**" means Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283)(Ellwood Medical Center, LLC, Ellwood Medical Center Real Estate, LLC and Ellwood Medical Center Operations, LLC collectively referred to as "Elwood Hospital or Ellwood City Hospital "); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation # 1 (2766), the Debtors in the above-referenced chapter 11 bankruptcy case and shall include shall include their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns, and their owners, officers, directors, shareholders, managers, members, employees, agents, representatives, attorneys, accountants, affiliates, subsidiaries, predecessors, successors and/or assigns.

C. "**Trustee**" shall mean Carol L. Fox, Trustee for the Chapter 11 bankruptcy case of the Debtors, Americore Holdings, LLC et al. (including the entities listed in Footnote 1 and paragraph B above).

D. "**Affiliate**" includes (a) any entity whose outstanding interests are directly or indirectly owned, controlled, or held by you or by an entity that directly or indirectly owns,

controls, or holds the interests of you, (b) any entity that directly or indirectly owns, controls, or holds the interests of you, (c) any entity whose business or substantially all of whose property is operated under a lease or operating agreement by you that operates the business or substantially all of the property of you under a lease or operating agreement, (d) any entity that directly or indirectly controls, is controlled by, or is under common control with another entity, (e) any entity that either directs or causes the direction of management or policies or you, indirectly or directly, (f) any entity that you direct or cause the direction of management or policies, indirectly or directly, (g) an entity related to you by a familial relationship, (h) parents, or (i) subsidiaries

E.      "**Communications**" shall include any correspondence, oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

F.      "**Concerning**" shall mean, directly or indirectly, concerning, regarding, relating to, referring to, reflecting, mentioning, describing, pertaining to, and/or arising out of or in connection with or in any way legally, logically, or factually being connected with the matter discussed.

G.      "**Documents**" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded or stored, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "Documents" shall include correspondence (including e-mail, electronic message, letters, telegrams, telexes, and mailgrams), communications, memoranda (including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations,

4893-1775-5363 v.4

including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations), notes or memorandum attached to or to be read with any Document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained.  Copies of Documents, which are not identical duplications of the originals or that contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

H.     **"Documents"** shall also include all electronically stored information (hereinafter "ESI") including but not limited to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB), Word Processed Documents (e.g., Word or WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets), Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files; and Backup and Archival Files (e.g., Veritas, Zip, .GHO). Your search for ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases,

electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary

software and inactive or unused computer disc storage areas. The meaning of "Documents" shall

be construed as broadly as permitted by the Federal Rules of Civil Procedure, but is not intended

and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond

that required by the Federal Rules of Civil Procedure.

I.      "**Entity**" includes an individual, corporation (including a limited liability

corporation), partnership (including a general partnership, limited liability partnership, and a

limited partnership), estate, or trust.

J.      "**Request**" or "**Requests**" means the Document Requests listed below.

K.      As used herein, the conjunctions "and" and "or" shall be interpreted in each

instance as meaning "and/or" so as to encompass the broader of the two possible constructions,

and shall <u>not</u> be interpreted disjunctively so as to exclude any information or documents otherwise

within the scope of any Request.

L.      When appropriate, the singular form of a word should be interpreted in the plural

as may be necessary to bring within the scope hereof any documents which might otherwise be

construed to be outside the scope hereof.

M.      Any pronouns used herein shall include and be read and applied as to encompass

the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and

shall <u>not</u> be interpreted so as to exclude any information or documents otherwise within the scope

of the Request.

N.      If You assert that any document called for by a request is protected against

disclosure on the grounds of the attorney work product doctrine or by the attorney-client privilege,

or any other assertion of privilege, You must provide the following information with respect to

such document:

4893-1775-5363 v.4

1.   the name and capacity of the person or persons who prepared the documents;

2.   the name and capacity of all addresses or recipients of the original or copies thereof;

3.   the date, if any, borne by the document;

4.   a brief description of its subject matter and physical size;

5.   the source of the factual information from which such document was prepared; and

6.   the nature of the privilege claimed.

O.   You must produce all documents within your possession, care, custody or control that are responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

P.   All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

Q.   Production of electronically stored information (ESI) or any electronically stored data shall be in native format or another electronic format that does not diminish the accessibility or searchability of the information.

R.   Each hard copy document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive. If any document is produced in redacted form, state with

8

particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced

S.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the entities to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with respondents' name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

T.      If you at any time had possession, custody or control of a document called for under these requests and if such document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

U.      Unless stated otherwise, the time period for the request is from January 1, 2018 to the present.

### ESI—Electronically Stored Information

ESI should be produced in its native electronic form (in the format in which it was originally created with all metadata intact).  When producing ESI:

- For electronic mail systems Microsoft Outlook, IBM Lotus Domino/Notes, and Novell GroupWise, provide all responsive emails and, if applicable, e-mail attachments and any related Documents, in their respective mail container format (i.e.,.PST or .EDB for Outlook, NSF for Lotus Domino / Notes).

9

- For all other email systems including but not limited to Gmail, Yahoo! Mail, AOL, MSN, and other IMAP or POP based email servers, provide all responsive emails and, if applicable, email attachments and any related documents in multi-mail container files (.PST).

- To the extent any ESI requires redaction prior to production, said ESI should be produced .pdf format.

- To the extent any ESI, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said ESI should be provided in Image (near-paper) format (i.e., .PDF files).

- To the extent any ESI is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (Doc ID) of the corresponding password protected native file.

**PLEASE BRING WITH YOU:**

1.      All financial statements, inventories and schedules reflecting your assets, liabilities, income and net worth, whether prepared by yourself or on your behalf, from January 1, 2020, up to and including the date of the taking of your deposition.

2.      With respect to any account in any bank, savings and loan association, or other financial institution (whether foreign or domestic), maintained in your name or in which you have any interest of any nature, since January 1, 2020, you are to bring with you all statements, passbooks, ledger sheets, account cards, and other written instruments reflecting the nature of Your interest, and the extent and amount thereof at all times from January 1, 2020, up to and including the date of the taking of the deposition.

3.      All Documents reflecting records, including canceled checks, withdrawal or deposit slips, regarding any savings or checking account in which your name has not appeared, but with respect to which you either withdrew, or deposited money at any time from January 1, 2020, up to the date of the taking of the deposition.

4.      All insurance policies in which you have an interest in any nature.

4893-1775-5363 v.4

5.      All Documents reflecting a list of records of all safety deposit boxes in which property owned by you, or in which you have an interest has been stored at any time since January 1, 2020, such records to include all documents that indicate the name and address of the institution where maintained and the schedule of contents thereof beginning January 1, 2020, up to the date of the taking of the deposition.

6.      All Documents reflecting records of all charge accounts maintained by you or in your name, or in which you have or have had an interest at any time from January 1, 2020, up to the date of your deposition, including credit cards.

7.      All Documents evidencing, showing, reflecting or relating to all real property in which you have an interest of any kind or nature at any time and the nature and present status of that interest, whether such property be located within or without the United States of America, and whether or not record title to such property has been in your name, or in any other name or names, including, but not limited to, deeds, mortgages, leases and trust agreements pertaining to such interest.

8.      All reports and other writings provided to Your limited partners or investors from January 1, 2020, up to the date of your deposition.

9.      Pleadings and other documents pertaining to all claims and/or interest presently asserted or previously asserted by you in all legal proceedings, foreign or domestic from January 1, 2020 to date.

10.     True and correct copies of all federal income tax returns and all attached schedules) and all other tax returns (tangible or intangible) filed by you or on your behalf in the years 2020 to date, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country.

4893-1775-5363 v.4

11.     All Documents pertaining to all stocks, bonds, or commodities brokerage accounts maintained by you or in which you have an interest from January 1, 2020, up to the date of the taking of the deposition including, but not limited to, monthly statements of account and customer confirmation slips (notifications of purchase or sale).

12.     A schedule of all stocks, bonds, and other securities in which you have an interest or have had an interest of any kind, nature or character from January 1, 2020, to the date of the taking of the deposition, and also, all stock certificates, bonds and other securities or certificates representing an interest, beneficial or otherwise, in any partnership, trust, or corporation.

13.     All Documents evidencing, showing, reflecting or relating to all persons or entities which owe you any money and the amounts thereof, and the dates of such indebtedness and the nature thereof.

14.     All journals of account, all general ledgers, all subsidiary ledgers, cash disbursements journals, receipt journals, stock transfer books, real and personal property ledgers, tax returns , inventories, financial statements, and all other books of account, work sheets, and accounting Documents from January 1, 2020 to date, of all corporations, limited partnerships, general partnerships, proprietorships, and all other business or income producing ventures in which you have or had any interest since January 1, 2019.

15.     All Documents evidencing, showing, reflecting or relating to all automobiles, boats, airplanes, or other vehicles of transportation in which you have any interest of any kind and nature from January 1, 2020, up to the date of the taking of the deposition and the nature and present status of that interest, whether such vehicles of transportation are located within or without the United States of America, including title and license registration certificates, mortgages, security agreements and mortgage or security payment books pertaining to such interest.

4893-1775-5363 v.4

16.     A schedule of all personal property owned by you or in which you have  an interest of any kind (whether legal or beneficial or a combination thereof) at any time from January 1, 2020 up to the date of your deposition; all financial statements and inventories which have been prepared by you or on your behalf pertaining to such personal property and all document showing the nature and status of its interest therein.

17.     A schedule of all interests in personal or real property (whether foreign or domestic) with respect to which you have sold, transferred, deeded, given away or conveyed away any interest of any kind or nature from January 1, 2020, up to the date of the taking of the deposition, together with all receipts, memoranda and other writings, and documents which would show or tend to show the persons or entities to whom such interests were transferred, the dates of transfer, the consideration, if any, paid by the transferee involved and all other circumstances surrounding said transfers,

18.     All Documents of whatsoever kind or nature which evidence, related to or refer to any probate trust agreement in which you were or are a grantor, trustee, or beneficiary, from January 1, 2020, to date.

19.     All Documents evidencing, relating to, or referring to any mortgages or security interests granted by you, alone or in conjunction with other persons or entities, with respect to any real or personal property in which it has owned any interest from January 1, 2020, to the date of the taking of your deposition.

20.     All Documents evidencing, relating to, or referring to any compensation, including salary, bonuses, gifts, gratuities, or fringe benefits of whatever kind or nature, paid to any person, firm, or other business venture in which you, or have had any interest, from January 1, 2020, to date.

4893-1775-5363 v.4

21.    All Documents evidencing, relating to, or referring to all businesses, transactions or business ventures, you have been involved in, inquired about, or made offers for, from January 1, 2020 to date.

22.    All Documents evidencing, relating to, or referring to the current status of any claims against You including, but not limited to, and lawsuits that have been pending since January 1, 2023.

23.    All Documents evidencing, relating to, or referring to all payments made to any attorney, including retainers, from January 1, 2024 to the date of the taking of your deposition.

24.    All Documents evidencing, relating to, or referring to any communications with any third parties relating to any obligations owed to You at any time since January 1, 2022.

25.    If you intend on asserting the Fifth Amendment Privilege against self-incrimination during Your deposition, all documents evidencing, relating to, or referring to any potential threat of criminal prosecution that arose since You last provided testimony regarding Your financial status or any matter relating the documents requested herein (including previously produced documents) and all matters related thereto.

4893-1775-5363 v.4